**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAYON PAYNE,
     Plaintiff,

V.                                                                    Case No.:   6:25-cv-00615

LISA T. MUNYON, ET AL
     Defendants

---

EXHIBITS IN SUPPORT OF AMENDED COMPLAINT

*(Civil Rights Action – 42 U.S.C. § 1983, § 1985, and Supremacy Clause Claims)*

---

Date: 4/17/2025

Respectfully submitted,

/s/ Rayon Payne

_____

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

**EXHIBIT PAGE 1**

EXHIBIT INDEX

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| A | Plaintiff's Motion to Dismiss filed in Diaz v. Payne (2019-CA-008025-O) | 3 |
| B | Order Denying Motion to Dismiss in Diaz v. Payne | 31 |
| C | Plaintiff's Motion for Final Judgment in Diaz v. Payne | 34 |
| D | Order on Motion for Final Judgment | 47 |
| E | Amended Final Judgment Order | 51 |
| F | Appellate Court Affirmance in Diaz v. Payne (6D23-1554) | 54 |
| G | Transcript from Hearing in Payne v. LaRue et al. (2024-CA-007719) | 57 |
| H | Plaintiff's Motion for Clarification in Payne v. Starr et al. | 86 |
| I | Order Denying Clarification in Payne v. Starr et al. | 113 |
| J | Transcript from Hearing in Payne v. Amaral et al. (2024-CA-009448) | 116 |
| K | Florida Supreme Court Non-Dispositional Order (SC2025-0317) | 143 |
| L | Motion to Stay Proceedings Below (Filed in SC2025-0317) | 145 |
| M | Motion to Strike Unauthorized Appearances (Filed in SC2025-0317) | 154 |
| N | Three Sixth DCA Orders in March 2025 (6D2025-0215, 0386, 0103) | 163 |
| O | California Court Order Granting DVRO Without Notice or Service | 167 |
| P | Proxy Filing by Defendant LaRue – Documented unauthorized filing submitted into the judicial inquiry after LaRue was withdrawn as counsel. | 176 |
| Q | Order Denying Judicial Inquiry Motion – Issued by Judge Eric Netcher in Case No. 2019-CA-008025. | 204 |
| R | Exhibit R – April 15, 2025 Florida Supreme Court Order Official denial of Plaintiff's amended all-writs petition. | 207 |

**EXHIBIT PAGE 2**

# EXHIBIT A

**EXHIBIT PAGE 3**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,

    Plaintiff,

V.                                  CASE NO: 2019-CA-8025-O

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT APP.

    Defendant.

_____/

## MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Florida Rule of Civil Procedure 1.140(b), Defendant RAYON SHERWIN PAYNE d/b/a FOLKSALERT APP. ("Defendant"), seek dismissal of Plaintiff JERMAINE CARLOS DIAZ Complaint ("Complaint"). The Complaint fails as a matter of law because Plaintiff did not provide sufficient pre-suit notice in accordance with Florida Statutes. Grounds for this Motion are set forth below:

### INTRODUCTION

In this action, Plaintiff attempts to sue Defendant for defamation related to post made to the Folksalert App Youtube page. Regardless of the tenuous nature of Plaintiff's defamation claim, he failed to provide sufficient notice to Defendant specifying the alleged factual mistakes it made. Plaintiff's failure to provide proper notice was not a mere technical defect but a fatal flaw requiring dismissal of the Complaint.

1

**EXHIBIT PAGE 4**

## FACTS

1. Defendant began his media career in the Central Florida area in 1998 when he founded the unlicensed radio station 95LIVE which broadcasted on 95.9FM.

2. Defendant hosted a talk show called the "Afternoon Crash" and his radio tenure with 95LIVE has been covered extensively by other media outlets such as WFTV, Orlando Weekly and the Orlando Sentinel.

3. In 2003 as a result of Defendant activities and involvement with his unlicensed radio station the FCC brought charges against him and he was subsequently sentenced to federal prison for 9 months. See attached FCC press release as exhibit (1).

4. In 2004 the Defendant purchase "MyspaceRadio.com" to continue his radio broadcast aspiration by starting an online radio station and registered the company Myspace Radio, LLC with the state of Florida.

5. On November 14, 2011 Defendant was served with notice from "Myspace, LLC" via National Arbitration Forum ("Domain Dispute") and subsequently lost the domain to "Myspace, LLC" base of the finding by the National Arbitration Forum. See attached exhibit (2).

6. In 2007 the Defendant founded "Folksalert.com" and registered the domain on January 23, 2011.

7. Since its inception "Folksalert" has been a blog and Defendant a blogger in the context of "other medium" which has focused on Human Trafficking news, and all aspect of the Pimp and Prostitute subculture from music about the lifestlye.

2

**EXHIBIT PAGE 5**

8. The brand "Folksalert" has went from blog website to a mobile app with streaming music, podcast episodes, and streaming video.

9. At all times Defendant's actions up to this point is well consistent with being a media entity providing information with special interest to the public.

10. Defendant has conducted interviews with individuals in all areas of the Human Trafficking debate from Mayank Kejriwal a computer scientist who developed AI architecture called "DIG" that helps law enforcement crack down on trafficking activity, to interview with convicted Sex Trafficker and Sex Offernder Jermaine Carlos Diaz aka Young Lace who spoke openly about his pimp activites and who is ironically the Plaintiff in this case.

11. Defendant Folksalert App. database is maintained on the "Folksalert.com" website.

12. Defendant has released two albums "Gorilla Pimping" and "Gorilla Exploratory" which is a compilation of exclusive interviews and music.

13. Defendant is no different than any other "media defendant" company or individuals who create media content for the public and maintain social media pages such as "YouTube", "Twitter", "Instagram" and "Facebook" to post content to reach a wider audience.

14. Defendant host the "Folksalert Podcast" is available in the "Folksalert App" and all major podcast platform such as iTunes, Google Play, iHeartRadio, Tunein, Amazon, Luminary just to name a few. See attached exhibit (3)

15. The "Folksalert App" is available in the "iTunes and Google Play" App Store. See attached exhibit (4)

3

**EXHIBIT PAGE 6**

## LEGAL ARGUMENT

16. When considering a motion to dismiss, this Court must take the facts alleged in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. Where, as here, the complaint fails to allege facts sufficient to state a claim for relief or is deficient as a matter of law, it should be dismissed.

17. Importantly, cases involving First Amendment rights, such as this one, are particularly suited for motions to dismiss. Pretrial disposition in First Amendment cases is especially appropriate "because of the chilling effect these cases have on freedom of speech." **_Stewart v. Sun Sentinel Co.,_ 695 So. 2d 360, 363 (Fla. 4th DCA 1997)**. Moreover, the Florida Legislature recently amended the Strategic Lawsuits Against Public Participation (known as "SLAPP" lawsuits) statute to try to deter people from filing exactly this type of lawsuit: a meritless complaint that targets the free speech rights of bloggers. § 768.295, Fla. Stat. To facilitate the "expeditious resolution" of such lawsuits, Florida's anti-SLAPP law provides for mandatory fee- shifting in the event a lawsuit fails to survive any dispositive motion. Id. at § 768.295(4). This is exactly the type of "SLAPP" lawsuit the new law was designed to address, and it should be dismissed expeditiously.

18. Section 770.01 of the Florida Statutes contains a five-day notice provision that must be fulfilled before commencing a defamation action against a media defendant. To provide proper notice in compliance with Section 770.01, Plaintiff needed to serve a written notice, "specifying the article . . . _and the statements therein_ . . . allege[d] to be false and defamatory. § 770.01, Fla. Stat. (emphasis added); see also § 770.02, Fla. Stat. (limiting damages in a defamation action when a media defendant issues a correction, apology or

4

**EXHIBIT PAGE 7**

retraction). Compliance with Section 770.01's notice provision is so important that it has been construed as a *jurisdictional* condition precedent to filing suit. ***Davies v. Bossert, 449 So. 2d 418, 419 (Fla. 3d DCA 1984)*** (compliance with Section 770.01 "is a jurisdictional condition precedent to the right to maintain [an] action" for defamation). See also ***Ross v. Gore, 48 So. 2d 412, 415 (Fla. 1950)*** (the giving of proper notice is a condition precedent to bringing suit); ***Comins v. VanVoorhis, 135 So. 3d 545, 550 (Fla. 5th DCA 2014)*** (Section 770.01 is a condition precedent to suit); ***Gifford v. Bruckner, 565 So. 2d 887, 888 n.1 (Fla. 2d DCA 1990)*** ("one cannot satisfy the statute by providing notice subsequent to filing the complaint").

19. By jurisdictionally mandating that media defendants receive written notice specifying any false and defamatory statements in their publications and the concomitant opportunity to retract or correct such statements in their publications, these provisions facilitate the timely reporting of the news and free media outlets to publish without having to be unduly concerned about potential lawsuits. As the Florida Supreme Court has explained:

> In the free dissemination of news . . . and fair comment thereon, hundreds and thousands of news items and articles are published daily and weekly in our newspapers and periodicals. This court judicially knows that it frequently takes a legal tribunal months of diligent searching to determine the facts of a controversial situation. When it is recalled that a reporter is expected to determine such facts in a matter of hours or minutes, it is only reasonable to expect that occasional errors will be made. Yet, since the preservation of our American democracy depends upon the public's receiving information speedily – particularly upon getting news of pending matters while there still is time for public opinion to form and be felt – it is vital that no unreasonable restraints be placed upon the working news reporter or the editorial writer. This opportunity, given by the statute, to correct inadvertent errors prior to suit is, in our opinion, no more than fairly and justly commensurate with the opportunity to make errors.
> ***Ross, 48 So. 2d at 415-16.***

5

**EXHIBIT PAGE 8**

20. Thus, Section 770.01 (notice) and 770.02 (retraction) grant valuable rights to media defendants by allowing them to avoid punitive damages with the timely publication of a correction, apology or retraction. The ability to print a retraction is wholly "dependent upon first receiving notice of the alleged defamatory statement as required by Section 770.01." *Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1377 (Fla. 4th DCA 1997). That is why Section 770.01 mandates that a plaintiff serve notice of the *specific* statements alleged to be false and defamatory *before* filing a defamation action. *Gannett Fla. Corp. v. Montesano, 308 So. 2d 599 (Fla. 1st DCA 1975).*

21. These statutes provide the media an early tool to determine precisely the statements that a plaintiff alleges to be false and defamatory. In essence, the statutes guarantee the media the opportunity to conduct a meaningful review of the specific statements alleged to be false and defamatory so that it can evaluate such statements and make a reasoned determination whether to correct any errors. By requiring that the notice be given pre-suit, the statutes provide a mechanism for the media to mitigate damages and hopefully avoid costly litigation. See *Nelson v. Associated Press, Inc., 667 F. Supp. 1468, 1475 (S.D. Fla. 1987).*

22. In order to comply with Section 770.01's requirements, a Plaintiff must *specify with particularity* the statements within the challenged publication alleged to be false and defamatory. *Adams v. News-Journal Corp., 84 So. 2d 549, 553 (Fla. 1995) (Thornal, J. special concurring opinion)*;3 see also *Nelson, 667 F. Supp. at 1474* (requiring the best possible notice under Section 770.01).

6

**EXHIBIT PAGE 9**

23. Merely asserting that a media Defendant has published false statements about the Plaintiff is not enough to satisfy Section 770.01's precise requirements. For example, in Montesano, the court found plaintiff's Section 770.01 notice, which attached an article and claimed that the article was false and defamatory because it "imputed a crime" to the plaintiff was insufficient because it did not specifically identify the false and defamatory statements.

### *Plaintiff Cannot Cure His Failure To Comply With Section 770.01.*

24. As discussed above, compliance with Section 770.01 is a jurisdictional condition precedent to the very filing of Plaintiff's lawsuit. Therefore, if a Plaintiff has not served notice in accordance with Section 770.01, then no cause of action exists at the time of filing the complaint. ***Orlando Sports Stadium, 316 So. 2d at 610. The court in Orlando Sports Stadium*** explained:

> A cause of action must exist and be complete before an action can be commenced or, as sometimes stated, the existence or non-existence of a cause of action is commonly dependent upon the state of facts existing when the action was begun. As a general rule the plaintiff may not be permitted to cure the defect of non- existence of a cause of action when suit was begun, by amendment of his pleadings to cover subsequently accruing rights.

Id. As such, a plaintiff may not cure a deficiency in a Section 770.01 notice by amendment of the pleadings. Id. Instead, the proper remedy is dismissal with leave to *refile*. Gifford, 565 So. 2d at 888 n.1.

### *Plaintiff's Remaining Claims Are Moot*

25. In addition to his defamation claim, Plaintiff also brought claims for Tortious Interference (count VII, VIII), claims, are premised upon the same allegedly false and defamatory statements that give rise to Plaintiff's defamation claim.

7

**EXHIBIT PAGE 10**

26. Plaintiff's Interception of Communication In Violation of Florida Security Of Communications Act - Fla. Stat. 934.10 (count VI) and Plaintiff remaining claim Injunction For Protection Against Cyberstalking (count IX) this claim give rise to Plaintiff's defamation claim. See Compl. 14 through 43 (incorporating same allegations as defamation claim)

27. Because these claims arise from the same operative facts as the defamation claim, they must be dismissed per Florida's long-standing single action rule.

28. In Florida, the "single action rule" provides that the publication of allegedly false and defamatory material gives rise to but a single cause of action—defamation. *Fridovich v. Fridovich,* 598 So. 2d 65, 70 (Fla. 1992); see also *Ovadia v. Bloom,* 756 So. 2d 137, 140-41 (Fla. 3d DCA 2000) (noting the single action rule "does *not* permit multiple actions to be maintained when they arise from the same publication upon which a failed defamation claim is based") (emphasis in original). The purpose of the single action rule is to ensure that a plaintiff does not use alternative tort claims to evade the requirements of defamation law, including to circumvent the two-year statute of limitations or avoid pre-suit notice requirements, by re-describing a defamation action as another tort. *Fridovich,* 598 So. 2d at 69-70; *Orlando Sports Stadium,* 316 So. 2d at 609 (single action rule precludes interference claims premised upon allegedly defamatory statements for which no pre-suit notice was supplied).

29. The rule prevents litigants from making an end run around the privileges, protections, and defenses available in defamation actions by simply renaming their defamation claims as some other tort. *Orlando Sports Stadium,* 316 So. 2d at 609; see also *Callaway Land &*

8

**EXHIBIT PAGE 11**

*Cattle Co. v. Banyon Lakes C. Corp., 831 So. 2d 204, 208 (Fla. 4th DCA 2002)* ("The rule is designed to prevent plaintiffs from circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm" (citation omitted)). Put simply, to the extent that a claim overlaps with defamation, it must be treated as a defamation claim.

30. Here, the same set of operative facts are alleged in support of Plaintiff's defamation, tortious interference and injunction claims and therefore the latter are treated as if they were defamation claims, subject to the same conditions, elements, privileges, and defenses applicable in the law of defamation. See *Seminole Tribe v. Times Publ'g Co., 780 So. 2d 310, 318 (Fla. 4th DCA 2001)* (opining that tortious interference should not be used as an "end run" around defamation privileges and protections). Because Plaintiff's defamation claim fails, his remaining claims fails too and should be dismissed. See *Callaway 831 So. 2d at 207-08* (affirming dismissal of tortious interference claim based on the same operative facts as time-barred injurious falsehood claim); *Ovadia, 756 So. 2d at 140-41* (affirming summary judgment on time-barred defamation claim and duplicative interference claims).

### Defendant is Entitled to Fees and Costs
### Pursuant to Florida's Anti-SLAPP law.

31. Florida's anti-SLAPP law prohibits anyone from bringing a lawsuit (a) that is "without merit," and (b) because the Defendant "has exercised the constitutional right of free speech in connection with a public issue," which the statute defines as any written or oral statement "made in or in connection with a . . . news report, or other similar work." § 768.295(2)(a), (3), Fla. Stat. Florida prioritizes the "expeditious resolution" of

9

**EXHIBIT PAGE 12**

anti-SLAPP motions and instructs that "[t]he court shall award the prevailing party reasonable attorneys' fees and costs incurred in connection with a claim that an action was filed in violation of this section." Id. § 768.295(4). "Effective anti-SLAPP statutes" exist to "make it easier and cheaper to terminate such lawsuits at early stages." Samuel Morley, Florida's Expanded Anti-SLAPP Law: More Protection for Targeted Speakers, 90 Fla. B.J. 17-18 (Nov. 2016).

32. This case meets both requirements of Florida's anti-SLAPP law. First, as detailed above, Plaintiff's lawsuit is "without merit." § 768.295(3), Fla. Stat. Second, this lawsuit arises out of Defendant's exercise of its "constitutional right of free speech in connection with a public issue, id., because the challenged publication constitutes a "written or oral statement that is protected under applicable law" and was "made in or in connection with" an "audiovisual work . . . news report, or other similar work." Id. § 768.295(2)(a). Under the anti-SLAPP law, an award of reasonable attorneys' fees and costs is mandatory in these circumstances. Id. § 768.295(4).

## CONCLUSION

33. Plaintiff did not provide sufficient notice prior to initiating the instant lawsuit. This failure is fatal to his defamation claim because compliance with Section 770.01's notice requirement is a jurisdictional condition precedent to the filing of suit and cannot be cured once the lawsuit is filed or by amendment of the pleadings. Additionally, because Plaintiff's remaining claims are based on the same allegedly false and defamatory statements, they are indistinguishable from the defamation claim and must be treated the

10

**EXHIBIT PAGE 13**

same way. As such, Plaintiff's claims are barred for failure to comply with Section 770.01.

WHEREFORE, Defendant RAYON SHERWIN PAYNE d/b/a FOLKSALERT App. respectfully requests that the Court dismiss the Complaint with prejudice and award attorneys' fees and costs pursuant to Section 768.295, Florida Statutes.

Respectfully submitted,

RAYON SHERWIN PAYNE, PRO SE

8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 646-543-6557
Email: info@folksalert.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the Florida Courts E-Filing Portal this 16th day of July, 2019, to: ERIC P. LARUE II, 501 S. New York Ave. Winter Park Fl 32789.

RAYON SHERWIN PAYNE, PRO SE

11

**EXHIBIT PAGE 14**

Exhibit #1

**EXHIBIT PAGE 15**



# NEWS

**Federal Communications Commission**
**445 12th Street, S.W.**
**Washington, D. C.  20554**

News Media Information 202 / 418-0500
Internet: http://www.fcc.gov
TTY: 1-888-835-5322

This is an unofficial announcement of Commission action.  Release of the full text of a Commission order constitutes official action.
See MCI v. FCC. 515 F 2d 385 (D.C. Circ 1974).

**FOR IMMEDIATE RELEASE:**
May  12, 2003

**NEWS MEDIA CONTACT:**
David Fiske (202) 418-0500

## RAYON SHERWIN "JUNIOR" PAYNE SENTENCED TO PRISON FOR UNLICENSED RADIO OPERATION

Washington, D.C. - Today, the Federal Communications Commission (FCC) announced that, in the United States Middle District of Florida, Orlando Division, United States Magistrate, Honorable David A. Baker sentenced Rayon Sherwin "Junior" Payne to 9 months imprisonment, followed by one year supervised release during which time he must perform 50 hours of community service.  Payne was charged with multiple counts of operating an unlicensed FM radio facility, in violation of Title 47, United States Code, Section 301.  He pleaded guilty to two of the counts before Magistrate Judge Baker.

The conditions of supervised release stipulate that Payne must not violate any Federal, State or Local laws, including Section 301 of the Communications Act of 1934, as amended.  The case was prosecuted by the United States Attorney's Office, Middle District of Florida, Orlando Division.

The conviction and subsequent sentencing is the result of an investigation that began in February of 1999.  The Commission's Tampa Florida Office received complaints from residents and broadcasters in the Orlando, Florida area of interference to the reception of licensed broadcast stations in the area. Payne pled guilty to two counts of unlicensed radio operation and agreed to forfeit all equipment used in connection with the unlicensed operation in February of 2003.

The operation of an unlicensed broadcast station is a violation of Section 301 of the Communications Act of 1934, as amended.  Operators of unlicensed stations may be subject to civil monetary penalties of up to $11,000 per single violation or per day of a continuing violation not to exceed $87,500 for continuing violations.  In addition, unlicensed operators may be subject to criminal sanctions, including a maximum $100,000 fine and up to one year imprisonment for a first offense.

- FCC -

Enforcement Bureau Contact: Lisa M. Fowlkes at (202) 418-7450 / TTY 1(888) 835-5322

**EXHIBIT PAGE 16**

# Exhibit #2

# NATIONAL ARBITRATION FORUM

# DECISION

## Myspace LLC v. MYSPACE RADIO, LLC
## Claim Number: FA1111001414953

## PARTIES

Complainant is **Myspace LLC** ("Complainant"), California, USA.  Respondent is **Myspace Radio, LLC** ("Respondent"), represented by **Rayon Payne**, Florida, USA.

## REGISTRAR AND DISPUTED DOMAIN NAME

The domain name at issue is **<myspaceradio.com>**, registered with **GoDaddy.com, Inc.**

## PANEL

The undersigned certifies that he or she has acted independently and impartially and to the best of his or her knowledge has no known conflict in serving as Panelist in this proceeding.

Honorable Paul A. Dorf (Ret.) as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the National Arbitration Forum electronically on November 9, 2011; the National Arbitration Forum received payment on November 9, 2011.

On November 10, 2011, GoDaddy.com, Inc. confirmed by e-mail to the National Arbitration Forum that the **<myspaceradio.com>** domain name is registered with GoDaddy.com, Inc. and that Respondent is the current registrant of the name.  GoDaddy.com, Inc. has verified that Respondent is bound by the GoDaddy.com, Inc. registration agreement and has thereby agreed to resolve domain disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On November 14, 2011, the Forum served the Complaint and all Annexes, including a Written Notice of the Complaint, setting a deadline of December 5, 2011 by which Respondent could file a Response to the Complaint, via e-mail to all entities and persons listed on Respondent's registration as technical, administrative, and billing contacts, and to postmaster@myspaceradio.com.  Also on November 14, 2011, the Written Notice of the

**EXHIBIT PAGE 18**

Complaint, notifying Respondent of the e-mail addresses served and the deadline for a Response, was transmitted to Respondent via post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts.

A timely Response was received and determined to be complete on December 1, 2011.

On December 9, 2011, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the National Arbitration Forum appointed Honorable Paul A. Dorf (Ret.) as Panelist.

## RELIEF SOUGHT

Complainant requests that the domain name be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

A. Complainant

1.      Respondent's **<myspaceradio.com>** domain name is identical and/or confusingly similar to Complainant's Myspace mark.

2.      Respondent does not have any rights or legitimate interests in the **<myspaceradio.com>** domain name.

3.      Respondent registered and used the **<myspaceradio.com>** domain name in bad faith.

B. Respondent

1.      Respondent's **<myspaceradio.com>** domain name is comprised of common words.

2.      Respondent does have rights or legitimate interests in the **<myspaceradio.com>** domain name.

3.      Respondent states he was not the original owner of the name but procured **<myspaceradio.com>** domain name in good faith.

## FINDINGS

Complainant is a social media site emphasizing music and entertainment.  Complainant holds three trademarks, all registered in the United States, as follows:  MYSPACE (U.S.

**EXHIBIT PAGE 19**

Reg. No. 2911041, application date 12/1/2003, first used in commerce July 2003); MYSPACE (U.S. Reg. No. 3629478, application date 12/31/2007, first used in commerce July 2003); and MYSPACE (U.S. Reg. No. 3183151, application date 9/6/2005, first used in commerce in July 2004).

Respondent states he procured the domain name at issue in 2004 from an individual who originally registered the domain name in order to take advantage of his radio background.

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2) Respondent has no rights or legitimate interests in respect of the domain name; and
(3) the domain name has been registered and is being used in bad faith.

### Identical and/or Confusingly Similar

Complainant asserts it is a social media site emphasizing music and entertainment, offering its social media site under the MYSPACE mark. In support of its claim of rights in the MYSPACE mark, Complainant provides information about its trademark registrations with the United States Patent and Trademark Office ("USPTO") for its MYSPACE mark (*e.g.*, Reg. No. 2,911,041 registered December 14, 2004). The Panel concludes that Complainant owns Policy ¶ 4(a)(i) rights in its MYSPACE mark. *See Intel Corp. v. Macare*, FA 660685 (Nat. Arb. Forum Apr. 26, 2006) (finding that the complainant had established rights in the PENTIUM, CENTRINO and INTEL INSIDE marks by registering the marks with the USPTO); *see also Paisley Park Enters. v. Lawson*, FA 384834 (Nat. Arb. Forum Feb. 1, 2005) (finding that the complainant had established rights in the PAISLEY PARK mark under Policy ¶ 4(a)(i) through registration of the mark with the USPTO).

Respondent's Myspace Radio, LLC domain name **<myspaceradio.com>** combines Complainant's MYSPACE mark and the generic term "radio," making the disputed domain name confusing similar to Complainant's mark. The disputed domain name also contains the generic top-level domain ("gTLD") ".com." The Panel finds that the additions to Complainant's mark do not adequately distinguish the domain name, and such additions do

**EXHIBIT PAGE 20**

not remove the disputed domain name from the Policy ¶ 4(a)(i) realm of confusing similarity. *See Am. Online, Inc. v. Shanghaihangwei Packing Material Co. Ltd.*, D2001-0443 (WIPO May 22, 2001) (finding the <ouricq.com> domain name to be confusingly similar to the complainant's ICQ mark); *see also Westfield Corp. v. Hobbs*, D2000-0227 (WIPO May 18, 2000) (finding the <westfieldshopping.com> domain name confusingly similar because the WESTFIELD mark was the dominant element); *see also Jerry Damson, Inc. v. Tex. Int'l Prop. Assocs.*, FA 916991 (Nat. Arb. Forum Apr. 10, 2007) ("The mere addition of a generic top-level domain ("gTLD") ".com" does not serve to adequately distinguish the Domain Name from the mark."); *see also Reese v. Morgan*, FA 917029 (Nat. Arb. Forum Apr. 5, 2007) (finding that the mere addition of the generic top-level domain ".com" is insufficient to differentiate a disputed domain name from a mark).

While Respondent contends that the **<myspaceradio.com>** domain name is comprised of common and generic terms and as such cannot be found to be confusingly similar to Complainant's mark, the Panel finds that such a determination is not necessary under Policy ¶ 4(a)(i) as this portion of the Policy considers only whether Complainant has rights in the mark and whether the disputed domain name is identical or confusingly similar to Complainant's mark. *See Precious Puppies of Florida, Inc. v. kc*, FA 1028247 (Nat. Arb. Forum Aug. 10, 2007) (examining Respondent's generic terms arguments only under Policy ¶ 4(a)(ii) and Policy ¶ 4(a)(iii) and not under Policy ¶ 4(a)(i)); *see also Vitello v. Castello*, FA 159460 (Nat. Arb. Forum July 1, 2003) (finding that the respondent's disputed domain name was identical to complainant's mark under Policy ¶ 4(a)(i), but later determining the issue of whether the disputed domain name was comprised of generic terms under Policy ¶¶ 4(a)(ii) and 4(a)(iii)).

