**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAYON PAYNE,

        Plaintiff,

v.                                                                                          Case No:   6:25-cv-615-WWB-LHP

LISA T. MUNYON, REGINALD
WHITEHEAD, ERIC J. NETCHER,
LUIS CALDERON, MICHAEL DEEN,
PATRICIA STROWBRIDGE, DAN
TRAVER, JOHN K. STARGEL, KEITH
WHITE, MARY ALICE NARDELLA,
JOSHUA A. MIZE, PAETRA T.
BROWNLEE, ROGER GANNAM,
JARED E. SMITH, BRIAN D.
LAMBERT, JANE YORK PUNNEO,
TIFFANY MOORE RUSSELL, ERIC
PARKE LARUE, II , DONALD
DEMPSEY, KRISTA N. CAMMACK,
BENJAMIN KOESTER, STUART
GLENN, KIMBERLY LOPEZ, ASHA
WEDEMIER-ALLAN, JOHN RINE,
SHANNON ELIZABETH MURPHY,
MARY J. WALTER, MICHAEL R.
D'LUGO, KRISTEN M. FIORE,
CAITLIN R. POLCARO, PAUL
IRVIN, ANDREW IRVIN, JOHN
FULLER, PETER MAGNANI, NAVY
FEDERAL CREDIT UNION, RLW
REALTY, LLC, THE LARUE FIRM
PLLC, DONALD DEMPSEY, P.A.,
LEWIS BRISBOIS BISGAARD &
SMITH LLP, IRVIN & IRVIN, PLLC,
WALTER APPEALS & GENERAL

LITIGATION, JERMAINE CARLOS DIAZ, JULIYA STAR, MELISSA SUE AMARAL, LOGAN WILSON, ELIZABETH JEAN, DAVID HUTCHINSON and LAUREN BURROWS,

        Defendants

## ORDER

Before the Court is Plaintiff's Motion for Service by U.S. Marshal. Doc. No. 7. Plaintiff, proceeding *pro se*, asks that the Court authorize service by the United States Marshals Service pursuant to Federal Rule of Civil Procedure 4(c)(3), stating that she "lacks institutional or financial resources to coordinate service;" "personal service by the Plaintiff raises serious security and ethical concerns;" and given that the named Defendants "are current or former judicial officers or employees of the State of Florida." *Id.* at 1. Upon review, the motion (Doc. No. 7) will be **DENIED without prejudice**.

Rule 4(c)(3) provides that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."

Here, because Plaintiff has paid the filing fee, the court is not obligated to order that service be made by a United States Marshal. *See Somerville v. Dep't of Health & Hum. Servs.*, No. 6:24-cv-2185-JSS-EJK, 2024 WL 5090233, at *1 (M.D. Fla. Dec. 12, 2024). And "although Rule 4(c)(3) . . . gives the [c]ourt discretion to order the United States Marshal to serve civil process, the Advisory Committee Notes state that [such] appointment . . . is generally proper when it is necessary to keep the peace." *Id.* (citing *Nappi v. Welcom Prods., Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014)). That circumstance is not present here, and Plaintiff's motion does not establish why service by the United States Marshal is necessary, given that there are available avenues for Plaintiff to effect service, to include retaining a private process server or requesting that Defendants waive service. *See Prosperous v. Todd*, No. 8:17-cv-996-T-33MAP, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017) (denying Rule 4(c)(3) motion for same reason); *see also GMAC Real Est., LLC v. Waterfront Realty Grp., Inc.*, No. 2:09-cv-546-FtM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 15, 2010) (denying motion to appoint special process server where "Plaintiff has provided no factual basis for why a court order is necessary to accomplish service of process and does not include any legal authority in support of its Motion other than Rule 4(c)(3)").

**DONE** and **ORDERED** in Orlando, Florida on April 17, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties