**Case No.:** _____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

In re: RAYON PAYNE
Petitioner.

---

ON PETITION FOR A WRIT OF MANDAMUS TO
THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

Relates to: Case No.: 6:25-cv-00615-WWB-LHP

**The Hon. Wendy Williams Berger**

---

# EMERGENCY PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd.
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

# **CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1 and Local Rule 26.1, the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of a party's stock, and other identifiable legal entities related to a party:

1. JUDGE LISA T. MUNYON

2. JUDGE REGINALD WHITEHEAD,

3. JUDGE ERIC NETCHER,

4. JUDGE LUIS CALDERON,

5. JUDGE MICHAEL DEEN,

6. JUDGE PATRICIA STROWBRIDGE,

7. JUDGE DAN TRAVER,

8. JUDGE JOHN K. STARGEL,

9. JUDGE KEITH WHITE,

10. JUDGE MARY ALICE NARDELLA,

11. JUDGE JOSHUA A. MIZE,

12. JUDGE PAETRA T. BROWNLEE,

13. JUDGE ROGER GANNAM,

14. JUDGE JARED E. SMITH,

15. JUDGE BRIAN D. LAMBERT,

16. JUDGE CARRIE ANN WOZNIAK,

17. JUDGE JANE YORK PUNNEO,

18. CLERK TIFFANY MOORE RUSSELL,

19. ATTORNEY ERIC PARKE LaRUE II,

20. ATTORNEY DONALD DEMPSEY,

21. ATTORNEY KRISTA N. CAMMACK,

22. ATTORNEY BENJAMIN KOESTER,

23. ATTORNEY STUART GLENN,

24. ATTORNEY KIMBERLY LOPEZ,

25. ATTORNEY ASHA WEDEMIER-ALLAN,

26. ATTORNEY JOHN RINE,

27. ATTORNEY SHANNON ELIZABETH MURPHY,

28. ATTORNEY MARY J. WALTER,

29. ATTORNEY MICHAEL R. D'LUGO,

30. ATTORNEY KRISTEN M. FIORE,

31. ATTORNEY CAITLIN R. POLCARO,

32. ATTORNEY PAUL IRVIN.

33. ATTORNEY ANDREW IRVIN,

34. ATTORNEY JOHN FULLER,

35. ATTORNEY PETER MAGNANI,

36. ATTORNEY SHANNON RAMOS,

37. NAVY FEDERAL CREDIT UNION,

38. RLW REALTY, LLC,

39. THE LARUE FIRM PLLC,

40. DONALD DEMPSEY, P.A.,

41. LEWIS BRISBOIS BISGAARD & SMITH LLP,

42. IRVIN & IRVIN, PLLC,

43. WALTER APPEALS & GENERAL LITIGATION,

44. MASON LAW OFFICE,

45. AKERMAN LLP,

46. WICKER SMITH O'HARA MCCOY & FORD, P.A.

47. JERMAINE CARLOS DIAZ a.k.a. YOUNG LACE,

48. JULIYA STAR,

49. MELISSA SUE AMARAL.

50. LOGAN WILSON,

51. ELIZABETH JEAN,

52. DAVID HUTCHINSON,

53. LAUREN BURROWS,

54. CAROLINA ARGUELLO.

55. CHERRY JORDAN,

56. DANA LUCAS,

57. ADDISON B. HICKS,

58. Florida Supreme Court Justice Charles T. Canady,

59. Florida Supreme Court Justice Jorge Labarga,

60. Florida Supreme Court Justice John D. Couriel,

61. Florida Supreme Court Justice Jamie R. Grosshans,

62. Florida Supreme Court JusticeRenatha Francis

RAYON PAYNE, PRO SE

8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................... 7

JURISDICTIONAL STATEMENT ..................................... 8

STATEMENT OF FACTS ................................................ 9

EMERGENCY GROUNDS FOR RELIEF ............................ 11

ARGUMENT ............................................................... 12

CONCLUSION ............................................................ 16

RELIEF SOUGHT ........................................................ 17

CERTIFICATE OF COMPLIANCE ..................................... 18

CERTIFICATE OF SERVICE ........................................... 18

# TABLE OF AUTHORITIES

**CASELAW**

Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380 (2004) ...... 8

Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981) ................. 11

In re United States, 598 F.2d 233, 234–35 (D.C. Cir. 1979) ........... 11

Henderson v. United States, 517 U.S. 654, 661–62 (1996) ............. 13

Mallard v. U.S. Dist. Court, 490 U.S. 296, 309 (1989) ................. 14

Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976) ...................... 14