## Rights or Legitimate Interests

Complainant must first make a *prima facie* case that Respondent lacks rights and legitimate interests in the disputed domain name under Policy ¶ 4(a)(ii), and then the burden shifts to Respondent to show it does have rights or legitimate interests. *See Hanna-Barbera Prods., Inc. v. Entm't Commentaries*, FA 741828 (Nat. Arb. Forum Aug. 18, 2006) (holding that the complainant must first make a prima facie case that the respondent lacks rights and legitimate interests in the disputed domain name under UDRP ¶ 4(a)(ii) before the burden shifts to the respondent to show that it does have rights or legitimate interests in a domain name); *see also* AOL LLC v. Gerberg, FA 780200 (Nat. Arb. Forum Sept. 25, 2006) ("Complainant must first make a *prima facie* showing that Respondent does not have rights or legitimate interest in the subject domain names, which burden is light. If Complainant satisfies its burden, then the burden shifts to Respondent to show that it does have rights or legitimate interests in the subject domain names.").

**EXHIBIT PAGE 21**

Complainant does not allege that Respondent is not commonly known by the **<myspaceradio.com>** domain name. The WHOIS information lists "Myspace Radio, LLC" as the registrant of the disputed domain name; however, Complainant claims that Respondent is represented by Rayon Payne and Respondent affirms this claim. Respondent does not present any evidence, aside from the WHOIS information, that it is commonly known by the disputed domain name, and the Panel concludes that Respondent is not commonly known by the **<myspaceradio.com>** domain name for the purposes of Policy ¶ 4(c)(ii). *See City News & Video v. Citynewsandvideo*, FA 244789 (Nat. Arb. Forum May 5, 2004) ("Although Respondent's WHOIS information lists its name as 'citynewsandvideo,' there is no evidence before the Panel to indicate that Respondent is, in fact, commonly known by the disputed domain name <citynewsandvideo.com> pursuant to Policy ¶ 4(c)(ii)."); *see also Yahoo! Inc. v. Dough*, FA 245971 (Nat. Arb. Forum May 5, 2004) (finding that although "the WHOIS information for the <yasexhoo.com> domain name states that the registrant is YASEXHOO . . . this alone is insufficient to show that Respondent is commonly known by the domain name.").

Complainant contends that Respondent is attempting to sell the **<myspaceradio.com>** domain name, and provides a screenshot of an auction website that purports to offer the disputed domain name for sale. *See* Complainant's Annex 5. Respondent's auctioning of the disputed domain name is evidence that Respondent lacks Policy ¶ 4(a)(ii) rights and legitimate interests in the **<myspaceradio.com>** domain name. *See Vance Int'l, Inc. v. Abend*, FA 970871 (Nat. Arb. Forum June 8, 2007) ("UDRP precedent is clear that auctioning domains does not constitute a *bona fide* offering of goods and services or a legitimate noncommercial or fair use of domains."); *see also Hewlett-Packard Co. v. High Performance Networks, Inc.*, FA 95083 (Nat. Arb. Forum July 31, 2000) (finding no rights or legitimate interests where the respondent registered the domain name with the intention of selling its rights).

### Registration and Use in Bad Faith

Respondent listed the **<myspaceradio.com>** domain name for sale on a third-party auction website. This offer to sell the disputed domain name is evidence of Policy ¶ 4(b)(i) bad faith registration and use. *See Wrenchead.com, Inc. v. Hammersla*, D2000-1222 (WIPO Dec. 12, 2000) (finding that offering the domain name for sale at an auction site is evidence of bad faith registration and use); *see also Universal City Studios, Inc. v. Meeting Point Co.*, D2000-1245 (WIPO Dec. 7, 2000) (finding bad faith where the respondent made no use of the domain names except to offer them to sale).

Complainant contends that Respondent registered the **<myspaceradio.com>** domain name on November 8, 2005, after News Corporation purchased MySpace from

**EXHIBIT PAGE 22**

Complainant. It appears that Respondent registered the disputed domain name for the purpose of taking advantage of that acquisition, and Respondent's opportunistic registration of the disputed domain name evidences Policy ¶ 4(a)(iii) bad faith registration and use. *See Thermo Electron Corp. v. Xu*, FA 713851 (Nat. Arb. Forum July 12, 2006) ("If there had been any doubt as to bad faith, the fact that registration was on the same day the news leaked about the merger, which was put in evidence, is a compelling indication of bad faith that [the] respondent has to refute and which he has failed to do. The panel finds a negative inference from this."); *see also Tech. Props., Inc. v. Hussain*, FA 95411 (Nat. Arb. Forum Sept. 14, 2000) ("The Respondent took advantage of the public announcement that Tandy Corporation was changing its name to RadioShack by registering the domain names on the same day as a public announcement of a company's name change. This is also evidence of bad faith.").

## DECISION

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the **<myspaceradio.com>** domain name be **TRANSFERRED** from Respondent to Complainant.

Honorable Paul A. Dorf (Ret.), Panelist
Dated: December 20, 2011

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page

# Exhibit #3

Folksalert on Apple Podcasts                                                                                          7/12/19, 6:58 PM

## Apple Podcasts Preview

**Folksalert**
Keko

Society & Culture
4.1, 27 Ratings



Telling the stories about people who's stories are often not heard. Founded in 2005.

[ Listen on Apple Podcasts ↗ ]                                                                                          ↥

**JUN 9, 2019**
**EP 70: Comedian Pares Ratliff - Share His Experiences With Sex Work...** 🅴                                    ⟩

▶ PLAY    58 min

**JUN 9, 2019**
**EP 69: Akua Edu Burns - A Sex Worker In Her Golden Age** 🅴                                                     ⟩

▶ PLAY    32 min

**JUN 5, 2019**
**EP 68: Maya Morena - An Advocate For Sex Workers Right** 🅴                                                     ⟩

▶ PLAY    46 min

**JUN 3, 2019**
**EP 67: Baily Banks - Single Mother With Pure Hustle** 🅴                                                        ⟩

▶ PLAY    38 min

**JUN 2, 2019**
**EP 66: Pimp Hop - San Diego New Sound D4N** 🅴                                                                  ⟩

**EXHIBIT PAGE 25**

▶ PLAY   35 min

**JUN 1, 2019**
**EP 65: No More Pimps - A BBW Sex Worker Say Enough** 🅴     ❯

▶ PLAY   42 min

Show 10 More Episodes

© All rights reserved

## Customer Reviews

See All

# 4.1
**out of 5**

27 Ratings

tall_hoe_tall_dough_, 01/11/2019

**5 stars**
Very funny and relatable

kyle30310, 06/01/2019

**The ramblings of a sociopath**

MarcoDa95, 05/18/2019

**RIP Tanna Bandz** 💔
💔💔💔

more

## Top Podcasts In Society & Culture

See All

     

Noble Blood    Man In The Win... 🅴    Culpable 🅴    Crime Junkie    To Live and Die ... 🅴    Dan Carlin's Hard...
iHeartRadio    L.A. Times | Wondery    Tenderfoot TV, Blac..    audiochuck | Ashle..    Tenderfoot TV & Ca..    Dan Carlin

## Listeners Also Subscribed To

See All

**EXHIBIT PAGE 26**













The Sexy Escor... E
The Sexy Escort Gu...

HEAUX RADIO E
Lydia Dupra

Million Dollaz W... E
Mworthofgame

Hotboxin with ... E
Mike Tyson

Ebro in the Mornin...
Ebro in the Morning

The Breakdown wi...
The North Star

More ways to shop: Visit an Apple Store, call 1-800-MY-APPLE, or find a reseller.

Copyright © 2019 Apple Inc. All rights reserved.    Privacy Policy    Terms of Use    Sales and Refunds    Legal    Site Map

Choose your country or region

**EXHIBIT PAGE 27**

# Exhibit #4



Mac    iPad    iPhone    Watch    TV    Music    Support

**App Store** Preview

This app is only available on the App Store for iOS devices.



**Folksalert** [4+]

Home Direct Fix, LLC

★★★★★ 5.0 · 3 Ratings

Free

## iPhone Screenshots





**EXHIBIT PAGE 29**

 Google Play    Search

My apps

Shop

Games

Family

Editors' Choice

Account

Payment methods

My subscriptions

Redeem

Buy gift card

My wishlist

My Play activity

Parent Guide



# Folksalert

**Gotfolks Media    Music & Audio**    9

📖 Everyone

You don't have any devices.

Add to Wishlist    Install

   

Hear the latest and trending music and news alert in 60 seconds on Folksalert, anywhere life takes you let the Folksalert app provide the soundtrack on your journey. Listen with limited commercials, plus exclusive music and entertainment programming. So get started now!

About This Application

**READ MORE**

REVIEWS    Review Policy

# 1.8

9 total

**EXHIBIT PAGE 30**

# EXHIBIT B

**EXHIBIT PAGE 31**

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

2019-CA-008025-O

JERMAINE C DIAZ

       Plaintiff(s),

vs.

RAYON S PAYNE

       Defendant(s).

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Complaint, and the Court, having reviewed the file and being otherwise fully informed, it is hereby ORDERED and ADJUDGED that:

Defendant's Motion to Dismiss Complaint is hereby **DENIED**. The Defendant shall have 14 days from the date of this order to file an answer to the complaint.

DONE AND ORDERED in Chambers, at Orlando, Orange County, Florida, on this 31 day of _____July_____, 20 19.

Lisa T. Munyon
Circuit Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court this 31 day of _____July_____, 20 19 by using the Florida Courts E-Filing Portal System.

Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested

**EXHIBIT PAGE 32**

parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic

Filing generated by the ePortal System.

Lisa Shorten, Judicial Assistant to Judge Lisa T. Munyon

**EXHIBIT PAGE 33**

# EXHIBIT C

**EXHIBIT PAGE 34**

Filing # 155747044 E-Filed 08/19/2022 06:28:01 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,

      Plaintiff/ Counterdefendant,

V.                                  CASE NO: 2019-CA-8025-O
RAYON SHERWIN PAYNE
d/b/a FOLKSALERT APP.

      Defendant/ Counterclaimant.

_____/

**MOTION REQUESTING FINAL JUDGMENT**

COMES NOW, RAYON PAYNE, Defendant in the above cause respectfully move this

court for an order granting Final Judgment in that above cause and I state the following;

1. On August 26, 2020, Defendant filed his motion requesting Final Judgment. See

   attached exhibit (1).

2. On May 17, 2022, the court issued its Uniform Order Setting Case for

   Jury/Pretrial  order. Plaintiff has refused to comply with this court's order.

3. On May 28, 2022, Defendant filed his motion for contempt, and a hearing was

   held on  June 24, 2022, and this court's order granting Defendant's motion was

   rendered on July 22, 2022. In this court order granting Defendant's motion this

   court gave Plaintiff 15 days to comply with order.

4. Plaintiff, 15 days to comply with this court order expired on August 6, 2022.

**EXHIBIT PAGE 35**

WHEREFORE Defendant respectfully move this court for an order granting his motion for Final Judgment filed on August 26, 2020, and any other relief this court deems just and proper.

Respectfully submitted,

RAYON PAYNE, PRO SE
/s/ Rayon Payne

_____

8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 646-543-6557
Email: info@folksalert.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the Florida Courts E-Filing Portal to younglaceincorporated@gmail.com, lace@lacetheblueprint.com, on the 19th day of August, 2022**,** to: JERMAINE CARLOS DIAZ, 5634 Jay Thrush Dr Richmond, TX 77407.

RAYON SHERWIN PAYNE, PRO SE
/s/ Rayon Payne

_____

**EXHIBIT PAGE 36**

# EXHIBIT (1)

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,
        Plaintiff/ Counterdefendant,

V.                                                   CASE NO: 2019-CA-8025-O

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT APP.
        Defendant/ Counterclaimant.
_____/

## DEFENDANT /COUNTERCLAIMANT'S MOTION
## FOR FINAL DEFAULT JUDGMENT

COMES NOW, the Defendant/Counter - Claimant, RAYON SHERWIN PAYNE d/b/a

FOLKSALERT APP. pursuant to Florida Rule of Civil Procedure 1.500(e), and respectfully

request this Court enter final judgment of default against the Plaintiff Counter- Defendant,

JERMAINE CARLOS DIAZ, as grounds, Defendant would further state as follows:

1. On November, 30, 2019, Defendant filed his motion to Amend his Counterclaim.
   A copy of the actual Amended Counterclaim was attached to the motion.
   Subsequently, on January 16, 2020, the Court granted the request and order the
   above mentioned Motion; and the Amended Counterclaim filed.

2. On March 10, 2020, Plaintiff filed his motion to dismiss the Counterclaim and on
   May 13, 2020 a hearing was held on the motion and the court issued its order on
   May 14, 2020, and providing Plaintiff with a twenty (20) days to file its response
   to the Amended Counterclaim.

3. Plaintiff defaulted by failing to file or serve an answer to the Amended
   Counterclaim by June 4, 2020.

1

**EXHIBIT PAGE 38**

4. On August, 6, 2020, the Court entered a default against Plaintiff for failing to file an answer to Defendant' Amended Counterclaim.

5. Since June 2019, Defendant has been required to defend himself Pro Se against Plaintiff's SLAPP suit. The Counterclaim and Amended Counterclaim were directly responsive to Plaintiff's efforts to harass Defendant and to silence him from exerting his First Amendment rights to speech in connection on issues of public interest.

6. As a direct result of Defendant being forced to defend this lawsuit, he suffered special damages, lost income resulting from missed work 336 hours at 24 hours a month for 14 months $6,048 and diminished potential earning from podcast according to thebestmedia.com article "How much money can you make from a podcast" See here

https://thebestmedia.com/how-much-money-can-you-make-from-a-podcast advertisement rates can range $20 CPM to $30 CPM if the average podcast has 150,000 downloads at 20 x 150 = 3000 per episode the Folksalert podcast currently has 119 episodes, so 3000 x 119 = 375,000. Defendant could have generated about $375,000 revenue within the 14 months had Plaintiff hadn't illegally interfered with Defendant's business and by intentionally injurious falsehood about Defendant and his business. As set forth in the Affidavit attached hereto as Exhibit "A", these special damages amount to **$381,048.**

7. Defendant respectfully requests the Court award judgment of $15,000 each against Plaintiff and for the two co-conspirators Warren K. Barcelona and Tyler

2

**EXHIBIT PAGE 39**

Dickens listed in count three, in the amount of **$45,000.** See Exhibit "A," attached hereto.

8. Defendant seeks to recover emotional distress damages for anxiety, depression, and insomnia as result of Plaintiff's conduct called Defendant's job, had individuals follow him. And Plaintiff himself calling the Defendant saying he would kill him. The mental stress has caused Defendant to live in fear of leaving his home and being uncomfortable in public. Defendant seeks **$75,000**. See Exhibit "A," attached hereto.

9. Defendant respectfully requests the Court award judgment for abuse of process in the amount of $75,000, and recover punitive damages against Plaintiff under Fla.Stat. §768.72  based on the evidence on record in the amount of $45,000 to punish DIAZ for knowly filing a frivolous complaint where he knew all the allegations were true. Defendant seeks in total **$120,000**. See Exhibit "A," attached hereto.

10. Defendant further incurred compensable court costs in this matter in the amount of **$1,728.30**. See Exhibit "A," attached hereto.

11. Defendant requests that the Court order Plaintiff  as requested in the Counterclaim (count six) to provide a written apology within 45 days and record a video apology of him reading the written apology and post it on his Instagram page instagram.com/moneytoblowmusicgroup which will remain in the first row of the profile and shall remain there for the equal amount of days that this lawsuit has lasted. Plaintiff apology should contain the verbiage that Defendant does not have

3

**EXHIBIT PAGE 40**

a rape case nor is he working with the Feds and that he apologize for making such defamatory untrue statements.

12. Defendant requests an order from the Court directing Facebook/ Instagram, Youtube, Twitter, and all internet service providers / web hosting company to remove all defamatory content such as profiles, images/ audios/ hashtags of Defendant Rayon Sherwin Payne /Keko and Folksalert which was place by Plaintiff or individuals direct or indirectly associated with Plaintiff.

13. In addition, Defendant requests, pursuant to Fla.RCiv.P. 1.560(c), that Plaintiff be ordered to complete Fla.R.Civ.P. Form 1.977 (Fact Information Sheet) as well for his wife under oath, including all required attachments, and serve it on Defendant', within forty-five (45) days from the date of the final judgment, unless said judgment is satisfied or post-judgment discovery is stayed.

WHEREFORE, Defendant respectfully requests this Court enter final judgment of default as set forth above against the Plaintiff - Counterclaimant, for which sum let execution issue.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the Florida Courts E-Filing Portal this 26 day of August , 2020**,** to: Jermaine Carlos Diaz, 2827 Monarch Crossing, Missouri City TX 77459.

RAYON SHERWIN PAYNE, PRO SE
/s/ Rayon Payne
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 646-543-6557
Email: info@folksalert.com

4

**EXHIBIT PAGE 41**

# Exhibit "A"

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,
     Plaintiff/ Counterdefendant,

V.                                       CASE NO: 2019-CA-8025-O

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT APP.
     Defendant/ Counterclaimant.
_____/

**AFFIDAVIT OF RAYON PAYNE IN SUPPORT OF
MOTION FOR FINAL DEFAULT JUDGMENT**

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

     BEFORE ME, RAYON PAYNE, personally appeared who after being first duly sworn,

deposes and says:

1. My name is RAYON PAYNE. I am over eighteen (18) years of age, and am otherwise competent to make this Affidavit. All statements made herein are based on my personal knowledge.

2. I am the Defendant in the above cause who is self representing himself Counterclaimant, RAYON PAYNE (hereinafter "PAYNE"), in the case-at-bar. My written statements in the instant Affidavit are given solely in support of the Motion for Final Default Judgment, currently pending before the Court.

3. Since June 2019, I've actively represented myself in the defense to JERMAINE CARLOS DIAZ's (hereinafter, "DIAZ") allegations in his Complaint. And my representation in also prosecution of the Counterclaim and Amended Counterclaim

EXHIBIT A
1

**EXHIBIT PAGE 43**

filed by me, addressing the multiple violations DIAZ has committed against me.  It is also my position that DIAZ Complaint is a violation of Fla. Anti-SLAPP Statutes § 768.295, which strictly prohibits lawsuits brought against individuals for exercising their right of free speech in connection with a public issue such as the one filed against me by DIAZ.

4.  As described in my Motion for Final Default Judgment, I'm statutorily entitled to damages relating to claims prosecuting the counterclaim.

5.  As of August 6, 2020, in defense against DIAZ's frivolous suit, I've incurred special damages in the amount of **$381,048**. This amount is exclusively comprised of reasonable lost income from work and potential lost income from my business Folksalert App (podcast) which DIAZ illegally interfered with, and I had to vigorously prosecute the counterclaim.

6.  I request judgment against DIAZ and his two co-conspirators Warren K. Barcelona and Tyler Dickens listed in count three of the counterclaim in the amount of **$45,000.** This amount is based on the civil conspiracy claim.

7.  I seek emotional distress damages for injury caused by DIAZ's actions calling PAYNE's job, the threats on my life and has caused me anxiety, depression, and insomnia as a result. I seek damages in the amount of **$75,000**.

8.  I seek judgment for abuse of process, and punitive damages against a DIAZ under Fla.Stat. §768.72  based on the evidence on record in total **$120,000**.

9.  It's important to point out that I'm not an attorney and I do not have a staff member helping me. I've expended significant time and effort contesting DIAZ's

EXHIBIT A

2

**EXHIBIT PAGE 44**

lawsuit, as well my countersuit. The court record with the Clerk of Courts reflects a large volume of filing, and adequately reflects the significant time required to engage in prolonged and spirited motion and discovery practice, and trial preparation, against DIAZ.

10. A review of my billing records indicates court costs incurred is **$1,728.30** in the above cause. A detail of the costs incurred is set forth below:

| Description | Amount |
| --- | --- |
| Paper/ Epson 288 - Ultra Original Ink Cartridge | $113.94 |
| Copies UPS Store | $702.36 |
| Court Reporter/ Transcript | $624.45 |
| Federal Court Transcript | $32.40 |
| Pacer Account | $60.90 |
| Court Parking | $14.25 |
| Milage | $58.00 |
| Mail/ Postage | $32.00 |
| Out of State Subpoena | $90.00 |
| **Total** | **$1,728.30** |

All of the costs incurred herein were necessary and reasonable.

EXHIBIT A

3

**EXHIBIT PAGE 45**

DATE:  August, 26, 2020

RAYON SHERWIN PAYNE, PRO SE

8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 646-543-6557
Email: info@folksalert.com

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

Affirmed and signed before me this 26 day of August, 2020, by RAYON PAYNE.

NOTARY SEAL

_____
Signature of Notary Public-State of Florida

SCARLETT RODRIGUEZ
Notary Public – State of Florida
Commission # GG 110302
My Comm. Expires May 31, 2021

_____
Name of Notary Typed, Printed, or Stamped

Personally Known [    ]

Produced Identification [ ☒ ]

Type of Identification Produced [ ☒ Drivers Lic. [    ] Passport [    ] Other: _____

EXHIBIT A

4

**EXHIBIT PAGE 46**

# EXHIBIT D

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,
      Plaintiff/Counter-defendant,

V.                            CASE NO: 2019-CA-008025-O

RAYON SHERWIN PAYNE,
      Defendant/Counterclaimant.
_____/

**FINAL JUDGMENT IN FAVOR OF DEFENDANT, RAYON SHERWIN PAYNE**

**THIS MATTER** came before the Court on Defendant's "Motion for Final Judgment," filed August 19, 2022, and heard on August 26, 2022. The Court, having considered the Motion, case law, and Defendant's arguments from the hearing, finds as follows:

In the Court's July 22, 2022, "Order Granting Defendant's Motion for Civil Contempt/Enforcement," the Court again ordered Plaintiff to comply with the previously entered "Uniform Order Setting Case for Jury Trial; Pre-Trial Conference and Requiring Pretrial Matters to be Completed," and noted that if Plaintiff failed to comply with the Order, then the case would continue for a determination of the amount of Defendant's unliquidated damages. Plaintiff had 15 days from the date of the rendition of the order to comply; to date, Plaintiff has not responded to the order or attempted to comply. Accordingly, as the Court noted in the prior order, there is nothing left for the Court to do but determine Defendant's unliquidated damages and enter final judgment in Defendant's favor.

Defendant alleges that he is entitled to $621,048 in unliquidated damages, as well as court costs in the amount of $1,728.30, for a total of $622,776.30. The Court agrees that Defendant is entitled to the court costs and awards Defendant $1,728.30. As to his unliquidated damages, the Court notes that Plaintiff was given ample notice and opportunity to be heard before it imposed the

1

**EXHIBIT PAGE 48**

sanction of determining Defendant's unliquidated damages, yet Plaintiff continually declined to participate in the litigation. *See Ciotti v. Hubsch*, 302 So. 3d 497, 500 (Fla. 5th DCA 2020). Having reviewed the pleadings and Defendant's other filings, the Court determines that Defendant shall be awarded damages in the amount of $50,000. The Court recognizes that this is substantially lower than the amount to which Defendant argues he is entitled, but there is little support in the record for the amount Defendant proposed. The support that Defendant did include is largely speculative and difficult to ascertain.

To the extent that Defendant requests attorney's fees, that request is denied. Defendant has appeared *pro se* for the entirety of this suit and is not entitled to attorney's fees. *See Torruella v. Nationstar Mort., LLC*, 308 So. 3d 674, 675 (Fla. 5th DCA 2020) ("Florida follows the American Rule, which provides that litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contact.").

Accordingly, the following is hereby **ORDERED AND ADJUDGED:**

1. Final judgment in this cause is **hereby entered in favor of the Defendant, Rayon Sherwin Payne.** The Plaintiff, Jermaine Carlos Diaz, shall take nothing by this action against the Defendant, and the Defendant shall go hence without day.

2. Defendant is awarded a final judgment of $51,728.30; this includes $50,000 in unliquidated damages and $1,728.30 in court costs. Defendant is not entitled to attorney's fees.

**EXHIBIT PAGE 49**

3. Plaintiff has 30 days in which to appeal this final judgment.

**DONE AND ORDERED** in Chambers, at Orlando, Orange County, Florida, on this _12_ day of _October_, 2022.

_[signature]_

**REGINALD K. WHITEHEAD**
**Circuit Judge**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on _October 12th_, 2022, a true and accurate copy of the foregoing was e-filed using the Court's ECF filing system, which will send notice to all parties of record.

_[signature]_

Judicial Assistant

3

**EXHIBIT PAGE 50**

# EXHIBIT E

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,
  Plaintiff/ Counterdefendant,

V.               CASE NO: 2019-CA-8025-O

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT APP.
  Defendant/ Counterclaimant.
_____/

## DEFENDANT'S MOTION FOR RECONSIDERATION OF FINAL JUDGMENT ORDER, THE MOTION IS GRANTED IN-PART AND DENIED IN-PART

THIS CASE came before the Court for Defendant's motion for Reconsideration, the motion is granted in-part and denied in-part. The Court, having reviewed the Motion, and being otherwise apprised of the file, states as follows:

1. On October 12, 2022, the Court granted Defendant's motion for Final Judgment in the above cause. On October 13, 2022, Defendant filed his motion seeking the court to reconsider its ruling.

**Based on the foregoing, it is hereby ORDERED and ADJUDGED**:

Defendant, motion for reconsideration is **GRANTED IN-PART**, the Court Amended its order for Final Judgment filed on October 12, 2022, to include the following;

- Final judgment in this cause is hereby entered in favor of the **Defendant, Rayon Sherwin Payne.** The Plaintiff, Jermaine Carlos Diaz, shall take nothing by this action against the Defendant, and the Defendant shall go hence without day.

- **Defendant Rayon Sherwin Payne** is awarded a final judgment of $51,728.30; this includes $50,000 in unliquidated damages and $1,728.30 in court costs. Defendant is not entitled to attorney's fees.

1

**EXHIBIT PAGE 52**

- **Plaintiff shall complete** under oath the *Fla. R. Civ. P. Form* 1.977 (Fact Information Sheet) including all required attachments, and serve it on **Defendant Rayon Payne, at 8815 Conroy Windermere Rd. #208 Orlando Fl 32835**, **no later than 45 days after the date of this final judgment**, unless the judgment is satisfied or post-judgment discovery is stayed.

- The Court reserves jurisdiction to enter further orders that are proper to compel Plaintiff, to complete and serve on **Defendant, Jermaine Carlos Diaz**, all post-judgment discovery (including completion of Form 1.977 and submission of all required attachments) and to submit to depositions in aid of execution; and enter any other or additional orders that may be necessary or appropriate.

- Both parties have 30 days in which to appeal this Amended final judgment order.

The remaining request made in Defendant, motion for reconsideration is **DENIED IN-PART**.

**DONE AND ORDERED**: in Orange County, Florida on this 20th Day of October 2022

**Reginald K. Whitehead, Circuit Court Judge**

*Conformed copies furnished to all parties via e-portal:*
_X_ Plaintiff/ Counterdefendant
Email: lace@lacetheblueprint.com, younglaceincorporated@gmail.com

_X_ Defendant/ Counterclaimant,
Email: kekomardi@gmail.com

2

**EXHIBIT PAGE 53**

# EXHIBIT F

# M A N D A T E

## from

### DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

## SIXTH DISTRICT

THIS CAUSE HAVING BEEN BROUGHT TO THIS COURT BY APPEAL, AND AFTER DUE CONSIDERATION THE COURT HAVING ISSUED ITS OPINION OR DECISION;

YOU ARE HEREBY COMMANDED THAT SUCH FURTHER PROCEEDINGS BE HAD IN SAID CAUSE, IF REQUIRED, IN ACCORDANCE WITH THE OPINION OF THIS COURT ATTACHED HERETO AND INCORPORATED AS PART OF THIS ORDER, AND WITH THE RULES OF PROCEDURE AND LAWS OF THE STATE OF FLORIDA.