In re BellSouth Corp., 334 F.3d 941 (11th Cir. 2003) ................... 14

**STATUTE**

28 U.S.C. § 1651(a) ............................................................... 11

28 U.S.C. § 455 ..................................................................... 13

42 U.S.C. § 1983 ................................................................... 16

**RULES**

Fed. R. App. P. 26.1 ............................................................... 2

Fed. R. App. P. 32(g)(1) ......................................................... 18

Fed. R. App. P. 21(d)(1) ......................................................... 18

Fed. R. App. P. 32(f) .............................................................. 18

Fed. R. App. P. 32(a)(5) .......................................................... 18

Fed. R. App. P. 32(a)(6) .......................................................... 18

## JURISDICTIONAL STATEMENT

This Court has jurisdiction to issue writs of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), which authorizes "all courts established by Act of Congress" to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Because the United States District Court for the Middle District of Florida sits within the Eleventh Circuit, this Court has supervisory authority to ensure that the district court complies with binding appellate directives and does not act outside its jurisdiction.

Mandamus is an extraordinary remedy, but it is appropriate where a lower court has refused to exercise its jurisdiction or has acted outside the scope of its lawful authority, causing a clear and indisputable prejudice to the petitioner. See Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380 (2004) ("Mandamus is available to confine an inferior court to a lawful exercise of its prescribed jurisdiction.") Accordingly, jurisdiction is proper in this Court.

## STATEMENT OF FACTS

This petition is accompanied by an appendix that includes all relevant motions and orders referenced herein. This Petition arises from ongoing proceedings in the United States District Court for the Middle District of Florida. Petitioner, proceeding pro se, has diligently sought to protect his constitutional rights and preserve the integrity of the judicial process. To that end, Petitioner filed a Renewed Motion for Disclosure seeking transparency and requiring the presiding court and its officers to disclose any basis that could affect impartiality or jurisdiction.

Recognizing the significance of this motion, the United States Court of Appeals for the Eleventh Circuit issued a tolling order to ensure Petitioner's appellate rights were protected while the district court considered Docket No. 16, Petitioner's Renewed Motion for Disclosure. Despite that clear directive, the district court has not ruled on Docket No. 16. Instead, it has issued unrelated orders, thereby muddying the docket, creating procedural confusion, and causing substantial prejudice to Petitioner.

**The relevant sequence of events is as follows:**

1. April 9, 2025 – Petitioner filed a Renewed Motion for Disclosure (Docket #. 16) in the Middle District of Florida, requesting disclosure of potential

conflicts and other relevant matters affecting jurisdiction and impartiality.

2. May 20, 2025 – The Eleventh Circuit issued a Tolling Order directing that the time for Petitioner's appeal would be tolled pending the district court's ruling on Docket #. 16.

3. June 3, 2025 – Petitioner filed a Notice to Rule in the district court, specifically reminding the court of its obligation to rule on Docket #. 16 in light of the tolling order.

4. July 7, 2025 – Despite the tolling order and notice, the district court issued two unrelated orders: one addressing a protective order and another directing action related to the United States Marshals Service. Neither order addressed Docket #. 16, and both were entered while the tolling order remained in effect.

These actions have compounded procedural uncertainty and have prejudiced Petitioner by forcing him to respond to collateral matters while the core disclosure issue remains unresolved. Petitioner now seeks extraordinary relief by writ of mandamus to compel the district court to comply with the Eleventh Circuit's tolling order and issue a ruling on Docket #. 16, and to direct that any orders entered outside of the tolling directive be vacated as void and prejudicial.