WITNESS THE HONORABLE CHIEF JUDGE OF THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, SIXTH DISTRICT, AND THE SEAL OF THE SAID COURT AT LAKELAND, FLORIDA ON THIS DAY.

DATE:  October 30, 2023

SIXTH DCA CASE NO.  23-1554

COUNTY OF ORIGIN:    Orange

LOWER TRIBUNAL CASE NO.  2019-CA-008025-O

CASE STYLE:  RAYON PAYNE                    v.  JERMAINE CARLOS DIAZ

Stacey Pectol
Clerk

cc: (without attached opinion)
JERMAINE CARLOS DIAZ                    RAYON PAYNE
HON. REGINALD K. WHITEHEAD              TIFFANY RUSSELL, CLERK

**EXHIBIT PAGE 55**

# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

Case No. 6D23-1554
Lower Tribunal No. 2019-CA-008025-O

RAYON PAYNE,

Appellant,

v.

JERMAINE CARLOS DIAZ,

Appellee.

Appeal from the Circuit Court for Orange County.
Reginald K. Whitehead, Judge.

October 3, 2023

PER CURIAM.

AFFIRMED.

NARDELLA, MIZE and BROWNLEE, JJ., concur.

Rayon Payne, Orlando, pro se.

No Appearance for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

**EXHIBIT PAGE 56**

# EXHIBIT G

**EXHIBIT PAGE 57**

Filing # 215767464 E-Filed 01/31/2025 10:51:02 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

RAYON PAYNE                                    CASE NO:    2024-CA-007719-O

       Plaintiff,

vs.

ERIC PARKE LARUE II;
THE LARUE FIRM, PLLC;
DONALD LEWIS DEMPSEY II;
DONALD L. DEMPSEY, P.A.; and
JERMAINE CARLOS DIAZ

       Defendants.

_____/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

**THIS MATTER** came before the Court on Defendants Donald Dempsey, II, and Donald L. Dempsey, II, P.A.'s "Motion to Dismiss Amended Complaint With Prejudice," filed on October 2, 2024, and Defendants Eric Parke LaRue, II and The LaRue Firm, PLLC's "Motion to Dismiss Amended Complaint With Prejudice," filed on October 29, 2024. The Court heard both motions on January 13, 2025. Having considered the motions, responses, and arguments of the parties and being otherwise duly advised in the premises, the Court finds as follows:

### FACTUAL HISTORY AND PROCEDURAL HISTORY

Plaintiff Rayon Payne filed his Amended Complaint on September 11, 2024. He alleges five causes of action. In Count I, Payne asserts a claim of malicious prosecution against Defendants Eric Parke LaRue, II ("LaRue"), The LaRue Firm, PLLC ("LaRue's Firm"), and Jermaine Carlos Diaz ("Diaz"). Through Count II, Payne alleges that Defendants Donald L. Dempsey, II ("Dempsey"), Donald L. Dempsey, II, P.A. ("Dempsey's Firm"), and Diaz engaged in the abuse of process. In Count III, Payne alleges a claim of intentional infliction of emotional distress

Page **1** of **17**
2024-CA-007719-O

**EXHIBIT PAGE 58**

("IIED") against all Defendants. Through Count IV, Payne asserts a violation of Florida's Anti-SLAPP law against LaRue, LaRue's Firm, and Diaz. Finally, in Count V, Payne alleges all Defendants engaged in civil conspiracy. Payne seeks punitive damages in every count.

The Amended Complaint arises from an underlying Ninth Judicial Circuit Court case, *Diaz v. Payne*, case number 2019-CA-008025-O ("Case 8025"). (Am. Compl. ¶ 1). Through Case 8025, Diaz alleged defamation, slander, libel, and illegal interception and recording of conversations against Payne. (*Id.* at ¶¶ 1, 21(a), 21(b)). In that case, LaRue, LaRue's Firm, Dempsey, and Dempsey's Firm all represented Diaz at some point in the proceedings. (*Id.* at ¶ 1). LaRue and LaRue's Firm initially represented Diaz and filed the Complaint in that case. (*Id.* at ¶ 17). LaRue and his Firm eventually withdrew as counsel. (*Id.* at ¶ 20). The court ultimately granted summary final judgment in favor of Payne on all counts of the Complaint. (*Id.* at ¶¶ 21(a), 21(b), 22). A year after the entry of the summary final judgment, Dempsey filed his notice of appearance as counsel for Diaz. (Am. Compl. ¶ 24(a)). He also filed a motion to vacate the final judgment. (*Id.* at 24(b)).

Through Count I, malicious prosecution, Payne alleges LaRue, LaRue's Firm, and Diaz initiated and continued Case 8025 against Payne without probable cause and with malice. (*Id.* at ¶¶ 19, 27). He alleges that Case 8025 was terminated in his favor and that he suffered damages. (*Id.* at ¶ 28, 29). As part of the allegations in Count I, Payne alleges that Case 8025 was initiated to suppress truthful statements about Diaz's criminal history. (*Id.* at ¶ 14). Those statements include that Payne identified Diaz as a "dangerous sex offender" and a "child human trafficker." (*Id.* at ¶ 17). He alleges that Diaz was previously convicted of transporting a minor for purposes of prostitution and is a lifetime registered sex offender. (*Id.*)

In Count II, Payne alleges Dempsey, Dempsey's Firm, and Diaz engaged in the abuse of process when they filed an untimely and meritless motion to vacate the judgment in Case 8025.

**EXHIBIT PAGE 59**

(Am. Compl. ¶ 32). Payne alleges Diaz executed a perjurious affidavit in support of the motion to vacate. (*Id.* at ¶¶ 25, 32). He contends these actions were not aimed at seeking legitimate legal claims and were intended to harass and delay. (*Id.* at ¶¶ 33, 34).

Payne's Count III asserts that all Defendants intentionally inflicted emotional distress. He claims that the actions of Defendants were intentional, reckless, and with the knowledge that the actions would cause severe emotional distress. (*Id.* at ¶ 38). He contends that the filing of baseless and meritless claims and motions was "designed to inflict the maximum psychological and financial harm on [Payne]." (*Id.* at ¶ 39). He goes on to allege that the conduct was extreme and outrageous. (*Id.* at ¶ 41).

Through Count IV, Payne alleges a violation of Florida's Anti-SLAPP law by LaRue, LaRue's Firm, and Diaz. He alleges that by filing Case 8025, those defendants violated Florida Statute Section 768.295, titled "Strategic Lawsuits Against Public Participation ("SLAPP") prohibited." (Am. Compl. ¶ 45). Finally, in Count V, Payne alleges that LaRue, Dempsey, and Diaz engaged in a civil conspiracy to misuse the legal system. (*Id.* at ¶ 50). He alleges the conspiratorial acts include LaRue's initiation of Case 8025, Dempsey's continuing the lawsuit, and Diaz's active participation. (*Id.* at ¶¶ 51(a),(b),(c)).

STANDARD OF REVIEW

A motion to dismiss raises a question of law as to the sufficiency of the facts alleged to state a cause of action. *Poulos v. Vordermeier*, 327 So. 2d 245, 246 (Fla. 4th DCA 1976). The motion admits as true all well-pleaded facts and all reasonable inferences arising from those facts. *Id.* The Court must construe the allegations in the light most favorable to the plaintiff. *Id.* When adjudicating a motion to dismiss, the Court is limited only to the four corners of the complaint, including any attachments. *Coriat v. Glob. Assurance Grp., Inc.*, 862 So. 2d 743, 743 (Fla. 3d

**EXHIBIT PAGE 60**

DCA 2003). To state a cause of action, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. *Havens v. Coast Fla., P.A.*, 117 So. 3d 1179, 1181 (Fla. 2d DCA 2013) (citing Fla. R. Civ. P. 1.110(b)).

ANALYSIS AND RULING

There are two main reasons Defendant-Lawyers[1] and their Firms seek to have the Amended Complaint dismissed. They argue that the litigation privilege immunizes them from suit and that, if it does not, the Amended Complaint should be dismissed for failing to state a claim. LaRue and his Firm also seek dismissal of the punitive damages claim based on Payne's failure to follow the procedure to plead them.

At the hearing, Payne's only argument in opposition was that Defendant-Lawyers' representation of themselves and their respective Firms constitutes an impermissible conflict of interest. He referenced his "Written Objection to Defendants' Standing and Hearing Scheduled for January 13, 2025" (the "Objection") filed on January 9, 2025, as grounds for denying dismissal. He also filed written responses to the motions and argued that the factual allegations within the Amended Complaint were sufficient.

I.      **Defendant-Lawyers' representation of themselves and their respective Firms does not require denial of their motions to dismiss or their disqualification as counsel for their respective firms.**

The Court first addresses Payne's argument that dismissal should be denied due to a conflict of interest between the Defendant-Lawyers and their respective Firms.

The Court notes that it finds Payne's goal in seeking disqualification is suspect. "[Q]uestions of conflict of interest [are] primarily the responsibility of the lawyer undertaking the representation. R. Regulating Fla. Bar 4-1.7 (Comment—Conflict charged by an opposing party).

---

[1] The Court uses "Defendant-Lawyers" to refer to LaRue and Dempsey together.

Page 4 of 17
2024-CA-007719-O

**EXHIBIT PAGE 61**

The Court may also raise the question should it appear to the Court that the lawyer has neglected their responsibility. *Id.* Only "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice" may the opposing party properly raise the question. *Id.* Even then, "[s]uch an objection should be viewed with caution . . . for it can be misused as a technique of harassment." *Id.* While Payne's Objection appears to the Court to be a misuse of the rule, the Court has nevertheless considered the Objection and finds no conflict of interest at this time.

Under the Rules Regulating the Florida Bar, Rule 4-1.7, Payne argues that the Court should deny dismissal and disqualify the Defendant-Lawyers from representing their Firms. He asserts that a lawyer cannot represent a client if that representation creates a material limitation due to the lawyer's own interests. Indeed, Rule 4-1.7(a)(2) provides that "a lawyer must not represent a client if: there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." However, other than his conclusory assertion that the Defendant-Lawyers' representation of themselves will materially limit their representation of their Firms, he alleges no facts in support thereof.

While there may be cases where a lawyer may not represent himself and his firm, this is not yet one of them. "Loyalty to a client is . . . impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict, in effect, forecloses alternatives that would otherwise be available to the client." R. Regulating Fla. Bar 4-1.7 (Comment–Loyalty to a Client). To be sure, a possible conflict, without more, does not preclude representation. *Id.* "The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of

**EXHIBIT PAGE 62**

action that reasonably should be pursued on behalf of the client." *Id.* Put another way, "a lawyer represents conflicting interests . . . when it becomes his duty, on behalf of one client, to contend for that which his duty to another client would require him to oppose." *The Florida Bar v. Moore*, 194 So. 2d 264, 269 (Fla. 1966).

Here, the Defendant-Lawyers and their respective Firms allegedly have committed the same wrongs. The allegations against the Firms flow from the actions of the Defendant-Lawyers. (Am. Compl. ¶¶ 8–12, 14–16). Yet, Payne's allegations in his Amended Complaint and Objection fail to identify any facts showing conflicting interests between the Defendant-Lawyers and their Firms. It is not enough that conflicting interests *might* arise. Should such conflicting interests occur, it is incumbent on the Defendant-Lawyers to assess how to proceed within their professional and ethical obligations. As it stands today, Payne has identified no such conflicting interests. Accordingly, the Objection on this ground is overruled.

Payne also requests that the motions be denied and counsel disqualified under Rule 4-3.7. This Rule governs when a lawyer may testify. Generally, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client." R. Regulating Fla. Bar 4-3.7(a). The Rule exists to curb the evils that arise when a lawyer serves as both advocate and witness for their own client. *Scott v. State*, 717 So. 2d 908, 910 (Fla. 1998). But, like in Rule 4-1.7, motions made thereunder by the opposing party should be viewed with caution due to the propensity for tactical advantage or harassment. *Singer Island Ltd., Inc. v. Budget Const. Co., Inc.*, 714 So. 2d 651, 652 (Fla. 4th DCA 1998).

Payne has failed to show that disqualification is necessary at this point. "When moving for disqualification of an opponent's chosen counsel, based on the need for that attorney's testimony at trial, '[t]he moving party bears the burden of demonstrating the necessity of the attorney's

**EXHIBIT PAGE 63**

testimony and thus his disqualification.'" *Quality Air Conditioning Co., Inc. v. Vrastil*, 895 So. 2d 1236, 1237 (Fla. 4th DCA 2005) (quoting *Hiatt v. Estate of Hiatt,* 837 So.2d 1132, 1133 (Fla. 4th DCA 2003)). Payne offered only conclusory assertions regarding the Defendant-Lawyers' necessity as witnesses and has proffered no evidence establishing the necessity. *See, e.g., Hiatt*, 837 So. 2d at 1133; *Vrastil*, 895 So. 2d at 1238 ("Because the motion for disqualification alone, without the deposition transcript of [the lawyer] or any other evidence, does not meet the burden of demonstrating the necessity of his testimony as a witness.").

To be sure, discovery in this case was stayed pending resolution of these motions to dismiss. No depositions appear to have been taken or scheduled, and the Defendant-Lawyers' necessity as witnesses is yet to be established. Accordingly, the Objection on this ground is overruled as premature.

## II.    The Litigation Privilege.

Next, the Court turns to Defendants' assertion that the litigation privilege bars Payne's claims. The litigation privilege is an affirmative defense, typically unsuitable for determination on a motion to dismiss. *LatAm Investments, LLC v. Holland & Knight, LLP*, 88 So. 3d 240, 245 (Fla. 3d DCA 2011). Only if the applicability of the privilege can be clearly discerned from the face of the complaint may it be adjudicated on a motion to dismiss. *Id.*

Dempsey and his Firm ask this Court to take judicial notice of filings from Case 8025 to support their argument that the litigation privilege applies. However, on a motion to dismiss this Court may only look to the four corners of the Amended Complaint. *Am. Nat. Title & Escrow of Fla., Inc. v. Guarantee Title & Tr. Co.*, 810 So. 2d 996, 998 (Fla. 4th DCA 2002). Therefore, the request for judicial notice regarding filings in Case 8025 is denied at this time, and the Court considers only those allegations within the Amended Complaint.

**EXHIBIT PAGE 64**

LaRue and his Firm seek to have Counts III (IIED), IV (Anti-SLAPP), and V (Civil Conspiracy) dismissed on litigation privilege grounds. Dempsey and his Firm do not identify which Counts they assert the privilege should apply to. Still, the Amended Complaint only names them in Counts II (Abuse of Process), III (IIED), and V (Civil Conspiracy). Defendants do not seek to apply the litigation privilege to Count I (malicious prosecution).

As explained shortly, the Court finds that Counts III, IV, and V must be dismissed for other reasons. Accordingly, it foregoes an analysis of the application of the litigation privilege to these counts at this time. However, based on the Amended Complaint, the Court finds that the privilege applies to Count II as alleged.

The Florida Supreme Court has held that "absolute immunity must be afforded to **any act occurring during the course of a judicial proceeding**, regardless of whether the act involves a defamatory statement or other tortious behavior . . . **so long as the act has some relation to the proceeding**." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994) (emphasis added); *see also Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007). Indeed, "[A]bsolute immunity 'arises immediately upon the doing of any **act required or permitted by law** in the due course of the judicial proceedings.'" *Levin*, 639 So. 2d at 608 (emphasis added).

Regarding Count II, Abuse of Process, the Court finds that the litigation privilege applies as the facts are alleged in the Amended Complaint. The litigation privilege has been held to apply to causes of action based on abuse of process if the facts surrounding the alleged abuse occurred during and were related to the judicial proceedings. *LatAm Investments, LLC*, 88 So. 3d at 245. The actions that Payne contends are an abuse of process are Dempsey and his Firm filing an "untimely and meritless motion to vacate" and submitting an affidavit containing allegedly

**EXHIBIT PAGE 65**

perjured statements supporting that motion. (Am. Compl. ¶ 32). Payne alleges this was filed in a prior judicial proceeding, Case 8025. (*Id.* at ¶¶ 24(a),(b)). Florida Rule of Civil Procedure 1.540 permits motions for relief from judgment. Thus, the Amended Complaint only alleges that Dempsey and his Firm engaged in an act permissible by law during a judicial proceeding.[2] Therefore, the actions alleged in Count II fall under the absolute immunity afforded by the litigation privilege. Accordingly, Count II must be dismissed.

### III.    Counts I, III, and V fail to allege sufficient ultimate facts and must be dismissed for failure to state a cause of action.

Defendants seek to dismiss Counts I, III, and V for failure to state a cause of action. Every cause of action is comprised of necessary elements which must be proven for the plaintiff to prevail. *Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999). "The complaint must set out the elements and the facts that support them so that the court and the defendant can clearly determine what is being alleged." *Id.* Whether filed by an attorney or *pro se* litigant, the complaint "must set forth factual assertions that can be supported by evidence which gives rise to liability." *Id.* at 1163. Put another way, a complaint must allege sufficient ultimate facts to show that the pleader is entitled to relief. *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 495 (Fla. 4th DCA 2001); *Havens*, 117 So. 3d at 1181.

Payne attempts to allege a claim for malicious prosecution in Count I. To state a cause of action for malicious prosecution, Payne must allege the following elements:

(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued;

---

[2] While Payne alleges the motion was untimely and meritless, this is still an action taken *during* and *related to* the judicial proceeding. "[T]he inability to pursue a tort action due to the litigation privilege does not leave a party with no remedy. Viable alternative remedies for a participant's misconduct during judicial proceedings include 'the discipline of the courts, the bar association, and the state.'" *LatAm Investments, LLC*, 88 So. 3d at 243 (explaining why the application of the litigation privilege to abuse of process claims does not abolish it as a cause of action because it still exists for conduct taken *outside* a proceeding or, if during, but *unrelated to* the proceeding).

**EXHIBIT PAGE 66**

(2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding;

(3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff;

(4) there was an absence of probable cause for the original proceeding;

(5) there was malice on the part of the present defendant; and

(6) the plaintiff suffered damage as a result of the original proceeding.

*Cohen v. Corwin*, 980 So. 2d 1153, 1155 (Fla. 4th DCA 2008). Here, it is the third element, the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff, that the Court finds lacking.

The current allegations in Payne's Amended Complaint fail to sufficiently show a bona fide termination of Case 8025. As the Fourth District Court of Appeal stated:

> A "bona fide termination" of the proceedings has been described as a fancy phrase which means that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution suit, can conclude with confidence, that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit.

*Id.* It is unclear if Case 8025 has reached a "bona fide termination." Payne alleges that Case 8025 "terminated in Plaintiff's favor" and that final judgment was entered on October 20, 2022. (Am. Compl. ¶ 28). However, Payne also alleges that a motion to vacate that final judgment was filed on April 15, 2024. (*Id.* at ¶ 24(b)). The Amended Complaint fails to allege whether the court ruled on that motion or if it is still pending. If the court were to vacate the final judgment, then Case 8025 surely wouldn't have been terminated in Payne's favor.

**EXHIBIT PAGE 67**

Furthermore, it also appears that the final judgment in that case may have been granted by Diaz's default.[3] (Am. Compl. ¶ 21(a) (mentioning the court granted "Counter-Plaintiff's Motion for **Default** Final Judgment."). "[A] final summary judgment can constitute an adjudication on the merits or a bona fide termination of the proceedings sufficient to satisfy this element of malicious prosecution only if the trial court considered the merits of the case in rendering the summary judgment, rather than if the judgment was just based on a technical or procedural factor." *Jones v. State Farm Mut. Auto. Ins. Co.*, 578 So. 2d 783, 786 (Fla. 1st DCA 1991). Payne's allegations make it unclear whether Case 8025 was terminated on merit or due to a procedural factor. Count I must be dismissed because the Amended Complaint fails to sufficiently allege a bona fide termination of Case 8025 in Payne's favor.

Through Count III, Payne attempts to allege a cause of action based on intentional infliction of emotional distress. There are four elements to this cause of action: "(1) the wrongdoer's conduct was intentional or reckless, *i.e.,* he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, *i.e.,* beyond all bounds of decency, atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *State Farm Mut. Auto. Ins. Co. v. Novotny*, 657 So. 2d 1210, 1212 (Fla. 5th DCA 1995).

While Payne uses the requisite words, such as "intentional or reckless" and "extreme and outrageous," he fails to allege facts supporting such verbiage. In general, Payne asserts that "Defendants used the legal system as a weapon to harass" and that such use was "designed to inflict maximum psychological . . . harm." (Am. Compl. ¶ 39). However, within Count III, he does

---

[3] The Court notes, again, that it is limited to the allegations of the complaint. Defendants LaRue and his Firm refer to portions of the summary judgment order in their motion and ask that this Court take judicial notice of that order. However, no portion of the order was attached to the complaint or cited within. Accordingly, that request for judicial notice is denied.

**EXHIBIT PAGE 68**

not allege which actions each Defendant took or facts which, if taken as true, would show those actions were done with the intent to cause emotional distress. The same can be said for Payne's allegations that such action was extreme and outrageous. Here, the Amended Complaint fails to "set out the elements **and the facts that support them so that the court and the defendant can clearly determine what is being alleged.**" *Barrett v. City of Margate*, 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999) (emphasis added). Accordingly, the Court finds Count III fails to state a cause of action for intentional infliction of emotional distress and must be dismissed. *LeGrande v. Emmanuel*, 889 So. 2d 991, 994 (Fla. 3d DCA 2004); *Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 865 (Fla. 3d DCA 2006).

Count V also fails. In Count V, Payne attempts to allege a cause of action for civil conspiracy. To state a claim for civil conspiracy, Payne must allege "(1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) damage to the plaintiff as a result of the act performed in furtherance of it." *Gilison v. Flagler Bank*, 303 So. 3d 999, 1004 (Fla. 4th DCA 2020). "General allegations of conspiracy are inadequate," and the complaint must "set forth clear, positive, and specific allegations of civil conspiracy." *Eagletech Communications, Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So. 3d 855, 863 (Fla. 4th DCA 2012) (quoting *World Class Yachts, Inc. v. Murphy*, 731 So.2d 798, 799 (Fla. 4th DCA 1999)).

Payne offers only the general and conclusory allegation that Defendants agreed to do an unlawful act or to do a lawful act by unlawful means. The Amended Complaint lacks the requisite clear, positive, and specific allegations of ultimate fact sufficient to state a claim for civil conspiracy. Thus, the Court finds that Count V must also be dismissed.

Page **12** of 17
2024-CA-007719-O

**EXHIBIT PAGE 69**

**IV.    Count IV of the Amended Complaint must be dismissed because Florida's Anti-SLAPP statute does not create an independent cause of action.**

The final Count the Court must address is Count IV. In this Count, Payne alleges that Defendants LaRue, LaRue's Firm, and Diaz violated Section 768.295 of the Florida Statutes, also known as Florida's Anti-SLAPP law. Defendants argue it must be dismissed because Section 768.295 is defensive and does not create a private right of action.

While Section 768.295 provides remedies to a defendant sued in violation of the section, it does not create a private cause of action. This Section was enacted to protect the rights of free speech in connection with public issues. § 768.295(1), Fla. Stat. Through this Section, a person or governmental entity may not engage in SLAPP suits because they are inconsistent with exercising the right of free speech in connection with public issues. *Id.* "It is the intent of the Legislature that such lawsuits be expeditiously disposed of by the courts." *Id.*

Where a statute does not expressly provide for a civil cause of action, the legislative intent guides whether one may be judicially implied. *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994). "Absent a specific expression of such intent, a private right of action may not be implied." *United Auto. Ins. Co. v. Buchalter*, 344 So. 3d 474, 477 (Fla. 4th DCA 2022). Section 768.295 does not expressly provide for a private cause of action if it is violated. Instead, it prohibits the filing of SLAPP lawsuits and provides a mechanism for disposing of such cases if filed. § 768.295(3), Fla. Stat. There is no express creation of an independent cause of action against those who previously filed a SLAPP suit.

Nor does the legislative intent reveal that such a cause of action may be judicially implied. As noted above, the Legislature intends for SLAPP lawsuits to "be expeditiously **disposed of** by the courts." § 768.295(1), Fla. Stat. (emphasis added). In furthering that intent, a person or entity sued in violation of this section "**may move** the court **for an order dismissing** the action **or**

**EXHIBIT PAGE 70**

**granting final judgment** in favor of that person or entity." § 768.295(4), Fla. Stat (emphasis added). Hearings on such motions must be held at the earliest possible time. *Id.* Actual damages may be awarded if a governmental agency is found to have violated the section. *Id.* Attorney fees and costs may also be awarded. *Id.*

The Court finds that Section 768.295 did not create an independent cause of action. Instead, it provides the improperly sued party a method of disposing of the lawsuit. The aggrieved party may move for an order dismissing the action or seek final summary judgment *within* that improperly filed lawsuit. Certain damages, costs, and fees may also be awarded based on the dismissal or final judgment. But this Section does not permit that aggrieved party to initiate a separate, independent suit based on the improperly filed lawsuit. Because Count IV alleges an independent cause of action for the violation of Section 768.295, a cause of action for which that section does not provide, it must be dismissed.

**V.      The claim for punitive damages must be dismissed at this time.**

Each Count of Payne's Amended Complaint also seeks punitive damages. However, "a plaintiff may not assert a claim for punitive damages in an initial complaint. Rather, a plaintiff must 'seek the trial court's permission before adding punitive damages to its complaint.'" *Crump v. Am. Multi-Cinema, Inc.*, 383 So. 3d 880, 885 (Fla. 5th DCA 2024); *see also* § 768.72(1), Fla. Stat.; Fla. R. Civ. P. 1.190(f). Payne included the claims for punitive damages in his Amended Complaint without first having sought this Court's permission. He has not followed the procedures Section 768.72 or Florida Rule of Civil Procedure 1.190 set out. Accordingly, his claims for punitive damages must be dismissed. *Simeon, Inc. v. Cox*, 671 So. 2d 158, 160 (Fla. 1996) ("[A]ny punitive damages claim alleged prior to a party asking for and receiving leave of the court must be dismissed or stricken.").

**EXHIBIT PAGE 71**

## VI.    Counts I, II, III, and V are dismissed without prejudice, but Count IV is dismissed with prejudice.

Defendants ask that all Counts be dismissed with prejudice. However, "a trial court should grant leave to amend, rather than dismiss a complaint with prejudice unless a party has abused the privilege to amend, an amendment would prejudice the opposing party, or the complaint is clearly not amendable." *Newberry Square Fla. Laundromat, LLC v. Jim's Coin Laundry and Dry Cleaners, Inc.*, 296 So. 3d 584, 589 (Fla. 1st DCA 2020) (citing *Fla. Nat'l. Org. for Women, Inc. v. State*, 846 So. 2d 911, 915 (Fla. 1st DCA 2002)). Furthermore, "if a pleader 'may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory,' the pleader should be allowed to amend its complaint." *Id.* (quoting *Fla. Nat'l, Org. for Women, Inc.*, 846 So. 2d at 915).