## EMERGENCY GROUNDS FOR RELIEF

Petitioner brings this matter on an emergency basis because the harm is ongoing and irreparable. On January 23, 2025, Petitioner filed a motion for preliminary injunctive relief in the Middle District of Florida seeking to stay state-court proceedings that were actively harming his federal rights. Despite that clear request, the district court—through Judge Berger—has refused to rule. Instead, she has allowed the Sixth District Court of Appeal, whose judges are named defendants, to continue issuing adverse rulings and mandates. This has caused continuing prejudice and a direct violation of Petitioner's constitutional rights under the Fifth and Fourteenth Amendments and the Supremacy Clause.

The urgency is heightened because these state-court rulings are not theoretical; they are active orders compelling Petitioner's response and undermining his federal posture. Judge Berger's refusal to rule on Docket #16, the Renewed Motion for Disclosure, and her refusal to act on the preliminary injunction, is not neutral inaction—it shields her state-court colleagues from scrutiny while allowing those very colleagues to continue acting against Petitioner.

The Eleventh Circuit has authority under 28 U.S.C. § 1651(a) to issue writs necessary to protect its jurisdiction and prevent irreparable harm. See Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981) (preliminary relief is designed to prevent irreparable injury before a full resolution); In re United States, 598 F.2d

11

233, 234–35 (D.C. Cir. 1979) (mandamus appropriate where district court's inaction threatens irreparable harm and undermines appellate review).

Given this record, immediate intervention is required. Without a ruling on Docket #16 and the preliminary injunction, Petitioner is denied meaningful access to the courts while ongoing state-court actions continue unchecked. The emergency nature of this petition is therefore evident and compelling.

## ARGUMENT

On May 20, 2025, the Eleventh Circuit issued a tolling order directing the United States District Court for the Middle District of Florida to rule on Docket #16, Petitioner's Renewed Motion for Disclosure. That same day, Petitioner served formal notice of the tolling order on the district court. Despite this clear directive, the district court has refused to rule on Docket #16 and instead issued unrelated rulings—including on a U.S. Marshals Service motion—outside the scope of the tolling order.

In one such order, the district court went even further by attempting to impose a sixty-day deadline on Petitioner to serve defendants, even though Petitioner has not sought the issuance of any summons in this case. Because this matter is subject to a tolling order from the Eleventh Circuit and is presently on interlocutory appeal, no summons has been requested and no service is required at this stage. Under Federal

Rule of Civil Procedure 4(m), the obligation to serve defendants arises only after a summons has been issued, and the decision when to seek that summons rests solely with the plaintiff—not the court. See Henderson v. United States, 517 U.S. 654, 661–62 (1996). By unilaterally imposing a service deadline, the court overstepped its authority, effectively shifting control of the litigation posture away from Petitioner and further compounding the prejudice already caused by its refusal to comply with the Eleventh Circuit's tolling order.

This refusal to rule is not a mere procedural oversight. It is a deliberate act that prejudices Petitioner's appellate posture and violates his constitutional rights. Docket #16 squarely seeks disclosure from the court itself, because the presiding judge—an Article III judge—has a duty under 28 U.S.C. § 455 and the Code of Conduct for United States Judges to disqualify herself where her impartiality might reasonably be questioned, particularly when she has direct professional ties to state judges named as defendants in the underlying action. This obligation is not limited to Judge Berger alone; it extends to the entire bench and officers of the court who are aware of those ties, including the general magistrate and the chief judge, both of whom share an ethical duty to raise or address the conflict once it is known. Instead of addressing that motion, Judge Berger has insulated herself by routing substantive rulings through a general magistrate while leaving Docket #16

unresolved. This creates the appearance of impropriety and undermines the neutrality required of the federal judiciary.