Payne has amended his complaint only once before; therefore, he cannot be said to have abused the privilege. *Pangea Produce Distribs., Inc. v. Franaco's Produce, Inc.*, 275 So. 3d 240, 242 (Fla. 3d DCA 2019) (holding the privilege to amend had not been abused because the plaintiff had only amended twice before). Nor has there been a showing that any amendment would prejudice Defendants' ability to prepare for trial. *Newman v. State Farm Mut. Auto. Ins. Co.*, 858 So. 2d 1205, 1206 (Fla. 4th DCA 2003) ("[T]he trial court should still weigh the amendment in terms of the prejudice to the opposing party in the preparation for trial.").

As to Counts I, II, III, and V, Defendants have not shown that Payne may be unable to allege additional facts or another cause of action under a different legal theory such that the complaint is clearly not amendable. *Newberry Square Fla. Laundromat*, 296 So. 3d at 589. Therefore, the Court finds dismissal without prejudice appropriate for Counts I, II, III, and V. However, because Count IV alleges a cause of action based on Section 768.295, a cause of action

**EXHIBIT PAGE 72**

the Court finds the section does not create or permit, the Court finds that Count IV is clearly not amendable. Consequently, it must be dismissed with prejudice.

Accordingly, it is hereby **ORDER AND ADJUDGED** that:

1. Payne's "Written Objection to Defendants' Standing and Hearing Scheduled for January 13, 2025," filed on January 9, 2025, is **OVERRULED.**

2. Defendants Donald Dempsey, II, and Donald L. Dempsey, II, P.A.'s "Motion to Dismiss Amended Complaint With Prejudice," filed on October 2, 2024, is **GRANTED.**

3. Defendants Eric Parke LaRue, II and The LaRue Firm, PLLC's "Motion to Dismiss Amended Complaint With Prejudice," filed on October 29, 2024, is **GRANTED.**

4. The Amended Complaint, filed on September 11, 2024, is **DISMISSED.**

5. Payne's claim for punitive damages in each Count is **DISMISSED**.

6. Counts I, II, III, and V are **DISMISSED without prejudice.**

7. Count IV is **DISMISSED with prejudice.**

**DONE AND ORDERED** in Chambers at Orlando, Orange County, Florida, on the date of electronic signature.

01/31/2025 10:50:31
2024-CA-007719-O
eSigned by Luis Calderon 01/31/2025 10:50:31 Ko1pdvgn

**Luis F. Calderon**
**Circuit Court Judge**

**EXHIBIT PAGE 73**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court on the date of electronic signature by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attorney(s)/interested parties identified on the ePortal Electronic Service List via transmission of Notices of Electronic Filing generated by the ePortal System.

*Judicial Assistant to The Honorable Luis F. Calderon*

Electronic Service List

Donald L Dempsey II <dempsey4321@comcast.net>, <erik_kings04@comcast.net>
Eric Parke LaRue II <eric@thelaruefirm.com>, <dana@thelaruefirm.com>, <eservice@thelaruefirm.com>
Jermaine Diaz <moneytoblowmusicgroup@gmail.com>, <jermainediaz@mailfence.com>
Ninth Judicial Circuit <judicial9@ocnjcc.org>
Rayon Payne <Kekomardi@gmail.com>
Jermaine Carlos Diaz <moneytoblowmusicgroup@gmail.com>
Eric Parke LaRue II <eric@thelaruefirm.com>
Lauren Burrows <37orange@ninthcircuit.org>

**EXHIBIT PAGE 74**

1

           IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
                  IN AND FOR ORANGE COUNTY, FLORIDA


RAYON S. PAYNE,

                                      CASE NO.: 2024-CA-7719
        Plaintiff,

vs.                                   DEFENDANT'S MOTION TO
                                      DISMISS AMENDED COMPLAINT
                                      WITH PREJUDICE


ERIC PARKE LARUE, II, et al.,


        Defendants.

_____/


                          BEFORE THE HONORABLE

                          LUIS F. CALDERON


                               REPORTED BY:
                               PETER DILWORTH
                               Remote via Teams
                               January 13, 2025
                               At: 10:00 a.m.

APPEARANCES:

              THE LARUE FIRM, PLLC
              558 West New England Avenue, Suite 210
              Winter Park, Florida 32789
              BY:  ERIC PARKE LARUE, II, ESQUIRE


              DONALD DEMPSEY, II, ESQUIRE
              4321 Roosevelt Boulevard
              Jacksonville, Florida 32210


PRO SE:

              RAYON PAYNE, Plaintiff

**EXHIBIT PAGE 75**

WHEREUPON:

The following proceedings were had:

THE COURT:  This is 24-CA-7719, Payne versus LaRue, Dempsey, Diaz, the LaRue Firm, and Donald Dempsey, P.A.  Counsel for Plaintiff, or, I'm sorry, Plaintiff, pardon me, is appearing pro se. Sir, could you please state your name.

Mr. Payne, can you hear us?  There is someone who called in from an 863 number.  They're currently muted.

MR. PAYNE:  Hello?

THE COURT:  Yes.  Is this Mr. Payne?

MR. PAYNE:  Yes, Your Honor.  Rayon Payne, Your Honor.

THE COURT:  All right.  And, Mr. Payne, are you able to turn on your video?

MR. PAYNE:  I am on the -- I'm not on video, Your Honor, I'm on the phone.

THE COURT:  Okay.  So Mr. Payne.

MR. PAYNE:  Do you want me to call in on the video?

THE COURT:  It's fine.  I just wanted to give you the option.  So Mr. Payne is appearing by phone.  Counsel for Defense.

MR. LARUE:  Yes, good morning, Your Honor.

EXHIBIT PAGE 76

Eric LaRue for myself and my firm.

MR. DEMPSEY: Good morning, Your Honor. Donald Dempsey on behalf of myself as well as my firm.

THE COURT: Okay. And is anybody here on behalf of Mr. Diaz?

Okay. So we're here on two motions to dismiss with prejudice. Mr. LaRue, we'll address yours first, then Mr. Dempsey, and then Mr. Payne will be given an opportunity to respond. The matters have been set for 15 minutes, so I'll allow you each three minutes with respect to each motion for each side.

Okay. Mr. LaRue, go ahead.

MR. LARUE: Understood, Your Honor. Thank you for your time this morning. Okay. So we're here on a motion to dismiss where we're seeking the Court dismiss Mr. Payne's amended complaint with prejudice.

We filed our motion October 29th, since then there's been a litany of motions filed by Mr. Payne, which the Court is probably aware of. But we're just here today on our motion to dismiss. So here's what the amended complaint alleges, is that I filed a lawsuit on behalf of Mr. Diaz way

**EXHIBIT PAGE 77**

back in 2019.  And in June of 2020 an order permitting me and my firm to withdraw from that case was entered by the Court.  Then in September of 24 Mr. Payne files his lawsuit against me, Mr. Dempsey, and our firms, and Mr. Diaz.

Here's the problem with Mr. Payne's lawsuit:  He's got four claims against me and my firm and five claims total.  And I'm going to go through them very quickly each.  The first issue is this, the amended complaint merely alleges that I filed a lawsuit on behalf of Mr. Diaz, and then was subsequently permitted to withdraw, and then the Court after that, after Mr. Diaz' failing to continue to participate in the lawsuit, a final judgment was entered in favor of Mr. Payne thereafter.  But the crux of the problem for Mr. Payne is his claims against me as counsel, prior counsel for Mr. Diaz, and my law firm, are barred by the litigation privilege.  And this is in our motion to dismiss, and Florida law is crystal clear on that.  So that's the first issue, litigation privilege.  All he's saying is, hey, you filed a lawsuit and now I'm suing you.  Well, there's litigation privilege.

Number two, he's got in Count IV of his

**EXHIBIT PAGE 78**

lawsuit an anti -- what he calls anti-SLAPP claim. That statute is 768.295. This is a statute specific to deformation cases in Florida. It does not create a cause of action. It is a defensive mechanism the legislature enacted to defend against defamation claims. So it's just simply not applicable here, there's no cause of action for that.

Next we have Count III, which is intentional infliction of emotional distress. Number one, that's barred by the litigation privilege. Number two, as set forth in our motion, you've got to have some outrageous conduct, which forms the basis for this IIED claim. And, again, what he's looking at, the Johnson V. Hickman case. What Mr. Payne is alleging is that we filed a lawsuit on behalf of Mr. Diaz, and we were then permitted to withdraw. That's not outrageous conduct, even if there was no litigation privilege.

We've also got a civil conspiracy claim that Mr. Diaz has filed. The problem there is litigation privilege, but also there's no underlying tort or wrong, which would form the basis or support the civil conspiracy claim.

Then we've got a malicious prosecution

**EXHIBIT PAGE 79**

claim, which is Count I.  And we would argue the litigation privilege applies there as well.  But even if it does not, what the -- what a malicious prosecution claim requires in Florida is a bona fide termination of the prior proceeding in favor of the Plaintiff.  That's the Verdon V. Song case.

And the Courts have elaborated to what that means.  And what it does not mean is a basically a win for the Defendant in the prior case, which would be Mr. Payne on technicalities or because someone failed to participate in the litigation, which is what happened in this case.  And we've asked the Court to take judicial notice of that court file, this is the 2019 case.  And what happened there was, again, I withdrew from the case, then Mr. Diaz failed to respond, failed to do anything further in the case, which then led to the Court entering judgment in favor of Mr. Payne.  And we've recited portions of that final judgment, that order, which makes it clear that the reason the Court did so, enter final judgment in favor of Mr. Payne in that case, was because Mr. Diaz failed to continue to participate in the litigation.  So he does not have a bona fide termination of the prior proceeding in the 2019 case, which would even

**EXHIBIT PAGE 80**

support the malicious prosecution claim.

Then we've got issue with punitive damages, he didn't follow procedure for that. So we're asking the Court to dismiss this with prejudice. Because, quite frankly, there's no amendment that he could file which would cure these defects, there just is not. So we believe the amended complaint must be dismissed with prejudice.

THE COURT: All right. And Mr. Payne, your response.

MR. PAYNE: Before I proceed, Your Honor, my apologies. There's a Court Reporter here and I forgot to tell you, Your Honor, that he's here. If the Court can please acknowledge him, I'd appreciate it.

THE COURT: Mr. Dilworth.

THE COURT REPORTER: Yes, Judge.

THE COURT: All right. Go ahead, Mr. Payne.

MR. PAYNE: All right. In regards to what Mr. LaRue just mentioned to the Court. One thing -- two things I'd like to point out, Your Honor. One, Mr. LaRue is here on behalf of himself and his firm. I have filed a written objection with the Court in regards to that in regards to the conflict. I'd like the Court to acknowledge that.

**EXHIBIT PAGE 81**

8

Second, Your Honor, there's already binding admission in this case. So any deficiency Mr. LaRue attempts to argue, or Mr. Dempsey argues, they can't overcome the admission that's already binding in this case, on the 1378.

And in regards to that, that's my only response to Mr. Larue's statement. Because he has failed to acknowledge to the Court that there's binding admission that's already established in this case.

THE COURT: All right. And Mr. Dempsey, with regards to your motion.

MR. DEMPSEY: Good morning, Your Honor. Counsel would simply reassert the litigation privilege and the arguments stated in our motion to dismiss with prejudice with respect to Mr. Payne's amended complaint, Your Honor.

With respect to without weighing any of the facts of this case or any allegations, assuming all are true, this civil action would be barred by the litigation privilege. And I believe all the interactions and allegations point to nothing but the judicial proceedings themselves, as well as quotes taken out of context in terms of counsel representing his client, Mr. Diaz, post-judgment in

**EXHIBIT PAGE 82**

this case.

THE COURT:  Mr. Payne, any response to Mr. Dempsey's motion to dismiss.

MR. PAYNE:  It would be the same response as to Mr. LaRue, Your Honor.  The binding admissions settle any deficiency in this motion.  But also the written objection to Mr. Dempsey and Mr. LaRue appearing on behalf of themselves and their law firm.

Attorneys can't be a Defendant and a lawyer in the same case.  And I think my written objection pretty out -- outlines that pretty clearly.

THE COURT:  All right.  Now, I did note that there was a motion to stay that was filed in this case.  The Court will take that into --

MR. PAYNE:  Yes, Your Honor.

THE COURT:  The Court will take that under advisement.  As well as the currently pending motion that's been argued, the Court will issue a written order on the motions to dismiss as well as the motion to stay.  All right?  Thank you counsel. Thank you Mr. Payne.

MR. PAYNE:  All right.  May I be excused, Your Honor?

THE COURT:  You may.

**EXHIBIT PAGE 83**

10

MR. LARUE:  Thank you, Your Honor.

MR. DEMPSEY:  Thank you, Your Honor.

(Proceedings were concluded.)

**EXHIBIT PAGE 84**

11

CERTIFICATE


STATE OF FLORIDA
COUNTY OF SEMINOLE


          I, Peter Dilworth, Court Reporter, certify that I was authorized to and did transcribe the foregoing proceedings; and that the transcript is a true and complete record of the recording.


          I FURTHER CERTIFY that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorney or counsel with the action, nor am I financially interested in the action.


          Dated this 02/03/2025.


          _____
          PETER DILWORTH

**EXHIBIT PAGE 85**

# EXHIBIT H

**EXHIBIT PAGE 86**

Filing # 219118609 E-Filed 03/18/2025 08:06:00 PM

# IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
# CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

RAYON PAYNE,

     Plaintiff,

V.                                       Case No. #2024-CA-7880

JULIYA STAR, ET AL.,

     Defendant.

_____/

## MOTION FOR CLARIFICATION AND CORRECTION OF
## THE RECORD AND EXPEDIA RULING PENDING APPEAL

COMES NOW, the Plaintiff, Rayon Payne, and pursuant to Florida Rules of Appellate Procedure 9.200(f)(2) and 9.200(b)(4), respectfully moves this Honorable Court for clarification and correction of the written order entered on January 22, 2025, and in support states:

### Background

1. A hearing was held on January 15, 2025, on Defendants' motions to dismiss. The official court minutes, filed by the Clerk, state that the Court granted the motions solely on the grounds of lack of personal jurisdiction under Florida's long-arm statute.

2. A court reporter was present; however, the transcript has been made inaccessible due to a $1,500 deposit demanded by the court reporter for a short hearing. As a pro se litigant, Plaintiff cannot reasonably obtain the transcript and must therefore rely on the official minutes and documented record.

1

**EXHIBIT PAGE 87**

## Inconsistency Between Minutes and Order

3.  The written order entered on January 22, 2025, diverges materially from the oral ruling. The order states that dismissal was based on failure to state a cause of action—a ground that was never discussed or ruled upon during the hearing.

4.  The court minutes, however, clearly state:**"This matter is hereby GRANTED for failure to establish long jurisdiction in the state of Florida."**

5.  This contradiction is not clerical. It creates an inaccurate and misleading appellate record, prejudicing Plaintiff's rights and undermining the transparency of judicial proceedings.

## Procedural Misconduct and Objections

6.  Before the hearing, Plaintiff submitted a formal Objection to the Defendants' Standing, citing a clear conflict of interest involving Defendants acting as both parties and legal counsel. This was outlined in a letter dated January 11, 2025, and submitted with an Amended Hearing Index.

7.  Plaintiff also highlighted binding admissions under Florida Rule of Civil Procedure 1.370(a), as Defendants failed to respond to Requests for Admission. These admissions establish material facts and, if acknowledged, would render most of Defendants' motions legally moot.

8.  At the hearing, the Court acknowledged Plaintiff's objection to standing but overruled it. However, that ruling was not included in the written order entered.

9.  After the hearing, Plaintiff objected in writing to the Defendants' proposed order, submitted a competing proposed order, and communicated directly with the Court and opposing counsel. The Judicial Assistant confirmed that both orders were submitted to

2

**EXHIBIT PAGE 88**

the judge. Despite this, the Defendants' order was entered with no further explanation or correction.

**Plaintiff respectfully requests that this Court:**

a. Clarify the legal basis for its ruling at the January 15, 2025 hearing.

b. Correct the written order entered on January 22, 2025, to conform with the Court's oral ruling as reflected in the official minutes.

c. Confirm whether dismissal applied to all named Defendants or only to a subset—specifically, whether Defendant Juliya Star remains a party to this case.

d. Acknowledge and reflect in the corrected order that Plaintiff's objection to standing was raised, heard, and overruled.

10. Given the direct contradiction between the Court's minutes and the written order—and the financial barrier to obtaining the transcript—Plaintiff respectfully demands that the Court correct the record without delay to preserve the integrity of the appellate proceedings and prevent further prejudice.

11. This motion is not about semantics—it is about the accuracy of the judicial record. Without access to the transcript, Plaintiff and the appellate court must rely on the written order and court minutes. The current conflict between them misrepresents what occurred at the hearing and could have serious consequences on appeal. This Court is the only body in a position to correct the record and prevent further harm.

12. Failure to correct a materially inaccurate record—especially where access to the transcript is financially obstructed—raises serious constitutional concerns under the Due Process Clause of the Fourteenth Amendment. Plaintiff has a right to a fair and meaningful appeal, and that right depends on the accuracy of the trial court record. When

3

**EXHIBIT PAGE 89**

the written order contradicts the Court's own minutes, and the transcript is effectively out

of reach, the Court's silence functions as a denial of access to justice.

**EXHIBITS ATTACHED LIST**

- Exhibit A – Court Minutes dated January 15, 2025
- Exhibit B – Defendants' Proposed Order (filed January 21, 2025)
- Exhibit C – Plaintiff's Competing Proposed Order (filed January 18, 2025)
- Exhibit D – Plaintiff's Letter to Judge Deen objecting to Defendants' proposed order (dated January 18, 2025)
- Exhibit E – Email exchange with Judicial Assistant confirming submission of both orders
- Exhibit F – Plaintiff's formal Objection to Standing, Conflict of Interest, and Binding Admissions (dated January 11, 2025)
- Exhibit G – Email from court reporter demanding $1,500 deposit for transcript
- Exhibit H – Order granting the Defendants motion to dismiss on January 22, 2025.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of March, 2025, I electronically filed the foregoing

via Florida Courts E-filing Portal, and served Juilya Star at julistar7@proton.me, and both

Attorneys for Shannon Ramos Shannon E. Murphy shannon.murphy@lewisbrisbois.com,

John A Rine john.rine@lewisbrisbois.com,Lewis Brisbois Bisgaard & Smith LLP on the behalf

of managing partner John A Rine john.rine@lewisbrisbois.com.

Respectfully submitted,
RAYON PAYNE, PRO SE
/s/ Rayon Payne

_____
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

4

**EXHIBIT PAGE 90**

# Exhibit A

## IN THE CIRCUIT COURT OF THE
## NINTH JUDICIAL CIRCUIT, IN AND
## FOR ORANGE COUNTY, FLORIDA

Case number:  2024-CA-007880-O
DEFT'S MOTIONS TO DISMISS

## COURT MINUTES

COURT OPENED 10:45 AM on 15th day of January, 2025 in Hearing Room 1400.02
This case came on this day for Motion
Honorable Deen, Michael , presiding

Rayon Payne
_____

        Petitioner / Plaintiff
VS
Juliya Star; Shannon Ramos; Mason Law Office Pc; John Austin Rine; Shannon
Elizabeth Murphy; Lewis Brisbois Bisgaard & Smith Llp
_____

        Respondent / Defendant

Parties Present:

PAYNE, RAYON              Plaintiff

- Court Reporter: Tomeka McAlphine; Magna Legal Services

Court Deputy: N/A

Attorney John Rine appeared on behalf of Defendant
Attorney John Fuller appeared on behalf of Defendant
Attorney Peter Magnani appeared on behalf of Defendant

Matter Held via Webex: DEFT'S MOTIONS TO DISMISS

COURT RULES AS FOLLOWS: This matter is hereby GRANTED for failure to
establish long jurisdiction in the state of Florida.

Attorney Rine to prepare and submit proposed order to the Court.

COURT RECESSED at 11:01 AM on this the 15th day of January, 2025, subject to call.
Filed in Open Court on 01/15/2025
Deputy Clerk in Attendance: s/Sidney Y.
Office of Tiffany M. Russell, Orange County Clerk of the Circuit and County Courts

**EXHIBIT PAGE 92**

# Exhibit B

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

RAYON PAYNE,                                      Case No.:  2024-CA-7880
      Plaintiff,

v.

JULIYA STAR, SHANNON RAMOS
(formally Shannon Mason), MASON LAW
OFFICE, P.C., JOHN AUSTIN RINE, SHANNON
ELIZABETH MURPHY, and LEWIS BRISBOIS
BISGAARD & SMITH LLP,
      Defendants.
_____/

**ORDER GRANTING DEFENDANTS RAMOS AND MASON LAW'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND DEFENDANTS RINE, MURPHY AND LBBS'S MOTION TO
DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION**

THIS CAUSE came before the Court on Defendants', SHANNON RAMOS and MASON

LAW OFFICE, P.C., Motion to Dismiss Plaintiff's Amended Complaint, filed November 7, 2024,

and Defendants', JOHN AUSTIN RINE, SHANNON ELIZABETH MURPHY, and LEWIS

BRISBOIS BISGAARD & SMITH LLP, Motion to Dismiss for Failure to State a Cause of Action,

filed November 7, 2024. The Court, having reviewed the subject motions, considered the Parties'

arguments and being otherwise fully advised in the premises, it is hereby:

    **ORDERED AND ADJUDGED** that:

    1.    Defendants Ramos and Mason Law Office, P.C.'s Motion to Dismiss Plaintiff's

Amended Complaint is **GRANTED**.

    2.    Defendants Rine, Murphy and Lewis Brisbois Bisgaard & Smith's Motion to

Dismiss for Failure to State a Cause of Action is **GRANTED**.

    **DONE AND ORDERED** at Orange County, Florida on this _____ day of January, 2025.

_____
Michael Deen, Circuit Court Judge

151132979.1                    Page 1 of 2                    **EXHIBIT PAGE 94**

**<u>CERTIFICATE OF SERVICE</u>**

  I HEREBY CERTIFY that on this **_____** day of <u>January, 2025</u>, that a true and correct copy of the foregoing will be served via the Florida Courts E-filing Portal, which will send a Notice of Service of Court Documents to **Rayon Payne**, Plaintiff *Pro Se*, at the following designated email address: kekomardi@gmail.com; to **John A. Rine, Esq**. and **Shannon E. Murphy, Esq.**, Lewis Brisbois Bisgaard & Smith LLP, at the following designated email addresses: john.rine@lewisbrisbois.com; shannon.murphy@lewisbrisbois.com; flcourtmail@lewisbrisbois.com; karen.halsey@lewisbrisbois.com; and to **Juliya Star**, Defendant *Pro Se*, at the following designated email address: julistar7@proton.me.

_____

**EXHIBIT PAGE 95**

# Exhibit C

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

RAYON PAYNE,

      Plaintiff,

V.                                                                    Case No. #2024-CA-7880

JULIYA STAR, ET AL,

      Defendant.

_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

THIS MATTER came before the Court on the Defendants' motions to dismiss Plaintiff's

Amended Complaint. The Court, having reviewed the motions, Plaintiff's responses, and having

heard arguments of the parties on January 15, 2025, and being otherwise fully advised hereby

**ORDERED AND ADJUDGED** as follows:

1.  The Court grants Defendants' Ramos, Mason Law Office, P.C., Rine, Murphy, and Lewis

    Brisbois Bisgaard & Smith LLP. motions to dismiss Plaintiff's Amended Complaint. The

    Court finds that Plaintiff has failed to establish jurisdiction under Florida's long-arm

    statute, § 48.193.

2.  Plaintiff raised an objection to the Defendants' standing to file the motions to dismiss,

    asserting a conflict of interest. The Court acknowledges Plaintiff's objection but

    overrules it.

3.  This order applies to the motions to dismiss filed by Defendants Ramos, Mason Law

    Office, P.C., Rine, Murphy, and Lewis Brisbois Bisgaard & Smith LLP. Defendant Juliya

    Starr is not included in this dismissal and remains a party to this case.

    DONE AND ORDERED in [County], Florida, this ____ day of _____, 2025.

1

**EXHIBIT PAGE 97**

_____
Honorable Michael Deen
Circuit Court Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed with the Clerk of the Court on this date set forth in the electronic signature below, by using the Florida Courts E-Filing Portal System. Accordingly, a copy of the foregoing is being served on this day to all attomey(s)/interested parties identified on the ePortal Electronic Service List, via transmission of Notices of Electronic Filing generated by the ePortal System. If there are parties not receiving service through the Florida Courts E-Filing Portal, counsel for Movant shall serve a copy of this Order via U.S. Mail to all parties not receiving service of court filings through the Florida Courts e-Filing Portal and shall file a Certificate of Service within three (3) days from the date of this Order.

DATED this _____ day of January 2025.

_____
Henrietta Coffee, Judicial Assistant

2

**EXHIBIT PAGE 98**

# Exhibit D



**Date: January 18, 2025**

**Honorable Michael Deen**
Circuit Court Judge Ninth Judicial Circuit
Orange County Courthouse
425 N. Orange Avenue
Orlando, Florida 32801

**Re: Case No. 2024-CA-007880-O**
**Subject: Objection to Defendants' Proposed Order on Motions to Dismiss**

Dear Judge Deen,

Dear Judge Deen,

I respectfully object to the Defendants' proposed order submitted on January 15, 2025, as it does not accurately reflect the court's oral rulings during the hearing.

## Key Issues:

1. **Omission of the Basis for Dismissal**: The court granted the motions to dismiss solely on the grounds of failure to establish jurisdiction under Florida's long-arm statute. The proposed order omits this basis and instead adds language suggesting dismissal for failure to state a cause of action, which was never discussed.

2. **Scope of Dismissal**: The proposed order fails to clarify that the dismissal applies only to Defendants Ramos, Mason Law Office, Rine, Murphy, and Lewis Brisbois Bisgaard & Smith LLP, excluding Defendant Juliya Star.

3. **Plaintiff's Objection**: The court overruled Plaintiff's objection to the Defendants' standing due to a conflict of interest. This critical procedural ruling is absent from the proposed order.

1

**EXHIBIT PAGE 100**



**Why Accuracy Matters:**

Having an accurate order is paramount, especially as obtaining the hearing transcript has been made burdensome by the court reporter's demand for a **$1500 deposit** for a 15-minute hearing. As a pro se litigant, this financial barrier underscores the importance of ensuring that the written order reflects the court's rulings exactly as expressed.

I formally objected to the Defendants' proposed order and, on January 15, 2025, submitted my competing proposed order for their review. I provided the Defendants with an opportunity to object or propose revisions by Friday, January 17, 2025, by 5:00 PM. As of this filing, I have not received any response, objection, or revised proposed order from the Defendants.

I respectfully request that the court reject the Defendants' proposed order and adopt my competing proposed order, which is attached for review.

Thank you for your attention to this matter.