The refusal to act while allowing the Sixth District Court of Appeal to continue issuing rulings in direct conflict with Petitioner's federal posture compounds the prejudice. It leaves in place unaddressed motions, including a pending preliminary injunction designed to prevent precisely this kind of constitutional harm, and allows state-level mandates to issue unchecked. The effect is to deny Petitioner meaningful access to the courts in violation of the Fifth and Fourteenth Amendments and the Supremacy Clause.

Mandamus lies where a court refuses to exercise its jurisdiction or unreasonably delays action. Mallard v. U.S. Dist. Court, 490 U.S. 296, 309 (1989); Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976); In re BellSouth Corp., 334 F.3d 941 (11th Cir. 2003).

Moreover, the prejudice here is magnified by the interplay with the Florida Supreme Court and the Sixth District Court of Appeal. Petitioner previously sought extraordinary relief in the Florida Supreme Court to stop the ongoing constitutional violations. That Court re-characterized and denied the all-writs petition, an action now before the United States Supreme Court on certiorari Case # 25-5175. Despite that live Supreme Court posture, the Sixth District Court of Appeal has continued to issue rulings and mandates directly affecting Petitioner. Rather than protecting

Petitioner's federal constitutional rights under the Supremacy Clause, the United States District Court, through Judge Berger, has refused to rule on Docket #16 and has thereby permitted the state appellate court—whose judges are named defendants—to continue issuing orders adverse to Petitioner.

The record here shows a clear duty to rule, repeated notice, and a continuing refusal. Judge Berger's reliance on a magistrate to handle matters that go to her own impartiality magnifies the constitutional violation. This Court should therefore issue a writ of mandamus compelling the district court to rule on Docket #16 and directing that any orders entered outside the tolling order be vacated to remedy the ongoing prejudice.

## CONCLUSION

The prejudice here is not procedural—it is structural. Judge Berger's continuing inaction, despite this Court's live tolling order, has itself become the constitutional violation. That inaction allowed the Sixth District Court of Appeal, whose judges are named defendants and her former colleagues, to continue issuing adverse rulings against me while she refused to act under the Supremacy Clause or rule on my pending Preliminary Injunction.

This is not harm that can be undone. Under 42 U.S.C. § 1983, and consistent with the *Rooker-Feldman* doctrine, a federal district court does not have jurisdiction to sit as an appellate court over state-court judgments; it cannot reverse or vacate what the state court has already done. By taking no action, Judge Berger enabled those state-level rulings to stand, embedding the constitutional injury into the structure of the case.

Compounding this, the district court was defiant in failing to follow this Court's tolling order. Rather than comply, it stepped outside its limited jurisdiction and issued two separate rulings—including setting deadlines—while the appellate directive remained in force. Those actions, taken while ignoring the tolling order, deepen the structural prejudice and demonstrate a disregard for this Court's authority.

No belated ruling can restore the lost appellate posture, erase those adverse state actions, or cure the appearance and reality of partiality that now infects these proceedings. The due process and equal protection violations are not hypothetical—they are structural and ongoing.

Accordingly, I respectfully submit that this Court's intervention is not only warranted but necessary. The prejudice cannot be cured; the constitutional harm cannot be unwound. The only remedy is for this Court to enforce its tolling order, direct an immediate ruling on Docket #16, and vacate all orders entered outside that directive, to preserve what remains of my rights and to uphold the supremacy of federal law.

## PRAYER FOR RELIEF

Petitioner respectfully prays that this Court:

1. Issue a writ of mandamus directing the district court to promptly rule on Docket #16 (Renewed Motion for Disclosure);

2. Direct the district court to vacate all orders entered after the tolling order that prejudice Petitioner; and

3. Grant such other relief as this Court deems just and proper.

Date: July 29, 2025

_____
RAYON PAYNE, PRO SE

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY under Federal Rule of Appellate Procedure 32(g)(1) that this petition complies with the word limit set forth in Federal Rule of Appellate Procedure 21(d)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), that it contains 2679 words.

This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Google Doc in 14-point Times New Roman font.

Date: July 29, 2025

_____
RAYON PAYNE, PRO SE