Rayon Payne, Pro Se


8815 Conroy Windermere Rd
Ste. #208
Orlando Fl 32835
Phone: 863-485-0550
Email: kekomardi@gmail.com

**Attachments:**

(1) Court Minutes from January 15, 2025
(2) Defendants' Proposed Order
(3) Plaintiff's Competing Proposed Order
(4) Court Reporter Email

2

**EXHIBIT PAGE 101**

# Exhibit E

 **Gmail**

Keko Mardi <kekomardi@gmail.com>

## Proposed Order - CASE NUMBER 482024CA007880A001OX PAYNE, RAYON vs. STAR, JULIYA et al.
4 messages

**Halsey, Karen** <Karen.Halsey@lewisbrisbois.com>                                    Tue, Jan 21, 2025 at 4:00 PM
To: 39orange <39orange@ninthcircuit.org>
Cc: "kekomardi@gmail.com" <kekomardi@gmail.com>, "julistar7@proton.me" <julistar7@proton.me>

Please see attached correspondence from Shannon Murphy, along with a proposed order.



**Karen Halsey**

*Legal Assistant to John A. Rine, Richard T. Fuerst and Shannon E. Murphy*

karen.halsey@lewisbrisbois.com

Direct: (813) 739-1970

401 East Jackson Street, Suite 3400

Tampa, FL 33602

T: (813) 739-1900 F: (813) 739-1919

www.lewisbrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

---

**2 attachments**

 **Payne - Murphy to Judge Deen - Proposed Order Granting Defendants' Motions to Dismiss(151352223.1).pdf**
136K

 **Payne v. Star et al.; 2024-CA-7880; Proposed Order Granting Defendants' Motions to Dismiss(151132979.1).docx**
25K

---

**39orange** <39orange@ninthcircuit.org>                                    Tue, Jan 21, 2025 at 4:27 PM
To: "Halsey, Karen" <Karen.Halsey@lewisbrisbois.com>, 39orange <39orange@ninthcircuit.org>
Cc: "kekomardi@gmail.com" <kekomardi@gmail.com>, "julistar7@proton.me" <julistar7@proton.me>

Agreed order?

Thank you,

Henrietta

*Henrietta Coffee*

Judicial Assistant to

Honorable Judge Michael Deen

---

**EXHIBIT PAGE 103**

Gmail – Proposed Order – CASE NUMBER 482024CA007860A001OX PAYNE, RAYON vs. STAR, JULIYA et al.

Case 6:25-cv-00615-AGM-LHP    Document 12-1    Filed 04/17/25    Page 104 of 209
PageID 458

3/18/25, 7:30 PM

Orange County Courthouse

Division 39

425 North Orange Avenue

Orlando, FL. 32801

407-836-6004

**You must include the opposing party in your correspondence to the Court. Emails received without the opposing party included will not be addressed.**

## Judge Deen Webpage: Procedures and other important info

https://ninthcircuit.org/judges/circuit/michael-deen

## Division 39 aiCalendar:

Circuit Civil Division 39 - 9th Judicial Circuit Court Calendar (ocnjcc.net)

[Quoted text hidden]

---

**Keko Mardi** <kekomardi@gmail.com>                                              Tue, Jan 21, 2025 at 4:53 PM
To: 39orange <39orange@ninthcircuit.org>
Cc: "Halsey, Karen" <Karen.Halsey@lewisbrisbois.com>, "julistar7@proton.me" <julistar7@proton.me>

Good afternoon Ms. Coffee I did not agree to that order I objected and no changes were made or any response from opposing counsel so I filed a competing proposed order.

Rayon Payne,

Disclaimer
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

[Quoted text hidden]

---

**39orange** <39orange@ninthcircuit.org>                                          Wed, Jan 22, 2025 at 9:07 AM
To: Keko Mardi <kekomardi@gmail.com>, 39orange <39orange@ninthcircuit.org>
Cc: "Halsey, Karen" <Karen.Halsey@lewisbrisbois.com>, "julistar7@proton.me" <julistar7@proton.me>

Good morning,

Both orders sent to Judge Deen for review.

[Quoted text hidden]

---

**EXHIBIT PAGE 104**

# Exhibit F

Case 6:25-cv-00615-AGM-LHP    Document 12-1    Filed 04/17/25    Page 106 of 209 PageID 460



**Date: 01/11/2025**

**The Honorable Michael Deen**
Ninth Judicial Circuit of Florida
425 N. Orange Avenue,
Orlando, FL 32801

**Re: Amended Hearing Index and Objection to Defendants' Standing – Case No. 2024-CA-7880**

Dear Ms. Coffee,

I hope this email finds you well.

I am submitting the following materials in preparation for the hearing scheduled in **Division 39** on **January 15, 2025, at 10:45 a.m.**, regarding **Defendants' Motion to Dismiss** in the case of **Rayon Payne v. Juliya Star, et al. (Case No. 2024-CA-7880)**:

1.  **Amended Hearing Index**: This updated index highlights critical points for the Court's attention, including the conflict of interest and binding admissions.
2.  **Written Objection to Defendants' Standing**: This objection addresses the **conflict of interest** created by the Defendants acting as both **parties** and **counsel** in this matter.

The materials emphasize the following key points:

1.  **Conflict of Interest**:
    ○   The Defendants are simultaneously serving as **parties** and **attorneys** in this matter, violating Florida Rule of Professional Conduct **4-1.7**.
    ○   This conflict impacts their standing to bring any motions or participate in the case, and the Court has an independent duty to address it as a **threshold issue** before considering any substantive motions.
2.  **Binding Admissions**:
    ○   Under Florida Rule of Civil Procedure **1.370(a)**, the Defendants failed to respond to properly served Requests for Admission, resulting in those matters being **deemed admitted by operation of law**.
    ○   These admissions conclusively establish key facts and render much of the Defendants' motions, including their Motion to Dismiss, **moot**.

1

**EXHIBIT PAGE 106**



I respectfully request that the Court address these issues during the hearing. Copies of the **Amended Hearing Index**and the **Objection to Defendants' Standing** are attached for your records and submission to the judge.

Please let me know if any additional information or documentation is required.

Thank you for your time and assistance.

**Respectfully submitted,**

Rayon Payne, Pro Se
8815 Conroy Windermere Rd., Ste. #208
Orlando, FL 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

2

**EXHIBIT PAGE 107**

# Exhibit G

**EXHIBIT PAGE 108**

# I N V O I C E

1 of 1

Magna Legal Services
Seven Penn Center
1635 Market Street -8th Floor
Philadelphia, PA 19103
T: 215.207.9460  F: 215-207-2322

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 1475759*** | 1/16/2025 | 1263360 |

| Job Date | Case No. |
|---|---|
| 1/15/2025 | |

| Case Name |
|---|
| Rayon Payne v. Juliya Star, et al. |

| Payment Terms |
|---|
| Due upon receipt |

Keko Mardi, Pro Se
Keko Mardi, Pro Se

| | | | | |
|---|---|---|---|---|
| Honorable Michael Deen (Orlando) | | | | |
| Retainer Fee | 1.00 | @ | 1,500.000 | 1,500.00 |
| | **TOTAL DUE  >>>** | | | **$1,500.00** |

Location of Job    : VIRTUAL, FL

Thank you, we appreciate your business!

Balances unpaid in excess of 30 days shall bear interest at a rate of 18% simple interest per annum.

WE ACCEPT VISA, MASTERCARD

**Tax ID:** 83-2616308

*Please detach bottom portion and return with payment.*

Keko Mardi, Pro Se
Keko Mardi, Pro Se

| | | | |
|---|---|---|---|
| Job No. | : 1263360 | BU ID | : Florida |
| Case No. | : | | |
| Case Name | : Rayon Payne v. Juliya Star, et al. | | |
| Invoice No. | : 1475759*** | Invoice Date | : 1/16/2025 |
| **Total Due** | : **$1,500.00** | | |

Remit To: **Magna Legal Services LLC**
**P.O. Box 822804**
**Philadelphia, PA 19182-2804**

**PAYMENT WITH CREDIT CARD**   AMEX  MasterCard  VISA

Cardholder's Name:
Card Number:
Exp. Date:                   Phone#:
Billing Address:
Zip:              Card Security Code:
Amount to Charge:
Cardholder's Signature:
Email:

EXHIBIT PAGE 109

# Exhibit H

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

RAYON PAYNE,
      Plaintiff,

v.

Case No.: 2024-CA-007880-O

JULIYA STAR, SHANNON RAMOS
(formally Shannon Mason), MASON LAW
OFFICE, P.C., JOHN AUSTIN RINE, SHANNON
ELIZABETH MURPHY, and LEWIS BRISBOIS
BISGAARD & SMITH LLP,
      Defendants.

_____/

## ORDER GRANTING DEFENDANTS RAMOS AND MASON LAW'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND DEFENDANTS RINE, MURPHY AND LBBS'S MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION

THIS CAUSE came before the Court on Defendants', SHANNON RAMOS and MASON LAW OFFICE, P.C., Motion to Dismiss Plaintiff's Amended Complaint, filed November 7, 2024, and Defendants', JOHN AUSTIN RINE, SHANNON ELIZABETH MURPHY, and LEWIS BRISBOIS BISGAARD & SMITH LLP, Motion to Dismiss for Failure to State a Cause of Action, filed November 7, 2024. The Court, having reviewed the subject motions, considered the Parties' arguments and being otherwise fully advised in the premises, it is hereby **ORDERED** that:

1.     Defendants Ramos and Mason Law Office, P.C.'s Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**.

2.     Defendants Rine, Murphy and Lewis Brisbois Bisgaard & Smith's Motion to Dismiss for Failure to State a Cause of Action is **GRANTED**.

ORDERED in Orange County, Florida on the date reflected in the e-signature below.

01/22/2025 14:04:53
2024-CA-007880-O

eSigned by Michael Deen 01/22/2025 14:04:53 YDcC0rxg

Circuit Court Judge

151132979.1

Page 1 of 2

**EXHIBIT PAGE 111**

COURT SERVES PARTIES/COUNSEL OF RECORD VIA E-PORTAL. DEFENDANT IS RESPONSIBLE FOR SERVING ANY PARTY NOT PARTICIPATING IN ELECTRONIC FILING AND THEN FILING A CERTIFICATE OF SERVICE WITHIN THREE (3) BUSINESS DAYS OF THIS ORDER.

**EXHIBIT PAGE 112**

# EXHIBIT I

**EXHIBIT PAGE 113**

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE FLORIDA

CASE NO: 2024-CA-007880-O
DIVISION: 39

**RAYON PAYNE,**
　　　　Plaintiff,
and

**JULIYA STAR, SHANNON RAMOS, MASON LAW OFFICE PC, JOHN AUSTIN RINE, SHANNON ELIZABETH MURPHY, LEWIS BRISBOIS BISGAARD & SMITH LLP,**
　　　　Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION AND CORRECTION OF THE RECORD

**THIS CAUSE**, came before the Court on Plaintiff's "Motion for Clarification and Correction of the Record and Expedia Ruling Pending Appeal." On January 22, 2025, this Court entered its Order Granting Defendants Ramos and Mason Law's Motion to Dismiss Plaintiff's Amended Complaint and Defendants Rine, Murphy and LBBS's Motion to Dismiss for Failure to State a Cause of Action (the "Order"). Plaintiff now contends that the January 22 Order does not conform to the Court's oral pronouncements, the hearing minutes, or other issues raised at the January 15, 2025 hearing. Having reviewed the Motion, all pertinent filings, and being duly advised in the premises, the Court Orders that the Motion is DENIED. The grounds for dismissal as stated in the Order are consistent with the Court's review of the Defendants' motions, legal arguments presented, and the Court's authority to dismiss where the complaint

1. Correction of the Record and Expedia Ruling Pending Appeal" is DENIED.

    **ORDERED** in Orlando, Orange County, Florida on this 20th day of March, 2025.

03/20/2025 11:38:32
2024-CA-007880-O
eSigned by Michael Deen 03/20/2025 11:38:32 aUAQOqXE

Circuit Court Judge

**EXHIBIT PAGE 114**

COURT SERVES PARTIES/COUNSEL OF RECORD VIA E-PORTAL. PLAINTIFF IS RESPONSIBLE FOR SERVING ANY PARTY NOT PARTICIPATING IN ELECTRONIC FILING AND THEN FILING A CERTIFICATE OF SERVICE WITHIN THREE (3) BUSINESS DAYS OF THIS ORDER.

**EXHIBIT PAGE 115**

# EXHIBIT J

1

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

RAYON S. PAYNE,

     Plaintiff,

vs.                                    CASE NO.: 2024-CA-9448

                                       MOTION TO STRIKE/DISMISS

MELISSA SUE AMARAL, RLW
REALTY, LLC,
LOGAN WILSON, ELIZABETH
JEAN, UNKNOWN TENANT(S)

     Defendants.
_____/

                    BEFORE THE HONORABLE

                  PATRICIA L. STROWBRIDGE

                              REPORTED BY:
                              PETER DILWORTH
                              Remote via Teams
                              January 7, 2025
                              At: 10:47 a.m.

APPEARANCES:

            WICKER SMITH
            390 North Orange Avenue, Suite 1000
            Winter Park, Florida 32801
            Attorney for Defendant
            BY:  BENJAMIN MICHAEL KOESTER, ESQUIRE

**EXHIBIT PAGE 117**

2

APPEARANCES: (Cont'd)

        MY ORLANDO LAWYER
        1728 Salem Drive
        Orlando, Florida 32807
        Attorney for Codefendant
        BY:  IRENE BEATRIZ PONS, ESQUIRE

PRO SE:

        RAYON PAYNE, Plaintiff

**EXHIBIT PAGE 118**

WHEREUPON:

The following proceedings were had:

THE COURT: The 10:30 case is Payne versus Amaral, 2024-CA-9448. Appearance for Plaintiff.

MS. PONS: Attorney Irene Pons on behalf of -- sorry, I'm covering for Stuart Glenn.

THE COURT: Representing Plaintiff?

MS. PONS: Yes.

THE COURT: All right. Appearance for Defense.

MR. KOESTER: Ma'am, Ms. Pons, I believe that you're representing Codefendant in this matter.

MS. PONS: Thank you. Mr. Payne is who I know we're against. Okay.

THE COURT: Okay. Mr. Payne, are you representing yourself in this matter?

MR. PAYNE: Yes, Your Honor.

THE COURT: You need to activate your camera to participate in the hearing today, please.

All right. So, Ms. Pons, who are you representing?

MS. PONS: I'm covering for Stuart Glenn.

THE COURT: That would be Ms. Amaral?

MS. PONS: Yes, Amaral, that's the

Codefendant.

THE COURT:  All right.  And Mr. Koester, you're representing who?

MR. KOESTER:  Good morning, Your Honor, Ben Koester representing RLW Realty LLC, Logan Wilson, and Elizabeth Jean.

THE COURT:  All the rest of them.

MR. KOESTER:  Correct, ma'am.

A COURT REPORTER:  And, Your Honor, good morning.  I'm Jasmine, I'm the Court Reporter today for this case.

THE COURT:  All right.  And you are with?

A COURT REPORTER:  Magna Legal Services.

THE COURT:  All right.  Folks, I have a motion to dismiss?

MR. PAYNE:  May I say something, Your Honor?

THE COURT:  Sorry?

MR. PAYNE:  May I say something, Your Honor?

THE COURT:  About what?

MR. PAYNE:  There is another Court Reporter here, Peter Dolson.

THE COURT REPORTER:  Dilworth.  That's all right.  I'm not sure what Judge wants to do.

THE COURT:  There are two Court Reporters?

THE COURT REPORTER:  Yes, ma'am.  Mr. Payne

EXHIBIT PAGE 120

retained me.

THE COURT:  Well, I don't care, you can either have two Court Reporters or you can --

MR. KOESTER:  Would you like to keep your Court Reporter, Mr. Payne?  We would like to keep our Court Reporter that we previously retained.

MR. PAYNE:  Yeah, of course.  I would like to keep mine as well.

THE COURT:  All right.  Y'all want to waste money, you can go ahead and do that.  Doesn't matter to me.

I've got a motion to dismiss that was filed on November 18, 2024.  And so I've got two different motions to dismiss, but this is the motion to dismiss by RLW Realty, correct?

MR. KOESTER:  That is correct, ma'am.  We filed an amended motion to dismiss immediately after filing our previous motion to dismiss, because an exhibit was neglected so we attached that on November 18th.

THE COURT:  All right.  So just to let you all know, I have read the motion to dismiss.  I have reviewed the court file, you do not need to go through all of the background on the case.  We can jump fairly quickly to the issues in the motion.

**EXHIBIT PAGE 121**

6

MR. KOESTER:  Thank you, Your Honor.  So to jump into the issues within the motion, Mr. Payne alleges a counterclaim against five different Codefendants.  Within his allegations within the complaint he makes numerous references to defendants plural, but he fails to specify which defendants he is assessing each Count towards.  Leaving codefendants RLW Realty, Logan Wilson, and Elizabeth Jean to have to guess as to which complaints apply to them.  So that's really the biggest issue that we have.

There's also -- Codefendants believe that some of these allegations are not sufficient to sustain a cause of action.  For example, in Count I the breach of contract action fails to attach the contract itself, allowing for Codefendants to decipher what part of the contract was allegedly breached.  Or Count III is another example, the breach of private enjoyment action.  To Codefendants' knowledge, Plaintiff is still living at the 4811 Briton Terrace address.  Presently he is current on his rent, it doesn't appear there are any other issues going on with his tenancy.  So we feel that's also not sufficient to sustain a cause of action.

**EXHIBIT PAGE 122**

In brief sum, Defendants are not asking for Your Honor to dismiss Plaintiff's complaint with prejudice.  Codefendants understand Plaintiff is pro se Plaintiff and should be given the opportunity to amend his complaint and be given as much time as he wants to do that.  But we need more particulars to what he is pleading against each Codefendant.

And we also feel that Plaintiff should not be allowed to plead the punitive damages that he has alleged at this time as well.  That's a high standard.  He has not alleged gross misconduct, intentional misconduct, gross negligence, anything that rises to that level.

So in sum, Your Honor, the Codefendants will honorably request that this Court dismiss Plaintiff's complaint as it is leaving him an end to file that amended complaint.  And we would also like to reserve the right to discuss any other motions that Mr. Payne has filed in support of this hearing as well should this Honor wish to discuss any of the discovery motions that he has also attached at this time.

THE COURT:  Mr. Payne.

MR. PAYNE:  Morning, Your Honor.  Rayon

**EXHIBIT PAGE 123**

Payne.  Your Honor, when this motion was filed to dismiss, it was done on November 18th.  The Defendants, and I'm saying Defendants, but my motion pertains to all the Defendants.  They noticed this motion to be heard on November 20th.  When they did so, they did so, the admission was not binding.  The admission became binding on December 6th.

THE COURT:  What became binding?

MR. PAYNE:  The admission.  My request for discovery.  I served the Defendant.

THE COURT:  I am here on a motion to dismiss the complaint.  Not on anything to do with request for admissions.  That's not noticed for today.

MR. PAYNE:  Well, my --

THE COURT:  This is their motion to dismiss the complaint that was filed on November 18th.  That's the only thing cued up today.

MR. PAYNE:  Well, my response to their motion to dismiss, Your Honor, is based on the admission, because I respond to that motion.  They're arguing sufficiency of the motion.  And a motion to dismiss, this Court must accept all four corners of the complaint in the favor most favorable to the Plaintiff.

**EXHIBIT PAGE 124**

THE COURT:  Mr. Payne, I know my standard. I know the standard on a motion to dismiss, that's what I do day-in and day-out, they teach us that in judge school.  I just need you to get to -- it's a shotgun pleading.  You have multiple different Defendants and you have not clearly alleged which of these Defendants did which of these things. That's the primary gist of the motion to dismiss. So why can this pleading stand when it is not articulating what each of those individual Defendants did?

There are some secondary arguments.  There's a breach of contract, and there's no attached contract.  There's a breach of quiet enjoyment, but you're still living there.  There's constructive eviction, but you're still thriving there.  And so those are questions as to whether or not those Counts can stand.  But I need to address first the issue of pleading all Defendants in all Counts.

MR. PAYNE:  Well, for me, Your Honor, all Defendants are pled correctly in this complaint because it alleges what each Defendant did.  The responsibility of each Defendant.  Now if this Court disagrees with that, it's the Court's prerogative to disagree with it.

EXHIBIT PAGE 125

THE COURT:  Okay.  So let me clarify for you.  This is not the Court's prerogative.  This is not the Court exercising discretion.  This is things like you allege a breach of contract, but you didn't attach the contract; and you alleged it against all Defendants.  Now, some of these Defendants include things like unknown tenants, property owner, I don't know who your contract was with.  But you can only allege a breach of contract as to the person you were in contact with.

Now, you say in your complaint that the contract was with RLW Realty, but you allege that all the defendants breached the lease; S-apostrophe, all Defendants, not just RLW Realty.  That's inappropriate pleading.

If you have a breach of contract to RLW Realty, then that cause needs to be only as to RLW Realty.  If you have a different contract or you have another person who is a signatory to the contract, remember I don't have the contract so I don't know who else might be involved in this lease.

So, but then you go on to negligence in the next Count.  And you just claim all of these Defendants owed a duty of a safe and secure living

environment, but you don't establish what they've done that breach that duty individually.  It just simply says they owed a duty and they breached it.  Those are what we call conclusory allegations, but Florida is a fact pleading state.  You have to plead the facts as to how each individual Defendant was negligent.

Generally that's going to be a separate negligence Count as to each one of the Defendants.  Constructive eviction, again, all Defendants but eviction -- well, first of all you didn't actually allege that you were evicted.  And so I'm not sure how that can stand, because you're still living there.

So the fact you considered vacating the property is not going to support a cause of action for a constructive eviction.  You have to have actually vacated the property based upon some action that the Defendant or one or more of them committed.  And then if more than one of the Defendants engaged in some behavior which caused you to vacate the property, then they would each need a separate Count or an allegation they acted in concert to do that.

Same thing with breach of quiet enjoyment.

It's a term of the lease, the right of quiet enjoyment is something that comes as a result of the lease.  Did all of these Defendants participate in this lease?  If they did, then maybe they all are liable for a breach of quiet enjoyment; but only the ones who participated in the lease could possibly be, because that's a contracted form.

Right.  Civil conspiracy, you've alleged all of them, but you haven't actually alleged how they were acting in concert with each other.  It's just simply a legal conclusion that they were conspiring, but you have to allege how they were conspiring with each other.  So that's not in there.

So -- and then there's a Count VI for bad faith and obstruction of legal rights.  I'm not sure if that's just a catch-all, but I don't know of a cause of action for that.  And Count VII, tortious interference with contractual rights.  Only those with which you have a contract can -- or those -- you know, who's interfering with your contractual rights.

It says in here, it's kind of vague, but it talks about -- it just talks about the Defendants as a group, had knowledge of this contract and your

**EXHIBIT PAGE 128**

rights.  And then Defendants as a group withheld necessary legal information; but it doesn't say which Defendant did that.  So, again, it's a fact pleading issue.  If you requested this information from one of these Defendants, or all of these Defendants, it needs to -- those facts need to be pled so that they can respond to them.  They don't know -- from the pleading, they don't know who it was.

So, I mean, on the face of it, the complaints going to have to be dismissed because it doesn't meet pleading standards.  But I don't -- it's a dismissal without prejudice, which means you have the right to replead it and clean it up.  So the issue is rather than just continuing to go round and round with multiple different amended complaints followed by multiple motions to dismiss. It makes more sense to go through all of the things that need to be addressed so that the amended complaint addresses each one of those.

So let's start with it's a shotgun pleading, and that is specifically disallowed.  You cannot sue all Defendants on all claims without identifying the factual basis for how each one of the Defendants is individually liable.  The

**EXHIBIT PAGE 129**

cleanest way to do that is with individual Counts. If you believe that Ms. Amaral was negligent, have a Count as negligence to Ms. Amaral. If you also believe RLW Realty was negligent, you should have a separate Count as to RLW Realty. Because the basis for the negligence is likely to be factually different between the two of them. It may not apply in a conspiracy Count where you're alleging they're all in concert, but if facts of the conspiracy have to be alleged. So for most of the Counts, they probably need to be broken down by the individual Defendants.

With regard to the breach of contract. If you're -- the rules say that if you are alleging a cause of action based upon a written contract, you must either attach that contract or you must incorporate the provisions of the contract. So you can -- if you want to say they breached paragraph eight of a contract, you can set out in your complaint exactly what paragraph eight says as oppose to actually attaching the contract. Or you can attach the whole contract and simply reference to paragraph eight. But one way or the other, the contract itself and what the alleged breach is has to be outlined factually in the complaint.

**EXHIBIT PAGE 130**

As to the constructive eviction and the breach of the quiet enjoyment. In order for those Counts to be maintained you must allege that you in fact no longer live there. And so if you still live there, then don't replead those, because you don't meet the standard for those.

As to the punitive damages. Punitive damages cannot be asserted without meeting the legal standard for those. Once discovery is underway, if you believe that you meet the standard, or -- of gross negligence or willful misconduct or something that meets the standard; or punitive damages, you can request the right to amend to add that. But that would have to be based upon facts that are not -- the facts that are developed in this complaint do not support a cause of action for punitive damages. And so at this point you don't have the standard met. So I would strike the request for punitive damages.

And with regard to injunctive relief, it's requested in there, but you would have to layout the standard for an injunction. Which means that your -- that you have a likelihood of success on the merits and that the -- without the entry of an injunction, you would be irreparably harmed, and

there's no adequate remedy at law.  So that's just simply not laid out here.  All it says is -- in the complaint all it says is that they should be enjoined and cease any efforts.  But it doesn't lay out the standard for a temporary injunction.

And there's no -- other than some reference to a conversation in which someone, one of the Defendants, someone from RLW Realty offered an early termination of the lease; there's no indication any of these Defendants have taken any steps to interfere with rights or terminate the lease.  So at this juncture you can plead it if you meet that standard, but you have to meet -- you have to plead the standard in it.

And then lastly I'd have to have the contract in order to determine whether or not there's any entitlement to reimbursement of cost and legal fees.  If it's not laid out in the contract, then your entitlement to fees and costs have to be based upon statute or contract, one or the other, but you have to establish where you're getting it from.  Either you have the right under a statute and you can reference that statute, or you have a right under a contract and you can reference that contract.  But you can't just make a demand

EXHIBIT PAGE 132

for those types of damages that aren't supported by the contract or statute.

So each one of those things will need to be addressed.  And at this juncture I would need to know from you, Mr. Payne, how long you need to amend your complaint.

MR. PAYNE:  I don't know, Your Honor.  I think I'd more like to explore my options.  If you want to put 30-days, or 10-days, that would be --

THE COURT:  I can give you 30-days, that's not a problem.

MR. PAYNE:  But I'd like to really explore my options, because when we begin the hearing, you said you weren't concerned about other things other than the motion to dismiss.  And when I served the complaint with this Defendant, I served with discovery.  Those discovery are now binding.  And if the Court's not going to take that into consideration to dismiss the complaint as is to re-amend, I'd have to take that into consideration as well.

THE COURT:  I don't have anything relative to discovery here.  There is a response to the request for admissions.  So if you wish to set a hearing relative to that...

18

MR. PAYNE: It --

THE COURT: -- so I don't know --

MR. PAYNE: No, Your Honor, the motions for discovery are binding by operation of law. They responded, and those admissions they responded to are not under oath. So they're not proper. But, again, you've made your ruling. I don't want to argue with you, Your Honor.

THE COURT: Mr. Payne, you probably should seek legal counsel. Because a response to admissions that is timely filed is a nonissue for me. They are not deemed admitted. They are certified with a certificate of service, and that's all that you get on that type of discovery. On an interrogatory, it has to be verified. But this is a request for admission.

So I can't -- I'm not going to get into how all of this works. But there were requests for admissions, those requests for admissions were responded to, and they were denied. It's still of no issue to whether or not the pleading is adequate. Because on a motion to dismiss I can't look at your request for admissions anyway. The law says I have to stay within the four corners of the complaint itself. So no discovery can affect

**EXHIBIT PAGE 134**

the decision on a motion to dismiss.  You, yourself cited that law in the very beginning.  So you already know that I must stay within the four corners of the complaint in assessing the validity of the motion to dismiss.  And that's what I did. Within the four corners of the complaint, I have advised you that the complaint constitutes a shotgun pleading, which you can look that up as to what it is, but that's what you filed, is a shotgun pleading.  It contains requests for relief that are not supported and need to be.  And so it has to be dismissed.

This is not a dismissal with prejudice. It's not dismissing your Counts.  It's saying your pleading needs to be cleaned up so that it is no longer a shotgun pleading and no longer requests relief that's unsupported by the attachments, and it doesn't request relief that's not based upon stated facts, because Florida is a fact pleading state.

So all of that -- so I apologize for your misinterpretation of my answer with regard to the request for admissions, they're not at issue for today's hearing, because I cannot consider them. Even if they hadn't responded to them, I could

consider them in the motion to dismiss.  I am required to stay within the complaint itself.  And that's what I'm doing.

So you can amend your complaint within the 30-days and Mr. Koester and Ms. Pons, how long do you need to respond to the amended complaint.

MR. KOESTER:  We would ask 20-days, please, Your Honor.

MS. PONS:  That's fine, Your Honor.

THE COURT:  All right.  Folks, I need an order.  Who is going to send me the order?

MR. KOESTER:  I can send you the order, Your Honor.

THE COURT:  It is your motion.  So, folks, let me bring up one other thing to you.  This complaint was filed on October 24th and so as you, at least the attorneys are aware, we have new rules of procedure, and the rules of procedure have abolished the at issue rule.  Which means that sometime in the next, probably 90-days, you're going to be issued a trial order in this case.  So the case is struggling to get pleadings set at this time, and -- but the clock is ticking.

So I'm sure you all have reviewed the new rules, and under a general standing case management

plan, which is what this case has, you have basically 22 months from the time it was filed to the time it must go to trial. So it would be a good idea to move expeditiously once you can get the these pleadings set. Into your discovery phase so that you don't run out of time. All right.

MR. KOESTER: Your Honor, briefly can I just ask one more question?

THE COURT: Yes.

MR. KOESTER: So we are mindful that there's currently Plaintiff's motion for summary judgment that's pending before this Court next month in February. As this complaint as it stands is being dismissed without prejudice, is the motion for summary judgment and any other pleadings associated with that rendered moot at this time?

THE COURT: They are. And I've got a -- I had a different issue in this case, however. Which is Mr. Glenn filed a notice for trial, the case was not at issue. Filed the notice for trial back on December 14th, and a trial order was actually issued on December 31st. The case was not at issue, and on December 31st it had to be at issue for a trial order to be issued in the case.

So I'm going to need to vacate that trial

order.  Because it was noncompliant with the rules of procedure.  I mean, a lot of lawyers were panicking in December trying to get their trial orders enter.  So I certainly understand that.  But this case specifically was not at issue.  So that trial order is not valid.

MS. PONS:  No problem, Your Honor.

THE COURT:  It falls into the category of good try.  So I'm sure everyone is trying as hard as they could to get uniform trial orders issued before the new rules took effect.  I just couldn't issue them -- and we were issuing dozens and dozens of these orders on New Year's Eve, and this was one of them.  So we didn't have time to really go through them.  We just issued the orders before the dead line for everyone.  But I can't maintain this one because the cases that could have a UTO had to be at issue in order to get them.

So you all are going to wind up with the new UTCMO under the new rules, and I don't know when that's going to issue for you.  There's a lot of meetings happening this week to determine what to do with pre-December -- or pre-January 1 cases in terms of trial order.  We're working on it.  We'll try to figure out what's going to make the most

**EXHIBIT PAGE 138**

sense.

There is a possibility that we're going to be able to get the Supreme Court to agree to allow these pre-January 1 cases to have the old uniform trial order, but I'm not sure how that's going to work.  It's going to be some sort of hybrid with the expired trial order and the new one incorporating some of the new rules but not all of them, in tying the dates to the pretrial instead of to the complaint.

I don't know how all that's going to work.  I'll have more information on that after these meetings occur; they're all scheduled for Thursday.  Mr. Payne, if you don't understand what this is we're discussing, there are new rules of civil procedure that came into effect on the 1st of January.  They are substantially different from the prior rules of civil procedure, and they create a much more structured deadline-focused approach to litigation.

So it's going to be a period of confusion as we try to assimilate into the new rules with cases that were filed before they went into effect.  Your case was filed before January 1, so it was filed under the old rules.  But some of those new rules

**EXHIBIT PAGE 139**

have to be applied to the case anyway.  So I just don't know how that's going to play out, ultimately.

All right, folks.  Mr. Koester, send the order for approval as to the forms.  So, Mr. Payne, you're going to receive from Mr. Koester an order, and he's going to be asking you to approve the form of the order.  He's not asking you if you agree with the Court's ruling, he's simply asking you whether or not the order he prepares is what I said.  If it's what I said, you should approve the form of the order.

If you believe the order he submits to you is not what I said, then you should object to the form of the order, and tell him how you think it does not comply with what I said.  If you all cannot resolve the form of the order, then you may submit competing orders.  If there are competing orders being sent in, the cover letter must clearly indicate that they are competing orders.  And Mr. Payne, if you're going to submit a competing order, you cannot write your own order, you have to use the order that Mr. Koester sends you and make the changes you believe are necessary in order for it to comply with what I said.  And then I will

take a look at them, I will sign one or the other or write a whole new order, depending upon what I believe is the most accurate recitation of what I said.  Everybody clear on how that will work?

MR. PAYNE:  Yes, Your Honor.

MR. KOESTER:  Yes, Your Honor.

THE COURT:  Okay.  All right.  Send the order when approved as to its form, or when competing orders are being sent in, send it to 33 Orange at Ninth Circuit dot org.  Make sure the cover letter includes the date and time of today's hearing.  You all have a good day and I will see you on the next round.

(Proceedings were concluded.)

**EXHIBIT PAGE 141**

26

CERTIFICATE OF REPORTER


STATE OF FLORIDA:


COUNTY OF SEMINOLE:


     I, Peter Dilworth, Court Reporter, certify that I was authorized to and did stenographically report the foregoing proceedings; and that the transcript is a true and complete record of my stenographic notes.

     I FURTHER CERTIFY that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorneys or counsel connected with the action, nor am I financially interested in the action.

     DATED this 8th day of January, 2025.


                         _____
                         Peter Dilworth
                         Stenograph Shorthand Reporter

**EXHIBIT PAGE 142**

# EXHIBIT K

# Supreme Court of Florida

FRIDAY, MARCH 21, 2025

Rayon Payne,

        Petitioner(s)

v.

Eric Parke LaRue, II, et al.,

        Respondent(s)

**SC2025-0317**

Lower Tribunal No(s).:
6D2025-0215, 6D2025-0261,
6D2025-0386, 6D2025-0387
6D2025-0388, 6D2025-0417,
482024CA007719A001OX,
482024CA007880A001OX,
482024CA009448A001OX,
482024CA010589A001OX

---

        Petitioner's Motion to Amend Petition for Writ Relief is hereby granted and the amended petition was filed with this Court on March 19, 2025.

A True Copy
Test:

SC2025-0317 3/21/2025

John A. Tomasino
Clerk, Supreme Court
SC2025-0317 3/21/2025



DL

Served:

KRISTA NICOLE CAMMACK      JAMES STUART GLENN
BENJAMIN MICHAEL KOESTER    KIMBERLY ANNE LOPEZ
SHANNON ELIZABETH MURPHY    RAYON PAYNE
JOHN AUSTIN RINE

**EXHIBIT PAGE 144**

# EXHIBIT L

**EXHIBIT PAGE 145**

**IN THE SUPREME COURT OF FLORIDA**

RAYON PAYNE,

**PETITIONER/ Petitioner,**

CASE NO.: SC2025-0317

V.

| | |
|---|---|
| ERIC PARKE LARUE, II, THE LARUE FIRM, PLLC, DONALD LEWIS DEMPSEY, II, DONALD L. DEMPSEY, P. A. AND JERMAINE CARLOS DIAZ A/K/A YOUNG LACE, | CASE NO.: 6D2025-0215<br>LT CASE# 2024-CA-007719 |
| JULIYA STAR, SHANNON RAMOS, MASON LAW OFFICE, P.C., JOHN AUSTIN RINE, SHANNON MURPHY, LEWIS BRISBOIS BISGAARD & SMITH, LLP,, | CASE NO.: 6D2025-0261<br>CASE NO.: 6D2025-0386<br>LT CASE#2024-CA-007880 |
| MELISSA SUE AMARAL, RLW REALTY, LLC, LOGAN WILSON, ELIZABETH JEAN, and UNKNOWN TENANT(S), | CASE # 6D2025-0387<br>LT CASE#2024-CA-009448 |
| NAVY FEDERAL CREDIT UNION | CASE NO.: 6D2025-0388<br>LT CASE#2024-CA-010589 |

**RESPONDENT/ APPELLEE(S)**

| | |
|---|---|
| TIFFANY M. RUSSEL<br>Clerk Orange County | LT CASE# 2024-CA-007719<br>LT CASE#2024-CA-007880<br>LT CASE#2024-CA-009448<br>LT CASE#2024-CA-010589 |
| STACEY PECTOL<br>Clerk Court DCA | CASE NO.: 6D2025-0215<br>CASE NO.: 6D2025-0261<br>CASE NO.: 6D2025-0386<br>CASE NO.: 6D2025-0387<br>CASE NO.: 6D2025-0388 |

1

**EXHIBIT PAGE 146**

CASE NO.: 6D2025-0417

JAMES UTHMEIER
Florida Attorney General

MONIQUE H. WORRELL
Ninth Judicial Circuit State Attorney

LISA T. MUNYON                          LT CASE# 2024-CA-007719
Ninth Judicial Circuit Chief Judge      LT CASE#2024-CA-007880
                                        LT CASE#2024-CA-009448
                                        LT CASE#2024-CA-010589

JUDGE LUIS F. CALDERON                   LT CASE# 2024-CA-007719
Ninth Judicial Circuit Judge

MICHAEL DEED                             LT CASE#2024-CA-007880
Ninth Judicial Circuit Judge            LT CASE#2024-CA-010589

PATRICIA L. STROWBRIDGE                  LT CASE#2024-CA-009448
Ninth Judicial Circuit Judge

ERIC J. NETCHER                          LT CASE#2019-CA-008025
Ninth Judicial Circuit Judge

**NOMINAL RESPONDENT(S)**

---

**MOTION FOR ADMINISTRATIVE STAY PENDING REVIEW**

---

2

**EXHIBIT PAGE 147**

COMES NOW the Petitioner Rayon Payne, appearing pro se, and respectfully moves this Honorable Court to issue an administrative stay of all proceedings in the lower tribunal and the District Court of Appeal. This motion is submitted to protect Petitioner's constitutional rights from further violation and irreparable harm while the issues currently pending before this Court are under review. In support, Petitioner states the following:

1. The petition pending before this Court raises substantial constitutional violations, including deprivation of due process and judicial impartiality, now under active review. The Court has acknowledged jurisdiction by docketing the matter and granting a filing fee waiver. See State v. Creighton, 469 So. 2d 735, 740 (Fla. 1985) (confirming that procedural orders signal active jurisdictional engagement by the Court).

2. Notwithstanding this Court's jurisdictional posture, the trial court and the District Court of Appeal have continued issuing orders that affect the same issues now pending before this Court. These rulings risk compounding existing constitutional violations and prejudicing Petitioner. See Johnson v. State, 913 So. 2d 1291, 1293 (Fla. 2005) (holding that continued actions by lower courts during Supreme Court review can interfere with appellate jurisdiction).

3

**EXHIBIT PAGE 148**

3. The trial court has entered rulings inconsistent with Petitioner's rights under Article I, Section 9 of the Florida Constitution, further aggravating the constitutional harms identified in the petition. The District Court of Appeal, in parallel, has denied motions and invited conflicted attorneys—who are named parties in this proceeding—to participate in ongoing litigation, in violation of established ethics and procedural law. See The Florida Bar v. Dunagan, 775 So. 2d 959 (Fla. 2000) (explaining the duty of courts and counsel to avoid conflicts of interest and preserve the appearance of fairness).

4. The DCA's refusal to recognize this Court's jurisdiction and insistence on proceeding with deadlines places Petitioner in a procedural bind, forcing engagement with improper parties and risking waiver of arguments directly under this Court's review.

WHEREFORE, Petitioner respectfully requests that this Court issue an administrative stay of all further proceedings in the trial court and the District Court of Appeal pending final resolution of the petition now before this Court, to preserve the integrity of the judicial process and safeguard Petitioner's constitutional rights.

4

**EXHIBIT PAGE 149**

Date: 4/1/ 2025                                    Respectfully submitted,

/s/ Rayon Payne

RAYON PAYNE, PRO SE


## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is type written using 14 point Arial Font, word

count 1141 and complies with  Fla. R. App. P. 9.045.


Date: 4/1/ 2025                                    Respectfully submitted,
                                                   /s/ Rayon Payne
                                                   RAYON PAYNE, PRO SE

## CERTIFICATE OF SERVICE

I RAYON PAYNE, PETITIONER HEREBY CERTIFY that a true and correct

copy of this motion has been furnished via the Florida Eportal to the

following parties on April 1, 2025:


## RESPONDENT(S) / APPELLE(S)

Eric Parke LaRue II                 The LaRue Firm, PLLC
558 W New England Ave               558 W New England Ave
UNIT 210,                           UNIT 210,
Winter Park, FL 32789               Winter Park, FL 32789
Tel: 407-455-4779                   Tel: 407-455-4779
Em:eric@thelaruefirm.com            Em:eric@thelaruefirm.com
Attorney for The LaRue Firm, PLLC

Donald Lewis Dempsey II             Donald L. Dempsey II, P.A.
4321 Roosevelt Blvd                 4321 Roosevelt Blvd

5

**EXHIBIT PAGE 150**

Jacksonville, FL 32210-2005
Tel: 904-387-5262
Em: dempsey4321@comcast.net
Attorney for Donald L. Dempsey II,
P.A.

John Austin Rine
Lewis Brisbois Bisgaard & Smith
LLP 401 E Jackson St Ste 3400
Tampa, FL 33602-5874
Tel: (813) 739-1900 x1823
Em: John.Rine@lewisbrisbois.com
Attorney for Shannon Ramos and
Lewis Brisbois Bisgaard & Smith
LLP

Jacksonville, FL 32210-2005
Tel: 904-387-5262
Em: dempsey4321@comcast.net

Lewis Brisbois Bisgaard & Smith L
401 E Jackson St Ste 3400
Tampa, FL 33602-5874
Em: John.Rine@lewisbrisbois.com

Shannon Elizabeth Murphy
Lewis Brisbois Bisgaard & Smith
LLP
401 E Jackson St Ste 3400
Tampa, FL 33602-5874
Tel: 813-739-1994
Em:shannon.murphy@lewisbrisbois
.com
Attorney for Shannon Ramos and
Lewis Brisbois Bisgaard & Smith
LLP

Juliya Star
Pro Se
920 1⁄2 S St.
Sacramento CA 95816
Ph: 415-319-4131
Em: julistar7@proton.me

Benjamin Koester
390 N Orange Ave Ste 1000
Orlando, FL 32801-1646
Tel: 407-843-3939
Em: BKoester@wickersmith.com
Attorney for RLW REALTY, LLC,
LOGAN WILSON, ELIZABETH
JEAN

Jermaine Carlos Diaz
Pro Se
3522 Cornwall Ct
Missouri City TX 77459
Em:
moneytoblowmusicgroup@gmail.co
m

Krista Cammack

James Stuart Glenn

6

**EXHIBIT PAGE 151**

390 N Orange Ave Ste 1000
Orlando, FL 32801-1646
Tel: 407-843-3939
Em: KCammack@wickersmith.com
Attorney for RLW REALTY, LLC,
LOGAN WILSON, ELIZABETH
JEAN

1728 Salem Dr
Orlando, FL 32807-8325.
Tel: 407-242-2367
Em: stuart@myorlandolaw.com
Attorney for MELISSA SUE
AMARAL

Kimberly A. Lopez
420 South Orange Avenue,
 Suite 1200
Orlando, FL 32801
Tel: 407 419 8526
Em: kimberly.lopez@akerman.com
Attorney for Navy Fed. Credit Union

Asha Michelle Wedemier-Allan
98 SE 7th St Ste 1100
Miami, FL 33131-3525
Tel: 305-374-5600
Em:
asha.wedemier-allan@akerman.com
Attorney for Navy Federal

## NOMINAL RESPONDENT(S)

JUDGE LUIS F. CALDERON
Circuit Judge
Lauren Burrows
Judicial Asst.
37orange@ninthcircuit.org

TIFFANY M. RUSSEL
Orange County Clerk of Court
Clerk.Russell@myorangeclerk.com

JAMES UTHMEIER
Florida Attorney General
james.uthmeier@eog.myflorida.com

STACEY PECTOL
Clerk of Court DCA
811 East Main Street
Lakeland, FL 33801
6dca-clerkoffice@flcourts.org

MONIQUE H. WORRELL
Ninth Judicial Circuit State Attorney
mhworrell@sao9.org

LISA T. MUNYON
Ninth Judicial Circuit Chief Judge
Lisa Shorten, Judicial Asst.
99orange@ninthcircuit.org

MICHAEL DEED
Ninth Judicial Circuit Judge
Henrietta Coffee, Judicial Asst.
39orange@ocnjcc.org

PATRICIA L. STROWBRIDGE
Ninth Judicial Circuit Judge
Jessica Blow, Judicial Asst.
33orange@ninthcircuit.org

7

**EXHIBIT PAGE 152**

ERIC J. NETCHER
Ninth Judicial Circuit Judge
Sonyvette Santiago, Judicial Asst
40orange@ninthcircuit.org

8

**EXHIBIT PAGE 153**

# EXHIBIT M

**EXHIBIT PAGE 154**

Case 6:25-cv-00615-AGM-LHP    Document 12-1    Filed 04/17/25    Page 155 of 209 PageID 509

**IN THE SUPREME COURT OF FLORIDA**

RAYON PAYNE,

**PETITIONER/ Petitioner,**

CASE NO.: SC2025-0317

V.

| | |
|---|---|
| ERIC PARKE LARUE, II, THE LARUE FIRM, PLLC, DONALD LEWIS DEMPSEY, II, DONALD L. DEMPSEY, P. A. AND JERMAINE CARLOS DIAZ A/K/A YOUNG LACE, | CASE NO.: 6D2025-0215<br>LT CASE# 2024-CA-007719 |
| JULIYA STAR, SHANNON RAMOS, MASON LAW OFFICE, P.C., JOHN AUSTIN RINE, SHANNON MURPHY, LEWIS BRISBOIS BISGAARD & SMITH, LLP,, | CASE NO.: 6D2025-0261<br>CASE NO.: 6D2025-0386<br>LT CASE#2024-CA-007880 |
| MELISSA SUE AMARAL, RLW REALTY, LLC, LOGAN WILSON, ELIZABETH JEAN, and UNKNOWN TENANT(S), | CASE # 6D2025-0387<br>LT CASE#2024-CA-009448 |
| NAVY FEDERAL CREDIT UNION | CASE NO.: 6D2025-0388<br>LT CASE#2024-CA-010589 |

**RESPONDENT/ APPELLEE(S)**

| | |
|---|---|
| TIFFANY M. RUSSEL<br>Clerk Orange County | LT CASE# 2024-CA-007719<br>LT CASE#2024-CA-007880<br>LT CASE#2024-CA-009448<br>LT CASE#2024-CA-010589 |
| STACEY PECTOL<br>Clerk Court DCA | CASE NO.: 6D2025-0215<br>CASE NO.: 6D2025-0261<br>CASE NO.: 6D2025-0386<br>CASE NO.: 6D2025-0387<br>CASE NO.: 6D2025-0388 |

1

**EXHIBIT PAGE 155**

CASE NO.: 6D2025-0417

JAMES UTHMEIER
Florida Attorney General

MONIQUE H. WORRELL
Ninth Judicial Circuit State Attorney

| | |
|---|---|
| LISA T. MUNYON<br>Ninth Judicial Circuit Chief Judge | LT CASE# 2024-CA-007719<br>LT CASE#2024-CA-007880<br>LT CASE#2024-CA-009448<br>LT CASE#2024-CA-010589 |
| JUDGE LUIS F. CALDERON<br>Ninth Judicial Circuit Judge | LT CASE# 2024-CA-007719 |
| MICHAEL DEED<br>Ninth Judicial Circuit Judge | LT CASE#2024-CA-007880<br>LT CASE#2024-CA-010589 |
| PATRICIA L. STROWBRIDGE<br>Ninth Judicial Circuit Judge | LT CASE#2024-CA-009448 |
| ERIC J. NETCHER<br>Ninth Judicial Circuit Judge | LT CASE#2019-CA-008025 |

**NOMINAL RESPONDENT(S)**

---

**GENERAL OBJECTION TO ALL NOTICES OF APPEARANCE AND MOTION TO STRIKE UNAUTHORIZED PARTICIPATION TO PRESERVE CONSTITUTIONAL RIGHTS FOR FEDERAL REVIEW**

---

2

**EXHIBIT PAGE 156**

COMES NOW, Petitioner, Rayon Payne, appearing pro se, and respectfully files this objection and motion to strike, challenging the appearance of any and all attorneys or parties who have filed a Notice of Appearance in the above-captioned matter before this Honorable Court.

1.  This case arises out of a systemic pattern of constitutional violations, including denial of due process and ethical breaches, which originated in the trial court and continued through the Sixth District Court of Appeal.

2.  The attorneys who are now filing Notices of Appearance before this Court are either directly conflicted or represent parties who are subject to those conflicts. These same attorneys, firms, or parties actively participated in the lower court conduct that is now under review by this Court.

3.  Their participation constitutes an ongoing and compounding of the original constitutional violations, extending those due process breaches into the jurisdiction of Florida's highest court.

4.  Petitioner therefore objects to the participation of *any party or attorney* who has filed, or who may attempt to file, a Notice of Appearance in this proceeding.

3

**EXHIBIT PAGE 157**

5. This objection is filed to preserve the integrity of this proceeding and to memorialize Petitioner's opposition for the record, including for future review by the United States Supreme Court, or any appropriate federal court, under 28 U.S.C. § 1257 or other federal oversight authority.

6. Petitioner respectfully requests that this Court take judicial notice of this objection, strike all unauthorized or conflicted appearances, and bar any further participation from conflicted parties unless and until the Court determines they may proceed without violating constitutional protections.

**WHEREFORE**, Petitioner respectfully requests that this Honorable Court:

a. Accept and docket this general objection to preserve the constitutional record;

b. Strike all unauthorized or conflicted Notices of Appearance currently on file;

c. Bar any further appearances by similarly conflicted parties;

d. Take judicial notice of this objection for purposes of appellate and federal review.

4

**EXHIBIT PAGE 158**

Date: 4/1/ 2025                          Respectfully submitted,

                                         /s/ Rayon Payne

                                         RAYON PAYNE, PRO SE


## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is type written using 14 point Arial Font, word

count 1102 and complies with  Fla. R. App. P. 9.045.


Date: 4/1/ 2025                          Respectfully submitted,
                                         /s/ Rayon Payne
                                         RAYON PAYNE, PRO SE

## CERTIFICATE OF SERVICE

I RAYON PAYNE, PETITIONER HEREBY CERTIFY that a true and correct

copy of this motion has been furnished via the Florida Eportal to the

following parties on April 1, 2025:


## RESPONDENT(S) / APPELLE(S)

Eric Parke LaRue II                 The LaRue Firm, PLLC
558 W New England Ave               558 W New England Ave
UNIT 210,                           UNIT 210,
Winter Park, FL 32789               Winter Park, FL 32789
Tel: 407-455-4779                   Tel: 407-455-4779
Em:eric@thelaruefirm.com            Em:eric@thelaruefirm.com
Attorney for The LaRue Firm, PLLC

Donald Lewis Dempsey II             Donald L. Dempsey II, P.A.
4321 Roosevelt Blvd                 4321 Roosevelt Blvd

5

**EXHIBIT PAGE 159**

Jacksonville, FL 32210-2005
Tel: 904-387-5262
Em: dempsey4321@comcast.net
Attorney for Donald L. Dempsey II,
P.A.

John Austin Rine
Lewis Brisbois Bisgaard & Smith
LLP 401 E Jackson St Ste 3400
Tampa, FL 33602-5874
Tel: (813) 739-1900 x1823
Em: John.Rine@lewisbrisbois.com
Attorney for Shannon Ramos and
Lewis Brisbois Bisgaard & Smith
LLP

Shannon Elizabeth Murphy
Lewis Brisbois Bisgaard & Smith
LLP
401 E Jackson St Ste 3400
Tampa, FL 33602-5874
Tel: 813-739-1994
Em:shannon.murphy@lewisbrisbois
.com
Attorney for Shannon Ramos and
Lewis Brisbois Bisgaard & Smith
LLP

Benjamin Koester
390 N Orange Ave Ste 1000
Orlando, FL 32801-1646
Tel: 407-843-3939
Em: BKoester@wickersmith.com
Attorney for RLW REALTY, LLC,
LOGAN WILSON, ELIZABETH
JEAN

Krista Cammack

Jacksonville, FL 32210-2005
Tel: 904-387-5262
Em: dempsey4321@comcast.net

Lewis Brisbois Bisgaard & Smith L
401 E Jackson St Ste 3400
Tampa, FL 33602-5874
Em: John.Rine@lewisbrisbois.com

Juliya Star
Pro Se
920 1⁄2 S St.
Sacramento CA 95816
Ph: 415-319-4131
Em: julistar7@proton.me

Jermaine Carlos Diaz
Pro Se
3522 Cornwall Ct
Missouri City TX 77459
Em:
moneytoblowmusicgroup@gmail.co
m

James Stuart Glenn

6

**EXHIBIT PAGE 160**

390 N Orange Ave Ste 1000
Orlando, FL 32801-1646
Tel: 407-843-3939
Em: KCammack@wickersmith.com
Attorney for RLW REALTY, LLC,
LOGAN WILSON, ELIZABETH
JEAN

Kimberly A. Lopez
420 South Orange Avenue,
 Suite 1200
Orlando, FL 32801
Tel: 407 419 8526
Em: kimberly.lopez@akerman.com
Attorney for Navy Fed. Credit Union

1728 Salem Dr
Orlando, FL 32807-8325.
Tel: 407-242-2367
Em: stuart@myorlandolaw.com
Attorney for MELISSA SUE
AMARAL

Asha Michelle Wedemier-Allan
98 SE 7th St Ste 1100
Miami, FL 33131-3525
Tel: 305-374-5600
Em:
asha.wedemier-allan@akerman.co
m
Attorney for Navy Federal

## NOMINAL RESPONDENT(S)

JUDGE LUIS F. CALDERON
Circuit Judge
Lauren Burrows
Judicial Asst.
37orange@ninthcircuit.org

TIFFANY M. RUSSEL
Orange County Clerk of Court
Clerk.Russell@myorangeclerk.com

JAMES UTHMEIER
Florida Attorney General
james.uthmeier@eog.myflorida.co
m

STACEY PECTOL
Clerk of Court DCA
811 East Main Street
Lakeland, FL 33801
6dca-clerkoffice@flcourts.org

MONIQUE H. WORRELL
Ninth Judicial Circuit State Attorney
mhworrell@sao9.org

LISA T. MUNYON
Ninth Judicial Circuit Chief Judge
Lisa Shorten, Judicial Asst.
99orange@ninthcircuit.org

MICHAEL DEED
Ninth Judicial Circuit Judge
Henrietta Coffee, Judicial Asst.
39orange@ocnjcc.org

PATRICIA L. STROWBRIDGE
Ninth Judicial Circuit Judge
Jessica Blow, Judicial Asst.
33orange@ninthcircuit.org

7

**EXHIBIT PAGE 161**

ERIC J. NETCHER
Ninth Judicial Circuit Judge
Sonyvette Santiago, Judicial Asst
40orange@ninthcircuit.org

8

**EXHIBIT PAGE 162**

# EXHIBIT N

**EXHIBIT PAGE 163**

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## SIXTH DISTRICT

March 20, 2025

RAYON PAYNE,                                        **CASE NO.: 6D2025-0261**
          APPELLANT                    L.T. NO.: 2024-CA-007880

V.

JULIYA STAR, SHANNON RAMOS
F/K/A SHANNON MASON, MASON
LAW OFFICE, P.C., JOHN AUSTIN
RINE, SHANNON ELIZABETH
MURPHY, AND LEWIS BRISBOIS
BISGAARD & SMITH, LLP,
          APPELLEES.

---

**BY ORDER OF THE COURT:**

The motion to stay pending ruling on the motion to disqualify is denied. The motion for certification and consolidated review is denied. The motion for judicial notice is denied. The motion to transfer to the Florida Supreme Court and to stay is denied. This court will resolve the pending motions to disqualify once all the responses have been received.

I hereby certify that the foregoing is a true copy of the original court order.

6D2025-0261 March 20, 2025

Stacey Pectol
Clerk

PANEL: WHITE and SMITH, JJ., and LAMBERT, B.D., Associate Judge, concur.

cc:
ORANGE CLERK                                JOHN AUSTIN RINE
SHANNON ELIZABETH MURPHY        JULIYA STAR
RAYON PAYNE

**EXHIBIT PAGE 164**

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
SIXTH DISTRICT**

March 20, 2025

RAYON PAYNE,
    APPELLANT

V.

JULIYA STAR, SHANNON RAMOS
F/K/A SHANNON MASON, MASON
LAW OFFICE, P.C., JOHN AUSTIN
RINE, SHANNON ELIZABETH
MURPHY, AND LEWIS BRISBOIS
BISGAARD & SMITH, LLP,
    APPELLEES.

**CASE NO.: 6D2025-0386**
L.T. NO.: 2024-CA-007880

**BY ORDER OF THE COURT:**

The motion to disqualify Appellee Star is denied. The motion for certification and consolidated review is denied. The motion for judicial notice is denied. The motion to transfer to the Florida Supreme Court and to stay is denied.

I hereby certify that the foregoing is a true copy of the original court order.

6D2025-0386 March 20, 2025

Stacey Pectol
Clerk

PANEL: WHITE and SMITH, JJ., and LAMBERT, B.D., Associate Judge, concur.

cc:
ORANGE CLERK       JOHN AUSTIN RINE
SHANNON ELIZABETH MURPHY  JULIYA STAR
RAYON PAYNE

**EXHIBIT PAGE 165**

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## SIXTH DISTRICT

March 20, 2025

RAYON PAYNE,                                    **CASE NO.: 6D2025-0215**
                    APPELLANT                    L.T. NO.: 2024-CA-007719
V.

ERIC PARKE LARUE, II, THE LARUE
FIRM, PLLC, DONALD LEWIS
DEMPSEY, II, DONALD L. DEMPSEY,
P. A. AND JERMAINE CARLOS DIAZ
A/K/A YOUNG LACE,
                    APPELLEES.

_____

**BY ORDER OF THE COURT:**

The motion to strike the response to the motion to disqualify is denied. The motion for certification and consolidated review is denied. The motion for judicial notice is denied. The motion to transfer to the Florida Supreme Court and to stay is denied. This court will resolve the pending motion to disqualify once all the responses have been received.

I hereby certify that the foregoing is a true copy of the original court order.

6D2025-0215 March 20, 2025

Stacey Pectol
Clerk

PANEL: WHITE and SMITH, JJ., and LAMBERT, B.D., Associate Judge, concur.

cc:
ORANGE CLERK                          ERIC PARKE LARUE, II
DONALD LEWIS DEMPSEY, II              RAYON PAYNE
JERMAINE CARLOS DIAZ

**EXHIBIT PAGE 166**

# EXHIBIT O

**EXHIBIT PAGE 167**

**Superior Court
Of The State of California
In and For the County
Of Placer**
10820 Justice Center Drive
P.O. Box 619072, Roseville, CA 95661-9072
Tel: 916-408-6096

April 2, 2025

Court of Appeal
Third Appellate District
914 Capitol Mall
Sacramento, CA 95814

      Re: Placer County
      Case No: S-DR-0039799
      Case Name: Star, Juliya vs. Payne, Rayon Sherwin

### NOTICE OF FILING OF APPEAL

Dear Clerk of the Court of Appeal:

On April 1, 2025, a notice of appeal was filed by the respondent. The respondent is appealing from the trial court order entered on March 13, 2025. A copy of the notice of appeal and a copy of the order are enclosed with this notice of filing of appeal.

No Fee was submitted to satisfy the Court of Appeals Required filing fee.

Regards,

C. Henderson, Deputy Clerk

**EXHIBIT PAGE 168**

APP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: RAYON PAYNE

FIRM NAME: NA

STREET ADDRESS: 8815 CONORY WINDERMERE RD

CITY: ORLANDO        STATE: FL    ZIP CODE: 32835

TELEPHONE NO.: 863-485-0550    FAX NO.:

EMAIL ADDRESS: kekomardi@gmail.com

ATTORNEY FOR (name):

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**04/01/2025 at 12:00:00 AM**
By: Cecilia Henderson
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** PLACER

STREET ADDRESS: 10820 Justice Center Drive

MAILING ADDRESS:

CITY AND ZIP CODE: Roseville, CA 95678

BRANCH NAME: Hon. Howard G. Gibson Courthouse

PLAINTIFF/PETITIONER: JULIYA STAR

DEFENDANT/RESPONDENT: RAYON PAYNE

| [ x ] **NOTICE OF APPEAL**    [ ] **CROSS-APPEAL**<br>**(UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>S-DR-0039799 |
|---|---|

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil* Cases (Judicial Council form APP-001-INFO) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

1. NOTICE IS HEREBY GIVEN that:

   a. *(Name):* RAYON PAYNE                    appeals from a judgment or order in this case.

   b. The judgment or order was entered on *(list the date or dates the judgment and each order being appealed were entered):*
      MARCH 13, 2025

   c. The appeal is from the following order or judgment *(check all that apply):*

      [ ] Judgment after jury trial

      [ ] Judgment after court trial

      [ ] Default judgment

      [ ] Judgment after an order granting a summary judgment motion

      [ ] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430

      [ ] Judgment of dismissal after an order sustaining a demurrer

      [ ] An order after judgment under Code of Civil Procedure, § 904.1(a)(2)

      [ x ] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)

      [ x ] Other *(describe and specify the code section or other authority that authorizes this appeal):*

      Order extending Domestic Violence Restraining Order on March 13, 2025 (without service or hearing)

   d. [ ] The judgment or order being appealed directs payment of sanctions by an attorney for a party. The attorney *(name):*                    appeals.

2. For cross-appeals only:

   a. Date notice of appeal was filed in original appeal:

   b. Date superior court clerk mailed notice of original appeal:

   c. Court of Appeal case number *(if known):*

3. [ x ] The judgment or order being appealed is attached *(optional).*

Date: 3/30/2025

Rayon Payne

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2024]

**NOTICE OF APPEAL/CROSS-APPEAL—UNLIMITED CIVIL CASE**
**(Appellate)**

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

EXHIBIT PAGE 169

**FILED**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

**MAR 13 2025**

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: K. Garcia, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF PLACER

Juliya Star,

    Protected person,

v.

Rayon Payne,

    Restrained person.

Case No.: S-DR-0039799

**ORDER EXTENDING EXPIRATION DATE OF CLETS DOMESTIC VIOLENCE RESTRAINING ORDER**

IT IS ORDERED that the CLETS Domestic Violence Restraining Order previously issued, which was set to expire on **3/13/25** shall continue in effect until **4/9/25 at 11:59 p.m.** Restrained person **was not** present at hearing and notified of orders.

Date: 3/13/2025

Jane York-Punneo
Superior Court Judge

CCPOR 3/13/25
EXHIBIT PAGE 170

**POS-050/EFS-050**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO:<br>NAME: RAYON PAYNE<br>FIRM NAME:<br>STREET ADDRESS: 8815 CONROY WINDERMERE RD<br>CITY: ORLANDO     STATE: FL     ZIP CODE: 32835<br>TELEPHONE NO.: 863-485-0550     FAX NO. :<br>E-MAIL ADDRESS: kekomardi@gmail.com<br>ATTORNEY FOR (name): | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>**04/01/2025 at 12:00:00 AM**<br>By: Cecilia Henderson<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF PLACER**
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME: Hon. Howard G. Gibson Courthouse

PLAINTIFF/PETITIONER: JULIYA STAR

DEFENDANT/RESPONDENT: RAYON PAYNE

| | |
|---|---|
| **PROOF OF ELECTRONIC SERVICE** | CASE NUMBER:<br>S-DR-0039799<br><br>JUDICIAL OFFICER:<br><br>DEPARTMENT:<br>41 |

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify):*
        8815 CONROY WINDERMERE RD
        ORLANDO, FL 32835

    b.  My electronic service address is *(specify):*
        kekomardi@gmail.com

2.  I electronically served the following documents *(exact titles):*
    Notice of Appeal - APP 002

    ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

    a.  Name of person served: Juliya Star

        On behalf of *(name or names of parties represented, if person served is an attorney):*

    b.  Electronic service address of person served :
        Julistar7@proton.me and juli.star7@gmail.com

    c.  On *(date):* 3/30/25

        ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date: 3/30/2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Darnell Giles
_____          _____
(TYPE OR PRINT NAME OF DECLARANT)          (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

**EXHIBIT PAGE 171**

For your protection and privacy, please press the Clear

## SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF PLACER

#1   Case Number: **S-DR-0039799**    Case Caption: **Star, Juliya vs. Payne, Rayon Sherwin**

:Judge **Jane York-Punneo**    Clerk: **Karla B. Garcia**    Court Reporter: **No Court Reporter**

Date: **03/13/25**    Time: **01:00 PM**    Department: **Department 41**

**Nature of Proceedings: Order to Show Cause TRO/Domestic Violence  PET OSC FILED 2/18/25 RE: DV/TRO - EXP 3/13/25**

Petitioner:  ☒ present ☐ sworn ☐ not present ☐ Counsel _____ ( Remote)

Respondent:  ☐ present ☐ sworn ☒ not present ☐ Counsel _____    Called @ 1:24

Other Party: _____ ☐ present ☐ sworn ☐ not present ☐ Counsel _____

Other Party: _____ ☐ present ☐ sworn ☐ not present ☐ Counsel _____

Interpreter: _____ ☐ certified ☐ qualified  Language: _____ ☐ oath on file ☐ sworn

☒ O.S.C./R.F.O. Filed __2/18/25__    ☒ DVTRO Extended to __4/9/25__

☐ Matter dropped ☐ Request of ☐ Petitioner ☐ Respondent ☐ Agreement ☐ Non-appearance

☐ Stipulation to Commissioner _____    ☐ for trial ☐ Stipulation to Pro Tem Judge

☐ Notice is given as provided by law.  ☐ Insufficient Notice  ☐ O.S.C./R.F.O. to re-issue

☐ DVTRO is dissolved and restraining orders are vacated

☐ Restrained party advised of firearms relinquishment requirements ☐ Proof of firearms relinquishment filed

**Future/Continued Issues:**

☒ Continued to: __4/9/25__    Time: __9:00__    Department: __41__

☐ Request of ☐ Petitioner ☐ Respondent ☐ Agreement ☐ Court's own motion

☐ Clerk to notice ☐ Petitioner ☐ Respondent ☐ Other _____ to provide notice ☐ Notice provided in Court

☐ Return from tiered mediation/partial evaluation/3111 ☐ Child Custody ☐ UCCJEA

☐ Spousal Support ☐ Child Support ☐ DCSS ☐ Property/Debt ☐ Attorney Fees & Costs

☐ Other: _____ Time: _____ a.m./p.m. Department: _____

☐ Review hearing to show proof of firearms relinquishment Time: _____ a.m./p.m. Department: _____

☒ Other Issues/Information: __To be heard w/ current matter set on 4/9/25.__

☐ Trial Assignment Conference (TAC): _____ Time: _____ a.m./p.m. Department: _____

☐ Mandatory Settlement Conference (MSC): _____ Time: _____ a.m./p.m. Department: _____

☐ Trial Confirming Conference (TCC): _____ Time: _____ a.m./p.m. Department: _____

☐ Trial/Evidentiary Hearing: _____ Time: _____ a.m./p.m. Department: _____

☐ Issues: _____ ☐ Time Estimate: _____ ☐ Hours ☐ Days

☐ Parties agreed to selected dates. ☐ Parties were notified of court reporter fees.

### ORDERS

☐ Voir dire of parties ☐ Agreement ☐ written ☐ set forth in the minutes ☐ on the record

☐ Court takes matter under submission ☐ today ☐ deemed submitted _____

☐ Issues submitted: _____

☐ Income and Expense Declarations (FL-150) must be filed no later than: _____

☐ Statement of Issues and Contentions must be filed no later than: _____

☐ Witness list must be filed no later than: _____

☐ _____

☐ Court finds legal basis for judgment to issue.

☐ Judgment for ☐ Legal Separation ☐ Status only ☐ Dissolution ☐ Nullity ☐ FC section _____

☐ Effective: _____ ☐ Issues reserved _____

☒ Pending further court hearing, agreement of the parties or order of the court, all existing orders remain in full force and effect, except as modified by this order. ☐ This resolves all issues properly noticed.

☐ FOAH/Judgment shall be prepared by ☐ Counsel for ☐ Petitioner ☐ Respondent ☐ Facilitator

☐ Submit to opposing party/counsel for approval as to form.

Family Law DVTRO

**EXHIBIT PAGE 172**

## MAILING LIST

Case No.: S-DR-0039799
Case Title:  Star, Juliya vs. Payne Rayon Sherwin


Court of Appeal
Third Appellate District
914 Capitol Mall
Sacramento, CA  95814

Rayon Payne                                    Appellant and Respondent
8815 Conroy Windermere Rd
Orlando, FL 32835
Tel: 863-485-0550
kekomardi@gmail.com

Jaspreet Hundal, SBN 310885        Trial Counsel for Petitioner/Respondent
Hundal Family Law
428 J. Street, Ste. 400
Sacramento, CA 95814
Tel: 916-+864-3944
jhundal@hundalfamilylaw.com

Jonathan Paul Rotondo SBN 308700        Petitioner and Respondent
Placer County Department of Child Support Services
1000 Sunset Blvd, Ste 200
Rocklin, CA 95765
866-901-3212
(via interoffice mail)

**EXHIBIT PAGE 173**

# SUPERIOR COURT OF CALIFORNIA
# IN AND FOR THE COUNTY OF PLACER

## CLERK'S CERTIFICATE OF MAILING (C.C.P. § 1013a(4))

Case no.:     S-DR-0039799
Case name:    Star, Juliya vs. Payne, Rayon Sherwin

I, the undersigned, certify that I am the clerk of the Superior Court of California, County of Placer, and I am not a party to this case.

I mailed copies of the document(s) indicated below:

Notice of Filing of Appeal

True copies of the documents were mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as follows:

Court of Appeal
Third Appellate District
914 Capitol Mall
Sacramento, CA 95814
(Email)

Jaspreet Hundal
Hundal Family Law
428 J. St. Ste. 400
Sacramento, CA 95814
(eService)

Rayon Payne
8815 Conroy Windermere Rd
Orlando, FL 32835
(eService)

Jonathan Paul Rotondo
Placer County Department of Child
Support Services
1000 Sunset Blvd, Ste 200
Rocklin, CA 95765
(interoffice mail)

I am readily familiar with the court's business practices for collecting and processing correspondence for mailing; pursuant to those practices, these documents are delivered to
☐ the US Postal Service
☐ UPS
☐ FedEx
☒ Interoffice mail
☒ Other   email

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
PL-CW002 [Effective 4-23-2012]

www.placar.courts.ca.gov

**EXHIBIT PAGE 174**

on 4/2/2025(date), in Placer County, California.

Dated: 4/2/2025

Jake Chatters
Clerk of the Placer County Superior Court

By: C. Henderson, Deputy Clerk

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
PL-CW002 [Effective 4-23-2012]

www.placer.courts.ca.gov

**EXHIBIT PAGE 175**

# EXHIBIT P

**EXHIBIT PAGE 176**

Case 6:25-cv-00615-AGM-LHP    Document 12-1    Filed 04/17/25    Page 177 of 209
PageID 531

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,

     Plaintiff

V.

                                                  CASE NO: 2019-CA-8025

RAYON PAYNE,

     Defendants

_____/

### SUPPLEMENTAL MOTION FOR JUDICIAL INQUIRY INTO PROXY FILINGS, OBSTRUCTION, AND COORDINATED CONSPIRACY WITH REQUEST FOR IMMEDIATE RELIEF AND TEMPORARY RESTRAINING ORDER

**COMES NOW** Defendant, **Rayon Payne**, Pro Se, and respectfully submits this **Supplemental Motion for Judicial Inquiry** to support and amplify the judicial inquiry motion already filed. Plaintiff seeks immediate judicial intervention to address the significant new evidence that directly implicates Defendant Eric LaRue and others in a systematic and deliberate misuse of judicial processes. This filing highlights the ongoing proxy filings, unauthorized representations, and abuse of judicial resources that prejudiced Plaintiff and undermined the rule of law.

**INTRODUCTION AND SUMMARY OF NEW EVIDENCE**

The supplemental evidence detailed below reveals a coordinated and egregious effort by Defendant Eric LaRue, who, despite being formally withdrawn as counsel for Defendant Jermaine Carlos Diaz on **June 10, 2020**, see **(Exhibit E)** authored and filed documents in Diaz's name using proxy IP addresses, including a Las Vegas-based VPN. This misconduct not only violates ethical and professional responsibilities but also severely undermines the judicial process.

1

**EXHIBIT PAGE 177**

## II. CRITICAL SUPPLEMENTAL EVIDENCE

1. **Metadata Analysis of June 22, 2020 Motion**

   - The motion filed on June 22, 2020, in the 2019 case **(Exhibit A)** was authored by Eric LaRue. Metadata analysis confirms the following:

     a. Created: June 22, 2020, at 19:58 (7:58 PM)

     b. Modified: June 22, 2020, at 23:27 (11:27 PM)

     c. Filed in Florida ePortal: June 22, 2020, at 5:48 PM (ET)

   - Despite being authored and modified by LaRue, the filing lists Diaz as a Pro Se filer. The motion was also unsigned, further demonstrating that Diaz did not personally execute or authorize the filing. See **(Exhibit D)**.

2. **IP Address Discrepancies**

   - The Florida ePortal audit links the filing to IP address 24.234.194.30, geolocated in Las Vegas, Nevada, See **(Exhibit B)** despite LaRue operating out of Winter Park, Florida**.**

   - This pattern aligns with other proxy filings by LaRue and co-defendants using VPNs to mask filing locations, further evidenced in the 2024 LaRue case and the Navy Federal case.

3. **Court-Granted Withdrawal of LaRue**

   - LaRue's motion to withdraw as counsel for Diaz was granted on June 10, 2020 **(Exhibit C)**. Yet, on June 22, 2020, LaRue authored and filed a motion on Diaz's behalf, a clear violation of ethical and procedural rules.

**EXHIBIT PAGE 178**

## III. LEGAL ANALYSIS AND PREJUDICE

### 1. Authority to Investigate and Address Fraud

Courts have broad authority to investigate and sanction fraud on the court:

- ○ Furst v. Blackman 744 So. 2d 1222 (Fla. Dist. Ct. App. 1999): The court's power to strike a pleading as a sham or to dismiss a case where a fraud has been perpetrated on the court both derive from the same source, the court's "inherent . . . authority . . . to prevent an abuse of its processes." Rhea v. Hackney, 117 Fla. 62, 72, 157 So. 190, 194 (1934). See generally Rhea, 117 Fla. at 70-72, 157 So. at 193-94; Hanono, 723 So.2d at 895, and cases cited therein..

- ○ Fla. Bar v. Patterson 257 So. 3d 56 (Fla. 2018): "undertaken with intent to deceive, constituted a deliberate scheme to subvert the judicial process, and amounted to a fraud upon the court." See also Pro Choice Remediation, Inc. v. Old Dominion Ins. Co. No. 1D2022-2393 (Fla. Dist. Ct. App. Nov. 27, 2024) "The power to dismiss a case for fraud upon the court 'is an extraordinary remedy found only in cases where a deliberate scheme to subvert the judicial process has been clearly and convincingly proved.'" Wells Fargo Bank, N.A. v. Reeves, 92 So.3d 249, 251-52 (Fla. 1st DCA 2012) (quoting Bologna v. Schlanger, 995 So.2d 526, 528 (Fla. 5th DCA 2008) (emphasis supplied)).

### 2. Prejudice to Plaintiff

The proxy filings and unauthorized motions filed on behalf of Diaz have irreparably harmed Plaintiff:

- ○ Bologna v. Schlanger 995 So. 2d 526 (Fla. Dist. Ct. App. 2008): "where `it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's

3

**EXHIBIT PAGE 179**

ability to impartially adjudicate a matter by improperly influencing the trier of

fact or unfairly hampering the presentation of the opposing party's claim or

defense.'" <u>Gehrmann v. City of Orlando</u>, 962 So.2d 1059 (Fla. 5th DCA 2007)

(quoting <u>Cox</u>, 706 So.2d at 46).

3. **Referral for Criminal Investigation**

The evidence supports a referral for criminal investigation into fraud, obstruction, and

conspiracy:

- ○ <u>In re Amendments to Fla. Rules of Judicial Admin.</u>, 202 So.3d 795 (Fla. 2016):

   Courts may refer egregious misconduct for criminal review.

## IV. REQUESTED RELIEF

Given the seriousness of the misconduct and its profound implications for justice, Plaintiff

respectfully requests:

1. **Immediate Investigation and Sanctions:**

   - A full inquiry into all filings by Attorney LaRue, and Defendant Diaz.

   - Striking of all proxy filings, dating back to June 2020.

2. **Referral for Criminal Investigation:**

   - Referral of Defendant LaRue, and Diaz conduct to the Florida Bar and

      appropriate criminal authorities.

3. **Enforcement of Judgment:**

   - Immediate enforcement of the $51,728.30 judgment awarded to Plaintiff in 2019,

      which has been obstructed by Defendants' misconduct.

4

**EXHIBIT PAGE 180**

## V. CONCLUSION

The evidence presented in this supplemental motion confirms a long-standing, coordinated effort to misuse the judicial system to Plaintiff's detriment. Such behavior cannot be tolerated, and this Court's intervention is urgently required to preserve the integrity of the judicial process.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the Florida Courts E-Filing Portal to Jermaine Carlos Diaz, moneytoblowmusicgroup@gmail.com on the 20th day of December, 2024.

Respectfully submitted,
RAYON PAYNE, PRO SE
/s/ Rayon Payne

_____
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

5

**EXHIBIT PAGE 181**

# EXHIBIT (A)



The data shown is all the metadata we could automatically extract from your file. It may be neither complete nor adequate. Metadata could have been changed or deleted in the past. Please be aware that the metadata is provided without liability.

## Metadata of Doc-3

| | |
|---|---|
| Filename | Doc-3.pdf |
| Filesize | 132 kB |
| Filetype | PDF |
| Filetypeextension | pdf |
| Mimetype | application/pdf |
| Pdfversion | 1.5 |
| Linearized | Yes |
| Author | Eric LaRue II |
| Createdate | 2020:06:22 19:58:00Z |
| Modifydate | 2020:06:22 23:27:31-05:00 |
| Creator | Eric LaRue II |
| Creatortool | Microsoft Office Word |
| Producer | DV Rao using ABCpdf |
| Conformance | B |
| Part | 1 |
| Pagecount | 3 |
| Atob0 | (Binary data 9043 bytes) |
| Atob1 | (Binary data 9043 bytes) |
| Atob2 | (Binary data 9043 bytes) |
| Btoa0 | (Binary data 4756 bytes) |
| Btoa1 | (Binary data 4756 bytes) |
| Btoa2 | (Binary data 4756 bytes) |

**EXHIBIT PAGE 183**

## Metadata of Doc-3

| | |
|---|---|
| Gamut | (Binary data 1801 bytes) |
| Viewingcondilluminant | 482.10265 499.99237 412.59871 |
| Viewingcondsurround | 96.42053 99.99847 82.51974 |
| Viewingcondilluminanttype | D50 |
| Profilecmmtype | none |
| Profileversion | 2.0.0 |
| Profileclass | Display Device Profile |
| Colorspacedata | RGB |
| Profileconnectionspace | XYZ |
| Profiledatetime | 2004:07:21 19:11:33 |
| Profilefilesignature | acsp |
| Primaryplatform | Unknown () |
| Cmmflags | Not Embedded, Independent |
| Devicemanufacturer | Hewlett-Packard |
| Devicemodel | sRGB |
| Deviceattributes | Reflective, Glossy, Positive, Color |
| Renderingintent | Perceptual |
| Connectionspaceilluminant | 0.9642 1 0.82491 |
| Profilecreator | Hewlett-Packard |
| Profileid | 0 |
| Profiledescription | sRGB IEC61966-2-1 withBPC |
| Bluematrixcolumn | 0.14307 0.06061 0.7141 |
| Bluetrc | (Binary data 2060 bytes) |
| Devicemodeldesc | IEC 61966-2-1 Default RGB Colour Space - sRGB |
| Greenmatrixcolumn | 0.38515 0.71687 0.09708 |
| Greentrc | (Binary data 2060 bytes) |
| Luminance | 0 80 0 |
| Measurementobserver | CIE 1931 |

**EXHIBIT PAGE 184**

## Metadata of Doc-3

| | |
|---|---|
| Measurementbacking | 0 0 0 |
| Measurementgeometry | Unknown |
| Measurementflare | 0% |
| Measurementilluminant | D65 |
| Mediablackpoint | 0.01205 0.0125 0.01031 |
| Redmatrixcolumn | 0.43607 0.22249 0.01392 |
| Redtrc | (Binary data 2060 bytes) |
| Technology | Cathode Ray Tube Display |
| Viewingconddesc | Reference Viewing Condition in IEC 61966-2-1 |
| Mediawhitepoint | 0.9642 1 0.82491 |
| Profilecopyright | Copyright Hewlett Packard, 2004 |
| Chromaticadaptation | 1.04791 0.02293 -0.0502 0.0296 0.99046 -0.01707 -0.00925 0.01506 0.75179 |
| Category | application |
| Author | Eric LaRue II |
| Creator | Microsoft Office Word |
| Producer | DV Rao using ABCpdf |
| Creationdate | Mon Jun 22 21:58:00 2020 CEST |
| Moddate | Tue Jun 23 06:27:31 2020 CEST |
| Custom Metadata | no |
| Metadata Stream | yes |
| Tagged | no |
| Userproperties | no |
| Suspects | no |
| Form | none |
| Javascript | no |
| Pages | 3 |
| Encrypted | no |

**EXHIBIT PAGE 185**

## Metadata of Doc-3

| | | |
|---|---|---|
| Page Size | | 612 x 792 pts (letter) |
| Page Rot | | 0 |
| File Size | | 131556 bytes |
| Optimized | | yes |
| Pdf Version | | 1.5 |
| Pdf Fonts | | |
| 0 | | |
| | Name | FAAAAH+TimesNewRomanPSMT |
| | Type | TrueType |
| | Encoding | WinAnsi |
| | Embedded | true |
| | Subset | true |
| | Unicode | false |
| | Object Id | 15 |
| 1 | | |
| | Name | FAAABA+TimesNewRomanPS-BoldMT |
| | Type | TrueType |
| | Encoding | WinAnsi |
| | Embedded | true |
| | Subset | true |
| | Unicode | false |
| | Object Id | 17 |
| 2 | | |
| | Name | SUTHXX+TimesNewRomanPSMT |
| | Type | TrueType |
| | Encoding | WinAnsi |
| | Embedded | true |
| | Subset | true |

**EXHIBIT PAGE 186**

## Metadata of Doc-3

| | | |
|---|---|---|
| | Unicode | false |
| | Object Id | 20 |
| 3 | | |
| | Name | FAAABG+Calibri |
| | Type | TrueType |
| | Encoding | WinAnsi |
| | Embedded | true |
| | Subset | true |
| | Unicode | false |
| | Object Id | 6 |
| Pdf Images | | |
| Raw Header | | 25 50 44 46 2D 31 2E 35 0D 0A 25 F9 FA 9A E7 0D 0A 25 41 42 43 70 64 66 20 31 31 32 30 33 0D 0A 31 31 20 30 20 6F 62 6A 0D 0A 3C 3C 0A 2F 45 20 31 31 36 32 34 30 0A 2F 48 20 5B 31 34 36 38 20 31 39 35 5D 0A 2F 4C 20 31 33 31 35 35 36 0A 2F 4C 69 6E 65 61 72 69 7A 65 64 20 31 0A 2F 4E 20 33 0A 2F 4F 20 31 34 0A 2F 54 20 31 33 31 32 38 37 0A 3E 3E 20 20 20 20 20 20 20 20 20 20 20 20 |
| Mediabox | | 0: [object Object],[object Object],[object Object],[object Object], 1: [object Object],[object Object],[object Object],[object Object], 2: [object Object],[object Object],[object Object] |

# EXHIBIT (B)



Search 🔍

TRACE EMAIL    VERIFY EMAIL    CONTACT US

MY IP    IP TRACKER    TOOLS    WEB    PRIVACY    CYBERSECURITY    API    GAMES    REVIEWS

BLOG
## IP Address Lookup

### Security Tools

🔲 DNS Lookup
👤 Search a Person
🔗 Inspect suspicious links
🛡 Data Breach Check

Advertisement





## IP Location Finder

| IPv4, IPv6 or Domain Name | IP Lookup |

Enter a IPv4, IPv6 or Domain name into the input box above, and we'll locate its IP location.

### 24.234.194.30

| 🛡 Hide this IP Address |



Here are the results from a few Geolocation providers. Is the data shown below not accurate enough? Please read geolocation accuracy info to learn why.

Do you have a problem with IP location lookup? Report a problem.

**Geolocation data from**    **IP2Location**    Product: DB6, 2024-12-1

 **IP ADDRESS:** 24.234.194.30     **ISP:** Cox Communications LLC

 **COUNTRY:** United States     **ORGANIZATION:** Not available

 **REGION:** Nevada     **LATITUDE:** 36.1750

 **CITY:** Las Vegas    **LONGITUDE:** -115.1372

Incorrect location? Contact IP2Location    📍 view map

### Popular Tools

🌐 Domain Age Checker
🖥 Who is Hosting a Website
🔴 Is my website down?
⚙ Subnet Calculator

Advertisement

## EXHIBIT PAGE 189

IP Address Lookup | Geolocation     Case 6:25-cv-00615-AGM-LHP    Document 12-1    Filed 04/17/25    Page 190 of 209   12/19/24, 7:38 PM

PageID 544

**Geolocation data from**     **ipinfo.io**     Product: API, real-time

**IP ADDRESS:** 24.234.194.30

**COUNTRY:** United States

**REGION:** Nevada

**CITY:** Las Vegas

**ISP:** Not available

**ORGANIZATION:** AS22773 Cox Communications Inc.

**LATITUDE:** 36.1750

**LONGITUDE:** -115.1372

Incorrect location? Contact ipinfo.io     📍 view map

## IP Address Articles

**Geolocation data from**     **DB-IP**     Product: API, real-time

**IP ADDRESS:** 24.234.194.30

**COUNTRY:** United States

**REGION:** Nevada

**CITY:** Las Vegas

**ISP:** Cox Communications Inc.

**ORGANIZATION:** Cox Communications Inc

**LATITUDE:** 36.1716

**LONGITUDE:** -115.139

Incorrect location? Contact DB-IP     📍 view map



March 1, 2016
How to hide my IP address?

There are several ways to hide your IP address, and your geolocation. Hiding your IP address is concealing your "true" IP address with a different one. You may use a VPN, Proxy or Anonymous Browser to hide your IP address.

Learn more ⟩

**Geolocation data from**     **IPregistry.co**     Product: API, real-time

**IP ADDRESS:** 24.234.194.30

**COUNTRY:** United States

**REGION:** Nevada

**CITY:** Las Vegas

**ISP:** Cox Communications Inc.

**ORGANIZATION:** Cox Communications Inc. (cox.com)

**LATITUDE:** 36.16725

**LONGITUDE:** -115.14851

Incorrect location? Contact IPregistry.co     📍 view map


Private Vacation Rentals     Vrbo

April 14, 2016
How to change your IP address?

Would you like to change the IP address of your computer, smartphone or tablet? You're getting your IP address from your Internet Service Provider, and you have the right to obtain a new IP address whenever you desire. Let us show you how you can change an IP address of your device.

Learn more ⟩

**Geolocation data from**     **IPGeolocation.io**     Product: API, real-time

**IP ADDRESS:** 24.234.194.30

**COUNTRY:** United States

**REGION:** Nevada

**CITY:** Las Vegas

**ISP:** Cox Communications Inc.

**ORGANIZATION:** Cox Communications Inc.

**LATITUDE:** 36.17193

**LONGITUDE:** -115.14001

Incorrect location? Contact IPGeolocation.io     📍 view map

**EXHIBIT PAGE 190**

**Geolocation data from**     **IPapi.co**     Product: API, real-time

**IP ADDRESS:**  24.234.194.30
**COUNTRY:**  United States
**REGION:**  Nevada
**CITY:**  Las Vegas

**ISP:**  ASN-CXA-ALL-CCI-22773-RDC
**ORGANIZATION:**  ASN-CXA-ALL-CCI-22773-RDC
**LATITUDE:**  36.1721
**LONGITUDE:**  -115.1224

Incorrect location? Contact IPapi.co     view map

**Geolocation data from**     **ipbase.com**     Product: API, real-time

**IP ADDRESS:**  24.234.194.30
**COUNTRY:**  United States
**REGION:**  Nevada
**CITY:**  Las Vegas

**ISP:**  Cox Communications Inc.
**ORGANIZATION:**  Cox Communications Inc.
**LATITUDE:**  36.1750
**LONGITUDE:**  -115.1372

Incorrect location? Contact ipbase.com     view map

**Geolocation data from**     **criminalip.io**     Product: API, real-time

**IP ADDRESS:**  24.234.194.30
**COUNTRY:**  United States
**REGION:**  Nevada
**CITY:**  Las Vegas

**ISP:**  Not available
**ORGANIZATION:**  Cox Business
**LATITUDE:**  36.1962
**LONGITUDE:**  -115.2633

Incorrect location? Contact criminalip.io     view map

**Geolocation data from**     **ipapi.is**     Product: API, real-time

**IP ADDRESS:**  24.234.194.30
**COUNTRY:**  United States
**REGION:**  Nevada
**CITY:**  Las Vegas

**ISP:**  Cox Communications Inc.
**ORGANIZATION:**  Cox Communications Inc.
**LATITUDE:**  36.1750
**LONGITUDE:**  -115.1372

Incorrect location? Contact ipapi.is     view map

Would you like to help us improve ip-to-location data by providing your feedback?

**Login to add feedback**



February 15, 2012
What is the difference between public and private IP address?

A public IP address is an IP address that can be accessed over the Internet, and a private IP address is an IP address that is local to your private network. A public IP is a globally unique IP, while a private IP address can be reused in different networks.

Learn more ⟩

October 7, 2012
What is the difference between a static and dynamic IP address?

An IP address is an address assigned to a device on the Internet. A static IP address is a fixed IP address that never changes, and a dynamic IP address is an IP that is assigned by the DHCP server which may change over time.

Learn more ⟩

Advertisement

## Blog Categories

▸ Artificial Intelligence (90)

▸ Automotive (22)

▸ Business (217)

　▸ Ecommerce (85)

　▸ Intellectual Property (11)

　▸ Productivity (21)

**EXHIBIT PAGE 191**

## Trivia Question

What is a 'phishing' attack?

- ○ A type of malware
- ○ A social engineering attack
- ○ A network attack
- ○ A hardware attack



 

## IP-Based Geolocation Accuracy

The Geolocation lookup tool provided on this page is an estimate of where the IP address may be located. The data come from a few IP-Based Geolocation providers, and their accuracy varies depending on how quickly they update their database when changes occur. Since many Internet users are getting their dynamic IP address from their ISP, and most ISPs serve their customers in multiple regions causing Geolocation lookup to be accurate to the region they serve. For example, AT&T in the United States serve their customers in entire USA and the accuracy may be limited to the Country level. Other ISPs may be serving smaller areas, and some ISPs create subnetworks to serve their customers in smaller regions. For this reason, the IP-based Geolocation will be about 99% accurate at the country level while the accuracy of State and City may be at much less accurate level somewhere around 50% range.

For more information about Geolocation Accuracy, please read How accurate is IP-based Geolocation lookup?

- ▾ Cloud Services (86)
- ▾ Computing (59)
- ▾ Crypto & Blockchain (39)
- ▾ Cybersecurity (275)
  - ▸ Distributed Denial of Service (10)
  - ▸ Password (21)
  - ▸ Safety (27)
- ▾ Data & Database (24)
- ▾ Digital Marketing (128)
- ▾ Education (47)
- ▾ Email (73)
- ▾ Entertainment (16)
- ▾ Fashion (2)
- ▾ Finance (77)
- ▾ Games (69)
- ▾ Healthcare (32)
- ▾ Internet of Things (22)
- ▾ IP Address (67)
  - ▸ Geolocation (44)
- ▾ Legal (9)
- ▾ Lifestyle (22)
  - ▸ Parenting (2)
- ▾ Network (96)
- ▾ Online Resources (13)
- ▾ Online Tools (81)
- ▾ Privacy (137)
  - ▸ Virtual Private Network (91)
  - ▸ Proxy (55)
- ▾ Real Estate (8)
- ▾ Scams & Frauds (16)
- ▾ Security (7)
- ▾ Smartphone (50)
- ▾ Social Media (77)
  - ▸ Social Media Marketing (40)
- ▾ Software (188)
  - ▸ Software Development (141)

**EXHIBIT PAGE 192**

## Related Articles

- [What is an IP Address?](#)
- [My IP Address is Hacked. What can I do?](#)
- [What is the difference between static and dynamic IP Address?](#)
- [What is the difference between public and private IP Address?](#)

▸ Software Testing (16)

▸ Mobile App Development (13)

▸ Web Development (8)

▾ Technology (61)

▸ Information Technology (9)

▸ Electronics (1)

▾ Travel (19)

▾ World Wide Web (166)

▸ Search Engine Optimization (65)

▸ Web Hosting (28)

▸ Web Design (16)

**About Us**



Welcome to IP Location, the home of IP Geolocation, security and privacy resources. This website was built to offer tips, tutorials and articles on IP address, VPN, Proxy, DDoS and WebAuthn technologies.

**Popular Topics**

› VPN

› Proxy

› Web Hosting

› SEO

› Product Reviews

› Forums

**Company Info**

› Terms of Service

› Privacy Policy

› Advertise With Us

› Guest Posting

› Contact Us

› Login / Signup

**Socialize**

Subscribe to our newsletter:

Enter your Email          Subscribe

f  Like Us
   on Facebook

🐦 Twitter
   on Twitter

in LinkedIn
   on LinkedIn

📷 Instagram
   on Instagram

Do not sell or share my personal information.

© 2006 - 2024, Brand Media, Inc. All rights reserved.

**EXHIBIT PAGE 193**

# EXHIBIT (C)

**EXHIBIT PAGE 194**

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,
      Plaintiff/Counter-Defendant,

v.                         CASE NO:  2019-CA-008025-O

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT,

      Defendant/Counter-Plaintiff.
_____/

**PLAINTIFF/COUNTER-DEFENDANT'S PRO SE
MOTION FOR EXTENSION OF TIME TO FILE RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, JERMAINE CARLOS DIAZ, Plaintiff/Counter-Defendant, in the above-styled and numbered matter and files this Pro Se Motion for Extension of Time to File A Response to Defendant's Motion for Summary Judgment, and in support thereof would show the following:

1. Plaintiff/Counter-Defendant was given two weeks to file a response to defendant's motion for summary judgment.  The deadline expires today, June 22, 2020.

2. Within the last two weeks Plaintiff/Counter-Defendant's attorney, Eric P. LaRue II, Esquire and The LaRue Firm, PLLC, filed a motion to withdrew from representation of Plaintiff/Counter-Defendant, Jermaine Carlos Diaz.

3. Plaintiff/Counter-Defendant immediately attempted to hire an attorney in Orlando, Florida. However, due to COVID-19 pandemic has been unable to hire a lawyer to represent him until today.

4. Plaintiff/Counter-Defendant is in the process of retaining new counsel however it will take one to two day to fully employ new counsel.

**EXHIBIT PAGE 195**

5. Accordingly, Plaintiff/Counter-Defendant is requesting a 14-day extension to hire and allow counsel to prepare and file response to Defendant's Motion for Summary Judgment.

Respectfully submitted,

JERMAINE CARLOS DIAZ
2827 Monarch Crossing
Missouri City, Texas 77459
Email: lace@lacetheblueprint.com
Telephone: (501) 400-6666

Pro See Plaintiff/Counter-Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the clerk of the court and served on Defendant's counsel this 22nd day of June 2020.

JERMAINE CARLOS DIAZ

2

**EXHIBIT PAGE 196**

IN THE CIRCUIT COURT OF THE NINTH

JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,

CASE NO:  2019-CA-008025-O

     Plaintiff/Counter-Defendant,

v.

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT,

     Defendant/Counter-Plaintiff.

_____/

## **ORDER**

JERMAINE CARLOS DIAZ, Plaintiff/Counter-Defendant, Pro Se Motion for Extension of Time to File A Response to Defendant's Motion for Summary Judgment is hereby:

GRANTED.  Mr. Diaz's attorney shall file a notice of appearance immediately.  Counsel will have until _____ \_\_\_\_\_, 2020 to file a response to the motion for summary judgment.

DONE AND ORDERED in Chambers in Orlando, Orange County, Florida on this \_\_\_\_\_ day of June, 2020.

_____

The Honorable Lisa T. Munyon
Circuit Court Judge

3

**EXHIBIT PAGE 197**

# EXHIBIT (D)

## BUSINESS RECORDS AFFIDAVIT

STATE OF FLORIDA      )
                                )

COUNTY OF LEON      )

        BEFORE ME, the undersigned authority, personally appeared ELIZABETH L. ALLMAN, who, after being first duly sworn, deposes and says the following:

        I, Elizabeth L. Allman, am over 21 years of age and have personal knowledge of the matters set forth in this Affidavit. I am currently the Administrator for the Florida Courts E-Filing Authority and an Association Services Manager for the Florida Court Clerks & Comptrollers ("FCCC"). Among my duties as Administrator for the Florida Courts E-Filing Authority, I am the custodian of business records related to the Florida Courts E-Filing Portal.

        Attached hereto are records from FCCC. These records are kept by FCCC, on behalf of the Florida Courts E-Filing Authority, in the ordinary course of business. It is the regular practice of FCCC for an employee or representative with knowledge of the event recorded to make the record or to transmit information thereof to be included in such record. The record was made at or near the time or reasonably soon thereafter.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Elizabeth L. Allman

        SWORN TO AND SUBSCRIBED before me by ELIZABETH L. ALLMAN, who is personally known to me or who produced _____ as identification on this 19 day of December 2024.

_____
NOTARY PUBLIC
State of Florida

Notary Public State of Florida
Amy Nicole Herndon
My Commission HH 414511
Expires 6/26/2027

**EXHIBIT PAGE 199**

| # | User | Action Date | Action | Remarks | Client IP |
|---|------|-------------|--------|---------|-----------|
| 2681728180 | Jermaine Carlos Diaz | 06/22/2020 05:48:33 PM | Sent transaction to payment system | Order # 28351640 Reference/Conf. # | 24.234.194.30 |
| 2681728181 | Jermaine Carlos Diaz | 06/22/2020 05:48:33 PM | Received | | 24.234.194.30 |
| 2681728182 | Jermaine Carlos Diaz | 06/22/2020 05:48:33 PM | Emergency filing designation by the filer | | 24.234.194.30 |
| 2681728184 | Florida E-Portal | 06/22/2020 05:48:33 PM | Submitting Documents for Virus Scanning | | |
| 2681728185 | Florida E-Portal | 06/22/2020 05:48:33 PM | Filing Received Notification Sent To Filer | Filing Received | |
| 2681728204 | Florida E-Portal | 06/22/2020 05:48:34 PM | Document Scan Completed | All Documents in Submission are allowed | |
| 2681728211 | Florida E-Portal | 06/22/2020 05:48:35 PM | Validating Filing | | |
| 2681728217 | Florida E-Portal | 06/22/2020 05:48:35 PM | Validating Filing | Document Added | |
| 2681728218 | Florida E-Portal | 06/22/2020 05:48:35 PM | Ready for Review | | |
| 2681728223 | Jermaine Carlos Diaz | 06/22/2020 05:48:35 PM | Electronic Service Notification Sent | SERVICE OF COURT DOCUMENT CASE NUMBER 482019CA008025A001OX DIAZ, JERMAINE Cvs.PAYNE, RAYON S | |
| 2681892587 | Nicole Evans | 06/23/2020 12:26:56 AM | Assigned for Review | Assigned to user 242374 for Review | |
| 2681892591 | Nicole Evans | 06/23/2020 12:26:56 AM | Opened for Review | | |
| 2681892639 | Nicole Evans | 06/23/2020 12:27:30 AM | Meta Data Changed during Review | Document # 1 Event/Document Type changed from Motion for Continuance to Motion for Enlargement/Extension of Time | |
| 2681892640 | Nicole Evans | 06/23/2020 12:27:30 AM | Document Saved | | |
| 2681892641 | Nicole Evans | 06/23/2020 12:27:30 AM | Document Accepted | | |
| 2681892642 | Nicole Evans | 06/23/2020 12:27:31 AM | Review Complete | | |
| 2681892643 | Florida E-Portal | 06/23/2020 12:27:31 AM | Being Sent to CMS | | |
| 2681892647 | Florida E-Portal | 06/23/2020 12:27:33 AM | Sent to CMS | CMS Confirmation # 9029091 | |
| 2681892671 | Florida E-Portal | 06/23/2020 12:27:44 AM | Docketing Complete - All Documents Filed | | |
| 2681892672 | Florida E-Portal | 06/23/2020 12:27:44 AM | Send Payment Settlement Request | Order # 28351640 | |
| 2681892676 | Florida E-Portal | 06/23/2020 12:27:46 AM | Payment Settled | Order # 28351640 | |
| 2681892677 | Florida E-Portal | 06/23/2020 12:27:46 AM | Docketing Complete Notification Sent | Processing Completed for Filing # 109232245 | |

**EXHIBIT PAGE 200**

# EXHIBIT (E)

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,

        Plaintiff/Counter-Defendant,

CASE NO: 2019-CA-008025-O

v.

RAYON SHERWIN PAYNE
d/b/a FOLKSALERT,

        Defendant/Counter-Plaintiff.

_____/

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

THIS CAUSE having come before the Court on June 8, 2020, on Motion to Withdraw as Counsel for Plaintiff/Counter-Defendant (the "Motion"), and the Court having reviewed the pleadings and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that:

1. The Motion is GRANTED.

2. Eric P. LaRue II, Esquire and The LaRue Firm, PLLC, are hereby relieved of any further obligations in this action and relieved of any further duty to represent Plaintiff/Counter-Defendant, Jermaine Carlos Diaz, in this matter.

3. Eric P. LaRue II, Esquire and The LaRue Firm, PLLC shall be removed from the service list in this matter.

4. Plaintiff/Counter-Defendant, Jermaine Carlos Diaz, shall have ten (10) days from the date of this Order to retain new counsel and this action shall be abated for a period ten (10) days from the date of this order.

5. Until such time as new counsel appears on behalf of Plaintiff/Counter-Defendant, Jermaine Carlos Diaz, all pleadings, papers, motions, correspondence, and other documents shall be served

**EXHIBIT PAGE 202**

on Plaintiff/Counter-Defendant, Jermaine Carlos Diaz, at 2827 Monarch Crossing, Missouri City, Texas 77459 and at lace@lacetheblueprint.com and younglaceincorporated@gmail.com. His telephone number is 501-400-6666.

DONE AND ORDERED in Chambers in Orlando, Orange County, Florida on this 10th day of June, 2020.

eSigned by Lisa T. Munyon 06/10/2020 10:26:42 2Rd.ek4n

The Honorable Lisa T. Munyon
Circuit Court Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and served upon all the parties appearing on the e-file list on this 10th day of June, 2020.

Judicial Assistant

2

**EXHIBIT PAGE 203**

# EXHIBIT Q

**EXHIBIT PAGE 204**

Case 6:25-cv-00615-AGM-LHP    Document 12-1    Filed 04/17/25    Page 205 of 209 PageID 559

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

JERMAINE CARLOS DIAZ,

       Plaintiff/Counter-Defendant,

v.                                     CASE NO. 2019-CA-008025-O


RAYON SHERWIN PAYNE,

       Defendant/Counter-Plaintiff.
_____/

### Order on Multiple Motions and Discharging Order to Show Cause

This action comes before the Court on multiple motions. Having considered the pertinent filings, the Court concludes as follows.

1. Defendant's Supplemental Motion for Judicial Inquiry into Proxy Filings, Obstruction, and Coordinated Conspiracy with Request for Immediate Relief and Temporary Restraining Order (filed 12/20/224) is **denied**.

2. Defendant's Objection and Motion to Strike Due to Cumulative Prejudice and Constitutional Violations (filed 1/13/2025) is **denied**.

3. Defendant's Supplemental Emergency Motion for Sanctions and Immediate Relief Due to Continued Obstruction and Misconduct (filed 1/14/2025) is **denied**.

4. Plaintiff's Emergency Motion to Quash Subpoenas (filed 1/10/2025) is **granted** to the extent that objections to subpoenas must be resolved before the subpoenas may be served on nonparties. Under rule 1.351(b), when "any party serves an objection to production under this rule within 10 days of service . . . the documents or thing shall not be produced pending resolution of the objection in accordance with subdivision (d)." Any subpoenas served on nonparties despite a timely objection are **quashed**. The objections must be resolved before the subpoenas may be issued to the nonparties.

Page 1 of 2

**EXHIBIT PAGE 205**

5.     On November 6, 2024, a hearing following the Court's October 3, 2024 Order to Show Cause was held. Plaintiff Jermaine Carlos Diaz appeared. The Court **discharges** the Order to Show Cause. No finding of contempt will be made at this time. However, Plaintiff must still comply with the Final Judgment and the Court's Orders. Within 21 days of the date of this Order, Plaintiff/Counter-Defendant Jermaine Carlos Diaz must provide a Form 1.977 Fact Information Sheet to Defendant/Counter-Plaintiff Rayon S. Payne.

6.     Both parties are reminded that this action is concluded and all that remains are Defendant's efforts at judgment collection. Many of the filings (from both parties) appear to be seeking independent relief. If parties have other claims or seek other relief, they are free to file a separate action. But requests for such relief are not appropriate in this action. The Court will continue to consider issues that relate to legitimate post-judgment discovery and collection.

DONE AND ORDERED in Orange County, Florida on January 21, 2025.

eSigned by Eric J Netcher  01/21/2025 09:27:22 2-eladx0

Eric J. Netcher
Circuit Judge

### Certificate of Service

The Court certifies that this Order was electronically filed and served to all parties receiving electronic service via the Florida Court's e-Filing Portal on January 21, 2025.

Page 2 of 2

**EXHIBIT PAGE 206**

# EXHIBIT R

# Supreme Court of Florida

TUESDAY, APRIL 15, 2025

Rayon Payne,

      Petitioner(s)

v.

Eric Parke LaRue, II, et al.,

      Respondent(s)

**SC2025-0317**

Lower Tribunal No(s).:
6D2025-0215, 6D2025-0261,
6D2025-0386, 6D2025-0387
6D2025-0388, 6D2025-0417,
482024CA007719A001OX,
482024CA007880A001OX,
482024CA009448A001OX,
482024CA010589A001OX

---

      The petition for writ of prohibition is hereby denied because Petitioner has failed to demonstrate that a lower court is attempting to act in excess of its jurisdiction. *See Mandico v. Taos Constr., Inc.*, 605 So. 2d 850 (Fla. 1992); *English v. McCrary*, 348 So. 2d 293 (Fla. 1977). All motions or other requests for relief are denied. No motion for rehearing or reinstatement will be considered by this Court.

CANADY, LABARGA, GROSSHANS, COURIEL, and FRANCIS, JJ., concur.

A True Copy
Test:

SC2025-0317 4/15/2025

John A. Tomasino
Clerk, Supreme Court



SC2025-0317 4/15/2025

**EXHIBIT PAGE 208**

LC

Served:
KRISTA NICOLE CAMMACK
6DCA CLERK
ORANGE CLERK
MICHAEL ROSS D'LUGO
KRISTEN MARIE FIORE
JAMES STUART GLENN
BENJAMIN MICHAEL KOESTER
KIMBERLY ANNE LOPEZ
HON. LISA T. MUNYON
SHANNON ELIZABETH MURPHY
RAYON PAYNE
JOHN AUSTIN RINE
ASHA MICHELLE WEDEMIER-ALLAN

**EXHIBIT PAGE 209**