Case No.: _____

---

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

In re: RAYON PAYNE
Petitioner.

---

APPENDIX IN SUPPORT OF WRIT OF MANDAMUS TO
THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

Relates to: Case No.: 6:25-cv-00615-WWB-LHP

**The Hon. Wendy Williams Berger**

---

## APPENDIX

---

Date: 7/29/2025

RAYON PAYNE, PRO SE

8815 Conroy Windermere Rd. Ste.
#208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

## APPENDIX TABLE OF CONTENT

| APP # | DOCUMENT DESCRIPTION | PAGE # |
|---|---|---|
| APP 1 | Eleventh Circuit - Tolling Order issued by Eleventh Circuit (May 20, 2025) | 2 |
| APP 2 | Petitioner's Notice to District Court (May 20, 2025) | 4 |
| APP 3 | District Court's Orders entered after tolling order (July 7, 2025) | 9 |
| APP 4 | Petitioner's Docket No. 16 (Renewed Motion for Disclosure) (April 18, 2025) | 19 |
| APP 5 | Petitioner's Motion for Preliminary injunction to enjoin continuing state court proceedings (April 10, 2025) | 28 |
| APP 6 | Florida District Court of Appeal rulings after (April 10, 2025) in cases 6D2025-0215, 6D2025-0261, 6D2025-0386, 6D2025-0387, 6D2025-0388, and 6D2025-0417 | 33 |

**APP PAGE - 1**

# APP #1

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 20, 2025

Rayon Payne
8815 CONROY WINDERMERE RD STE 208
ORLANDO, FL 32835

Appeal Number:  25-11315-HH
Case Style:  Rayon Payne v. Lisa Munyon, et al
District Court Docket No:  6:25-cv-00615-WWB-LHP

Tolling Motion
After review of the district court docket entries, it appears that the notice of appeal was filed
before the disposition of a filing that is properly construed as a timely tolling motion. See FRAP
4(a)(4)(A); *Finch v. City of Vernon*, 845 F.2d 256, 258 59 (11th Cir. 1988) (providing that any
post judgment motion that is timely and "calls into question the correctness of [the] judgment"
is deemed a tolling motion regardless of how it is formally styled). The notice of appeal
becomes effective when the order disposing of the motion is entered, and the district court
retains jurisdiction to rule on the timely tolling motion. See FRAP 4(a)(4). **All appeal deadlines
are suspended pending the district court's entry of an order disposing of the motion. Upon
entry of the district court's order, the time to take required action will begin to run anew
without further notice.**

The timely tolling motion is district court docket entry number: **16**

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website.

Clerk's Office Phone Numbers
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
|---|---|---|---|
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

MOT-2 Notice of Court Action

**APP PAGE - 3**

# APP #2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAYON PAYNE,
 Plaintiff,

V.                                                Case No.: 6:25-cv-00615-WWB-LHP

LISA T. MUNYON, ET AL
 Defendants

_____/

**NOTICE OF ELEVENTH CIRCUIT TOLLING ORDER AND REQUEST**
**FOR PROMPT RULING ON PENDING MOTION AT (DOC. 16)**

Plaintiff, Rayon Payne, respectfully notifies the Court of the May 20, 2025 order issued

by the United States Court of Appeals for the Eleventh Circuit in related appellate Case

No. 25-11315-HH, attached hereto as Exhibit A.

The Eleventh Circuit has confirmed that Docket Entry 16 in this case constitutes a timely

tolling motion under Federal Rule of Appellate Procedure 4(a)(4)(A). Accordingly, the

appellate proceedings are stayed until this Court enters a ruling on that motion. All

Eleventh Circuit deadlines are suspended pending the Court's disposition of Dkt. 16.

Plaintiff respectfully requests that this Court issue a ruling on Docket 16—Plaintiff's

Renewed Motion for Court-Ordered Disclosure by Bench and Parties Pursuant to Local

Rule 3.01(a) and Constitutional Due Process. The renewed motion:

- Complies with Local Rule 3.01(a),

- Cures the deficiencies identified in the Court's April 17, 2025 denial order (Dkt.
  14), and

1

**APP PAGE - 5**

- Raises urgent constitutional claims grounded in 28 U.S.C. § 455, Federal Rule of Civil Procedure 7.1, and controlling U.S. Supreme Court precedent.

Plaintiff seeks a prompt disposition of the motion which is essential to preserve appellate jurisdiction and facilitate the integrity of proceedings at both the district and circuit levels.

## CERTIFICATE OF SERVICE

I, Plaintiff hereby certify that at the time of filing the accompanying motion, no Defendant in this matter has been served with process or appeared in this action. Accordingly, service of the motion upon any party is not presently required. Plaintiff affirms that upon completion of formal service of process and as each Defendant is served.

Date: 5/20/2025

Respectfully submitted,
/s/ Rayon Payne

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

**APP PAGE - 6**

Case 6:25-cv-00615-ACM-LHB   Document 29-1   Filed 08/04/25   Page 8 of 41 PageID 711
Case 6:25-cv-00615-WWB-LHP   Document 25-1   Filed 05/20/25   Page 3 of 4 PageID 755
USCA11 Case: 25-12566   Document: 1-2   Date Filed: 07/29/2025   Page: 26 of 59

# EXHIBIT A

**APP PAGE - 7**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 20, 2025

Rayon Payne
8815 CONROY WINDERMERE RD STE 208
ORLANDO, FL 32835

Appeal Number: 25-11315-HH
Case Style: Rayon Payne v. Lisa Munyon, et al
District Court Docket No: 6:25-cv-00615-WWB-LHP

Tolling Motion
After review of the district court docket entries, it appears that the notice of appeal was filed
before the disposition of a filing that is properly construed as a timely tolling motion. See FRAP
4(a)(4)(A); *Finch v. City of Vernon*, 845 F.2d 256, 258 59 (11th Cir. 1988) (providing that any
post judgment motion that is timely and "calls into question the correctness of [the] judgment"
is deemed a tolling motion regardless of how it is formally styled). The notice of appeal
becomes effective when the order disposing of the motion is entered, and the district court
retains jurisdiction to rule on the timely tolling motion. See FRAP 4(a)(4). **All appeal deadlines
are suspended pending the district court's entry of an order disposing of the motion. Upon
entry of the district court's order, the time to take required action will begin to run anew
without further notice.**

The timely tolling motion is district court docket entry number: **16**

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system,
unless exempted for good cause. Although not required, non-incarcerated pro se parties are
permitted to use the ECF system by registering for an account at www.pacer.gov. Information
and training materials related to electronic filing are available on the Court's website.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

MOT-2 Notice of Court Action

**APP PAGE - 8**

# APP #3

Case 6:25-cv-00615-ACM-LHP    Document 28-1    Filed 08/04/25    Page 11 of 41 PageID 758
Case 6:25-cv-00615-WWB-LHP    Document 28-1    Filed 07/07/25    Page 1 of 4 PageID 726
USCA11 Case: 25-12566    Document: 1-2    Date Filed: 07/29/2025    Page: 29 of 59

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RAYON PAYNE,

        Plaintiff,

v.

LISA T. MUNYON, REGINALD
WHITEHEAD, ERIC J. NETCHER,
LUIS CALDERON, MICHAEL DEEN,
PATRICIA STROWBRIDGE, DAN
TRAVER, JOHN K. STARGEL, KEITH
WHITE, MARY ALICE NARDELLA,
JOSHUA A. MIZE, PAETRA T.
BROWNLEE, ROGER GANNAM,
JARED E. SMITH, BRIAN D.
LAMBERT, JANE YORK PUNNEO,
TIFFANY MOORE RUSSELL, ERIC
PARKE LARUE, II , DONALD
DEMPSEY, KRISTA N. CAMMACK,
BENJAMIN KOESTER, STUART
GLENN, KIMBERLY LOPEZ, ASHA
WEDEMIER-ALLAN, JOHN RINE,
SHANNON ELIZABETH MURPHY,
MARY J. WALTER, MICHAEL R.
D'LUGO, KRISTEN M. FIORE,
CAITLIN R. POLCARO, PAUL
IRVIN, ANDREW IRVIN, JOHN
FULLER, PETER MAGNANI, NAVY
FEDERAL CREDIT UNION, RLW
REALTY, LLC, THE LARUE FIRM
PLLC, DONALD DEMPSEY, P.A.,
LEWIS BRISBOIS BISGAARD &
SMITH LLP, IRVIN & IRVIN, PLLC,
WALTER APPEALS & GENERAL

Case No:   6:25-cv-615-WWB-LHP

**APP PAGE - 10**

LITIGATION, JERMAINE CARLOS
DIAZ, JULIYA STAR, MELISSA SUE
AMARAL, LOGAN WILSON,
ELIZABETH JEAN, DAVID
HUTCHINSON, LAUREN
BURROWS, CARRIE ANN
WOZNIAK, SHANNON RAMOS,
MASON LAW OFFICE, AKERMAN
LLP, WICKER SMITH O'HARA
MCCOY & FORD P.A., CHARLES T.
CANADY, JORGE LABARGA, JOHN
D. COURIEL, JAMIE R.
GROSSHANS, RENATHA FRANCIS,
CARLOS G. MUNIZ, MEREDITH L.
SASSO, CAROLINA ARGUELLO,
CHERRY JORDAN, DANA LUCAS
and ADDISON B. HICKS,

Defendants

_____

**ORDER**

Plaintiff, proceeding *pro se*, has filed a Motion for Protective Order and

Memorandum of Law.   Doc. No. 17.   Citing Federal Rule of Civil Procedure 26(c)

and the Court's inherent authority, Plaintiff seeks a protective order limiting access

to Plaintiff's personal information and the sealing thereof, and prohibiting various

forms of conduct by Defendants, to include preventing contact with Plaintiff or

Plaintiff's employers or associates by Defendants or through their agents, barring

access to Plaintiff's background information, and prohibiting Defendants from

retaliating against, harassing, or intimidating Plaintiff.   *Id.*

**APP PAGE - 11**

Upon review, Plaintiff does not cite to any applicable legal authority demonstrating that the relief sought is appropriate under Rule 26(c), particularly where no Defendant has been served nor has any Defendant appeared in the case. *Id.*[1]   Moreover, in substance, and at least in part, what Plaintiff appears to be seeking is a restraining order or injunction against Defendants, but the motion does not comply with the applicable requirements for seeking such relief.   Fed. R. Civ. P. 65; Local Rules 6.01, 6.02; *see also, e.g., Slayton v. Sec'y, Dept. of Corrs*, No. 8:21-cv-873-KKM-AAS, 2021 WL 2156223, at *3–4 (M.D. Fla. May 27, 2021) (denying without prejudice plaintiff's "motion for protection," which was construed as a "temporary restraining order," for failure to establish the elements of a claim for temporary restraining order, and for failure to comply with Local Rule 6.01 and Federal Rule of Civil Procedure 65).

Accordingly, Plaintiff's motion (Doc. No. 17) is **DENIED without prejudice**. Any renewed motion must comply in full with all applicable Federal Rules of Civil Procedure and Local Rules, and must demonstrate the propriety of the relief sought by citation to applicable legal authority.   If Plaintiff wishes to renew the request for

---

[1] Outside of Rule 26 itself, Plaintiff cites two cases.   *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984), concerned the propriety of a protective order limited to pretrial civil discovery, which is not the case here because discovery has not yet begun.   *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981), concerned the propriety of a trial court order denying a request to proceed anonymously, which relief Plaintiff does not request by this motion, nor did Plaintiff file the case under an alias.   Accordingly, the Court does not find Plaintiff's reliance on these cases persuasive.

**APP PAGE - 12**

a restraining order or injunctive relief, Plaintiff must do so by properly supported

motion in strict compliance with Federal Rule of Civil Procedure 65 and Local Rules

6.01 and/or 6.02.

   **DONE** and **ORDERED** in Orlando, Florida on July 7, 2025.

<br>

*Leslie Hoffman Price*

————————————————————
**LESLIE HOFFMAN PRICE**
**UNITED STATES MAGISTRATE JUDGE**

<br><br>

Copies furnished to:

Unrepresented Parties

Case 6:25-cv-00615-ACM-LHP    Document 22-1    Filed 08/04/25    Page 15 of 41 PageID
Case 6:25-cv-00615-WWB-LHP    Document 27-1    Filed 07/07/25    Page 1 of 5 PageID 721
762
USCA11 Case: 25-12566    Document: 1-2    Date Filed: 07/29/2025    Page: 33 of 59

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RAYON PAYNE,

        Plaintiff,

v.                                                  Case No:   6:25-cv-615-WWB-LHP

LISA T. MUNYON, REGINALD
WHITEHEAD, ERIC J. NETCHER,
LUIS CALDERON, MICHAEL DEEN,
PATRICIA STROWBRIDGE, DAN
TRAVER, JOHN K. STARGEL, KEITH
WHITE, MARY ALICE NARDELLA,
JOSHUA A. MIZE, PAETRA T.
BROWNLEE, ROGER GANNAM,
JARED E. SMITH, BRIAN D.
LAMBERT, JANE YORK PUNNEO,
TIFFANY MOORE RUSSELL, ERIC
PARKE LARUE, II , DONALD
DEMPSEY, KRISTA N. CAMMACK,
BENJAMIN KOESTER, STUART
GLENN, KIMBERLY LOPEZ, ASHA
WEDEMIER-ALLAN, JOHN RINE,
SHANNON ELIZABETH MURPHY,
MARY J. WALTER, MICHAEL R.
D'LUGO, KRISTEN M. FIORE,
CAITLIN R. POLCARO, PAUL
IRVIN, ANDREW IRVIN, JOHN
FULLER, PETER MAGNANI, NAVY
FEDERAL CREDIT UNION, RLW
REALTY, LLC, THE LARUE FIRM
PLLC, DONALD DEMPSEY, P.A.,
LEWIS BRISBOIS BISGAARD &
SMITH LLP, IRVIN & IRVIN, PLLC,
WALTER APPEALS & GENERAL

**APP PAGE - 14**

LITIGATION, JERMAINE CARLOS
DIAZ, JULIYA STAR, MELISSA SUE
AMARAL, LOGAN WILSON,
ELIZABETH JEAN, DAVID
HUTCHINSON, LAUREN
BURROWS, CARRIE ANN
WOZNIAK, SHANNON RAMOS,
MASON LAW OFFICE, AKERMAN
LLP, WICKER SMITH O'HARA
MCCOY & FORD P.A., CHARLES T.
CANADY, JORGE LABARGA, JOHN
D. COURIEL, JAMIE R.
GROSSHANS, RENATHA FRANCIS,
CARLOS G. MUNIZ, MEREDITH L.
SASSO, CAROLINA ARGUELLO,
CHERRY JORDAN, DANA LUCAS
and ADDISON B. HICKS,

                    Defendants

_____

## ORDER

Before the Court is Plaintiff's Renewed Motion for U.S. Marshal's Service.

Doc. No. 18.    The Court denied a previous version of this motion without prejudice

because pursuant to Federal Rule of Civil Procedure 4(c)(3),[1]  given that Plaintiff is

---

[1] Federal Rule of Civil Procedure 4(c)(3) provides that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." "However, although Rule 4(c)(3) . . . gives the [c]ourt discretion to order the United States Marshal to serve civil process [in non-IFP and seaman cases], the Advisory Committee Notes state that [such] appointment . . . is generally proper when it is necessary to keep the peace." *Somerville v. Dep't of Health & Hum. Servs.*, No. 6:24-cv-2185-JSS-EJK, 2024 WL

not proceeding *in forma pauperis* or as a seaman, ordering service by the United States Marshal is discretionary.  Doc. No. 15; *see also* Doc. No. 7.  Moreover, Plaintiff failed to demonstrate why service by the United States Marshal would be necessary in this case given the other available avenues for Plaintiff to effect service, such as retaining a private process service or requesting that Defendants waive service.  *Id.*

Plaintiff's renewed motion is premised on his "concern for personal safety, fairness, and the appearance of impartiality in the administration of justice" because the named Defendants include a certain state court judge and other Defendants, and because the "complexity, volume, and sensitive nature of the claims, including constitutional violations and allegations of judicial misconduct, expose Plaintiff to potential retaliation or intimidation."  Doc. No. 18.  However, upon review, for the same reasons previously set forth, Doc. No. 15, Plaintiff has not established why service by the United States Marshal is necessary in this case, particularly where Plaintiff has not demonstrated that he has exhausted his options for service.  *See, e.g.*, *Daker v. Ward*, No. 7:20-CV-00113-HL-TQL, 2023 WL 3205329, at \*1 (M.D. Ga. May 2, 2023) ("In this case, Plaintiff is not proceeding IFP, and therefore the Court has discretion whether to order service by the USMS."); *Banks v. Bowman*, No. 2:16-

5090233, at \*1 (M.D. Fla. Dec. 12, 2024) (citing *Nappi v. Welcom Prods., Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at \*2 (M.D. Fla. May 19, 2014)).

cv-641-FtM-99MRM, 2016 WL 10879207, at *3 (M.D. Fla. Nov. 21, 2016) ("Since plaintiff is not otherwise entitled to service by the Marshal without cost, plaintiff must make his own arrangements for service of process, whether by private process server or a local Sheriff's Office to the party plaintiff seeks to serve."); *Mitchell v. Nat'l Football League*, No. 1:21-cv-02260-MHC-AJB, 2021 WL 12218174, at *3 (N.D. Ga. July 1, 2021) ("[A] private plaintiff requesting a discretionary Order directing service by the U.S. Marshal must first show that he is unable to effect service by other means provided under the Federal Rules." (citing *Rainey v. Ga. Dep't of Juvenile Justice*, No. 1:06-CV-1834-BBM, 2006 WL 8433760, at *1 (N.D. Ga. Sept. 25, 2006))).

Accordingly, the Renewed Motion (Doc. No. 18) is **DENIED**.   Plaintiff shall have **sixty (60) days** from the date of this Order to effect service of process on Defendants, and to file proof thereof.   Failure to comply will result in a recommendation that any non-served Defendant be dismissed from the case.   Fed. R. Civ. P. 4(m).

**DONE** and **ORDERED** in Orlando, Florida on July 7, 2025.

*Leslie Hoffman Price*

_____

**LESLIE HOFFMAN PRICE**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Unrepresented Parties

# APP #4

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RAYON PAYNE,
    Plaintiff,

V.                                          Case No.: 6:25-cv-00615-WWB-LHP

LISA T. MUNYON, ET AL
    Defendants

_____/

**PLAINTIFF'S MOTION FOR COURT-ORDERED DISCLOSURE BY BENCH AND PARTIES PURSUANT TO LOCAL RULE 3.01(a) AND CONSTITUTIONAL DUE PROCESS**

Plaintiff respectfully moves this Court, pursuant to Local Rule 3.01(a) and Federal Rule of Civil Procedure 7.1, for an order requiring full and immediate disclosure of any affiliations, conflicts of interest, or other relationships relevant to the impartiality of this proceeding — from both the bench and all parties — prior to service. This motion is necessary to preserve judicial neutrality and avoid the appearance of impropriety in accordance with federal procedural and constitutional requirements.

### BACKGROUND

1.  This action was filed on April 9, 2025, and accepted by the clerk of court. A presiding district judge and magistrate judge have been assigned, and preliminary orders have been entered. While service has not yet occurred, Plaintiff's claims involve serious constitutional violations and due process concerns implicating multiple branches of the Florida state judiciary, including the Florida Supreme Court order attached, to Plaintiff Supplemental Motion for

**APP PAGE - 20**

Disclosure filed on April 16, 2025, and subsequent Amended Complaint filed on April 17, 2025, at docket #11 and #12.

2. Plaintiff now seeks a pre-service disclosure order requiring transparency from all participants in this case, including the bench, based on potential institutional entanglements and prior affiliations that may raise impartiality questions.

## MEMORANDUM OF LAW

### A. Legal Authority for Disclosure

3. Federal Rule of Civil Procedure 7.1 requires parties to disclose affiliations and interests that might affect the court's impartiality, even before a responsive pleading is filed. Rule 7.1 was designed to promote transparency and ensure judges are aware of potential conflicts early in the case. Courts often require disclosure before appearances are entered.

4. 28 U.S.C. § 455(a) mandates that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This duty is not contingent on formal party appearances — it attaches the moment judicial authority is exercised. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 865 (1988) (failure to disclose a known conflict undermines public confidence in the judicial process).

5. Local Rule 3.01(a) requires every motion to include a concise statement of relief, the legal basis, and a supporting memorandum. Plaintiff complies by raising a procedural and constitutional right to disclosures where judicial neutrality is reasonably in question.

2

**APP PAGE - 21**

## B. Due Process and the Supremacy Clause

6. The Due Process Clause guarantees the right to a neutral and detached tribunal. <u>Caperton v. A.T. Massey Coal Co.</u>, 556 U.S. 868, 884 (2009) held that due process is violated where a judge's relationship to a party creates a "serious risk of actual bias." Plaintiff's complaint alleges involvement of Florida state judges and justices with prior institutional ties to lower courts and actors involved in this matter.

7. The Supremacy Clause (U.S. Const. art. VI, cl. 2) mandates that federal constitutional protections override any conflicting state judicial conduct. Where impartiality is in question and potential violations of federal rights are at stake, the federal court must ensure that procedural fairness is guaranteed from the outset.

## C. Judicial Practice

8. It is well established that federal courts — including this district — routinely issue pretrial disclosure orders before service is complete. These orders, often titled "Interested Persons Order" or "Disclosure Statement Requirement," direct all parties to identify related cases, affiliations, or any individuals with a financial or professional interest in the litigation. See also Middle District of Florida Civil Case Management Handbook "*Attorneys are responsible for complying with the provisions of Rule 26 (link is external)(a), Federal Rules of Civil Procedure (link is external), regarding required disclosures unless modified by Court order or Local Rule.*"

3

## ARGUMENT

### A. The Motion Is Not Premature — It Is Constitutionally Necessary

9.  TThe Court previously labeled Plaintiff's disclosure motion as "premature" because no defendant had been served. Respectfully, that rationale does not align with the Federal Rules of Civil Procedure, binding constitutional precedent, or this Court's own standard practices.

10. Furthermore, once a complaint is accepted and judicial management begins — including rulings on motions, referrals to a magistrate, or procedural scheduling — the Court is expected to ensure the neutrality and impartiality of its proceedings. This expectation exists independently of whether defendants have been served or appeared. *See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 865 (1988)* ("The Court must guard against even the appearance of bias to maintain public confidence in the judiciary."). Disclosure is therefore a necessary prerequisite to protect the structural integrity of the proceedings.

11. Moreover, the Court's characterization of Plaintiff's disclosure request as "premature" risks conveying an appearance of condescension toward Plaintiff's position. This framing minimizes the constitutional seriousness of the request, which is rooted not in speculation but in established principles of due process and the Supremacy Clause. The motion is timely, justified, and vital to ensuring public trust in the fairness of these proceedings.

**APP PAGE - 23**

Case 6:25-cv-00615-ACM-LHP    Document 20-1    Filed 08/04/25    Page 25 of 41 PageID 578
Case 6:25-cv-00615-WWB-LHP    Document 16-1    Filed 04/18/25    Page 5 of 8 PageID 376
USCA11 Case: 25-12566    Document: 1-2    Date Filed: 07/29/2025    Page: 43 of 59

12. This motion is not a discovery demand. It is a preliminary safeguard to ensure that:

    a) Judges assigned to this matter have no prior entanglements with any party, event, or individual identified in the complaint;

    b) The bench is neutral before it begins to adjudicate substantive or procedural issues;

    c) And the parties are transparent about their affiliations at the outset, consistent with Rule 7.1(a) and 28 U.S.C. § 455.

13. As the U.S. Supreme Court held in Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 884 (2009), due process is violated "when a judge's interest poses a serious risk of actual bias" — even if the judge believes they can be fair. The inquiry is objective, not subjective.

## B. Federal Rules and Judicial Custom Require Disclosure Before Service

14. Rule 7.1(a)(1) requires disclosure "with its first appearance, pleading, petition, motion, response, or other request addressed to the court." That applies to both parties and intervenors — and by extension, the court itself must avoid presiding over matters that involve conflicts of interest from the start.

15. Moreover, the Middle District of Florida routinely issues pre-service disclosure orders in civil cases. These orders require both parties and judges to disclose:

    a) Related cases,

    b) Affiliated parties,

    c) And any interest-bearing individuals or entities that could influence the outcome.

**APP PAGE - 24**

16. Plaintiff is simply seeking the same standard, applied consistently and early —
especially critical here, where the claims center on alleged judicial violations of
constitutional law by officers of the highest court in the state.

## C. The Bench Itself Is Subject to Scrutiny in This Case

17. Because Plaintiff has named five sitting Florida Supreme Court justices as
defendants in this action and has raised claims under the Supremacy Clause and
due process, the neutrality of the federal forum must be beyond question. See
Docet #12 (Amended Complaint - Exhibit R.)

18. Plaintiff is not speculating about possible entanglements — the complaint details
prior affiliations involving judges, circuits, and administrative bodies that fall within
overlapping judicial domains. Where a judge "has a prior relationship with the
subject matter or parties that would create reasonable doubt as to impartiality,"
disclosure and/or recusal is required. See United States v. Bremers, 195 F.3d
221, 226 (5th Cir. 1999); In re Kensington Int'l Ltd., 368 F.3d 289, 303–04 (3d Cir.
2004).

## D. Contextual Consistency with Prior Proceedings

19. The necessity for early judicial and party disclosure is underscored by this
Court's own prior actions in a closely related case. In Payne v. Diaz et al, Case
No. 6:25-cv-00106-JSS-DCI, which included some of the same defendants
named in this action—namely Mr. Diaz, Mr. LaRue, and Irvin's—the Court issued
a disclosure order before the case substantively proceeded. This was done **Sua
Sponte** and aligned with Local Rule 3.03 and Federal Rule of Civil Procedure
7.1. The practice of early disclosure in that matter illustrates the Court's

**APP PAGE - 25**

Case 6:25-cv-00615-ACM-LHP   Document 26-1   Filed 08/04/25   Page 27 of 41 PageID 580
Case 6:25-cv-00615-WWB-LHP   Document 16-1   Filed 04/18/25   Page 7 of 8 PageID 174
USCA11 Case: 25-12566   Document: 1-2   Date Filed: 07/29/2025   Page: 45 of 59

understanding of the value of disclosure in protecting the integrity of the proceedings.

20. Given that this case involves a broader and more complex web of judicial and institutional interests—alongside significantly elevated constitutional implications—the denial of a similar disclosure order here, labeling it as "premature," is inconsistent with the Court's own precedent.

21. This motion is not a procedural detour — it is a constitutional necessity. It ensures that this Court, before adjudicating any matter, satisfies the "appearance of justice" standard the U.S. Supreme Court has long required. See Offutt v. United States, 348 U.S. 11, 14 (1954) ("Justice must satisfy the appearance of justice.")

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court issue an order requiring:

a. All judicial officers assigned to this matter to disclose any professional, administrative, or personal affiliations that may give rise to a conflict or appearance of bias;

b. All parties, upon service, to file disclosures consistent with Rule 7.1 within fourteen (14) days of appearance, including identification of affiliated individuals, institutions, or related cases with a bearing on this matter.

**APP PAGE - 26**

Case 6:25-cv-00615-ACME-LHP    Document 20-1    Filed 08/04/25    Page 8 of 8 PageID 581
Case 6:25-cv-00615-WWB-LHP    Document 46    Filed 04/18/25    Page 28 of 41 PageID
175
USCA11 Case: 25-12566    Document: 1-2    Date Filed: 07/29/2025    Page: 46 of 59

## CERTIFICATE OF SERVICE

I, Plaintiff hereby certify that at the time of filing the accompanying motion, no Defendant in this matter has been served with process or appeared in this action. Accordingly, service of the motion upon any party is not presently required. Plaintiff affirms that upon completion of formal service of process and as each Defendant is served.


Date: 4/18/2025

Respectfully submitted,
/s/ Rayon Payne

_____

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

**APP PAGE - 27**

# APP #5

Case 6:25-cv-00615-AGM-LHP    Document 29-1    Filed 08/04/25    Page 30 of 41 PageID 263
Case 6:25-cv-00615-WWB-LHP    Document 3-1    Filed 04/10/25    Page 1 of 4 PageID 265
USCA11 Case: 25-12566    Document: 1-2    Date Filed: 07/29/2025    Page: 48 of 59

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYON PAYNE,
    Plaintiff,

V.                               Case No.: 6:25-cv-00615-WWB-LHP

LISA T. MUNYON, ET AL
    Defendants

_____/

## MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN CONTINUING STATE COURT PROCEEDINGS

Plaintiff, Rayon Payne, respectfully moves this Court for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, seeking to pause all proceedings in the Florida Sixth District Court of Appeal that relate to the constitutional violations detailed in the Complaint now before this Court.

### Background

Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983, asserting violations of the First, Fifth, and Fourteenth Amendments. The case presents extensive allegations of judicial misconduct, due process violations, and systemic constitutional injury across Florida's state court system, now culminating in federal court.

Despite the severity of these allegations and a live petition pending before the Florida Supreme Court, the Florida Sixth District Court of Appeal has continued adjudicating matters related to the very issues now before this Court.

1

**APP PAGE - 29**

## Proceedings to Be Enjoined

This motion seeks to enjoin further judicial activity in the following Florida Sixth District Court

of Appeal cases:

- 6D2025-0215
- 6D2025-0261
- 6D2025-0386
- 6D2025-0387
- 6D2025-0388
- 6D2025-0417

These cases stem from or directly involve the conduct, parties, and underlying constitutional

violations now detailed in this federal action.

## Ongoing Harm

If these appellate matters continue, Plaintiff will suffer irreparable harm from the continued

enforcement or reinforcement of rulings obtained through unconstitutional means. Several of

these cases involve disputed disqualifications, defaults, procedural irregularities, and judicial

conflicts that are actively compounding the harm already outlined in the Complaint.

## Respect for State Court Jurisdiction

Plaintiff is not seeking to interfere with the Florida Supreme Court's pending review. This

motion asks only that proceedings below that Court—specifically, within the Sixth District Court

of Appeal—be paused to prevent further constitutional damage while this Court considers the

claims raised in this action.

APP PAGE - 30

## Grounds for Injunctive Relief

To obtain a preliminary injunction, Plaintiff must show:

(a) Likelihood of Success on the Merits

Plaintiff has presented a detailed record showing systemic violations of constitutional rights, involving multiple judges and attorneys across various Florida courts. The complaint cites due process denials, conflict-laden representation, judicial bias, and coordinated appellate suppression. These facts support a strong likelihood of success under 42 U.S.C. § 1983.

(b) Irreparable Harm

Without this injunction, Plaintiff faces continued harm through enforcement of unconstitutional orders, ongoing litigation deadlines, and the erosion of legal remedies—harm that cannot be corrected by money damages alone.

(c) Balance of Equities

Granting this injunction maintains the status quo and prevents further procedural injury. Defendants suffer no legal harm from a temporary pause, especially where multiple appellate decisions have already been rendered without addressing the constitutional core of the dispute.

(d) Public Interest

The public has a strong interest in the protection of constitutional rights and in ensuring that court systems are not used to perpetuate injustice. Allowing proceedings that may be rooted in judicial misconduct to continue unimpeded undermines public confidence and the integrity of the justice system.

**APP PAGE - 31**

Case 6:25-cv-00615-WWB-LHP   Document 3-1   Filed 04/10/25   Page 4 of 4 PageID 268
Case 6:25-cv-00615-AGM-LHP   Document 29-1   Filed 08/04/25   Page 33 of 41 PageID 780
USCA11 Case: 25-12566   Document: 1-2   Date Filed: 07/29/2025   Page: 51 of 59

WHEREFORE Plaintiff respectfully asks this Court to:

1. Enjoin all activity in the above-listed Florida Sixth District Court of Appeal cases;

2. Stay any enforcement, rulings, or deadlines in those matters while this federal case is pending; and

3. Grant any additional relief deemed just and proper by the Court.

## CERTIFICATE OF SERVICE

I, Plaintiff hereby certify that at the time of filing the accompanying motion, no Defendant in this matter has been served with process or appeared in this action. Accordingly, service of the motion upon any party is not presently required. Plaintiff affirms that upon completion of formal service of process and as each Defendant is served and/or appears in this action, a copy of any filed motion or relevant pleading will be promptly served upon said party in accordance with Rule 5 of the Federal Rules of Civil Procedure.

Date: 4/9/2025

Respectfully submitted,

/s/ Rayon Payne

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

4

**APP PAGE - 32**

# APP #6

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## SIXTH DISTRICT

July 9, 2025

RAYON PAYNE,
           APPELLANT

V.

ERIC PARKE LARUE, II, THE LARUE
FIRM, PLLC, DONALD LEWIS
DEMPSEY, II, DONALD L. DEMPSEY,
P. A. AND JERMAINE CARLOS DIAZ
A/K/A YOUNG LACE,
           APPELLEES.

**CASE NO.: 6D2025-0215**
L.T. NO.: 2024-CA-007719

## BY ORDER OF THE COURT:

Within twenty days from the date of this order, Appellant shall serve an initial brief or, alternatively, file a response that shows cause why this appeal should not be dismissed for failing to timely serve an initial brief. If Appellant fails to timely comply with this order, this case may be dismissed without further notice or opportunity to be heard. Fla. R. App. P. 9.410.

I hereby certify that the foregoing is a true copy of the original court order.

6D2025-0215 July 9, 2025

Stacey Pectol
Clerk

cc:
ORANGE CLERK
DONALD LEWIS DEMPSEY, II
JERMAINE CARLOS DIAZ

ERIC PARKE LARUE, II
RAYON PAYNE

**APP PAGE - 34**

# MANDATE

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## SIXTH DISTRICT

WHEREAS an opinion or dispositive order has issued following this Court's due consideration of the cause brought before it by appeal or by petition, this Court

HEREBY COMMANDS YOU to conduct further proceedings, if applicable, in accordance with this Court's ruling and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Dan Traver, Chief Judge of the District Court of Appeal of the State of Florida, Sixth District, and the seal of said Court at Lakeland, Florida on this day.

DATE:                      May 13, 2025
DATE OF DISPOSITION:       April 22, 2025
CASE NO.:                  6D2025-0417
COUNTY OF ORIGIN:          Orange County
L.T. CASE NO.:             2024-CA-007719
CASE STYLE:                RAYON PAYNE, Petitioner
                           v.

                           ERIC PARKE LARUE, II, THE LARUE FIRM, PLLC,
                           DONALD LEWIS DEMPSEY, II, DONALD L.
                           DEMPSEY, P. A. AND JERMAINE CARLOS DIAZ
                           A/K/A YOUNG LACE, Respondents.

Stacey Pectol
Clerk

Mandate and opinion, if any, to follow to:    Orange Clerk

cc:
Hon. Luis Fernando Calderon
Orange Clerk
Donald Lewis Dempsey, Ii
Jermaine Carlos Diaz
Eric Parke Larue, Ii
Rayon Payne

**APP PAGE - 35**

# MANDATE

### DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### SIXTH DISTRICT

WHEREAS an opinion or dispositive order has issued following this Court's due consideration of the cause brought before it by appeal or by petition, this Court

HEREBY COMMANDS YOU to conduct further proceedings, if applicable, in accordance with this Court's ruling and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Dan Traver, Chief Judge of the District Court of Appeal of the State of Florida, Sixth District, and the seal of said Court at Lakeland, Florida on this day.

DATE:                         June 25, 2025
DATE OF DISPOSITION:          June 9, 2025
CASE NO.:                     6D2025-0261
COUNTY OF ORIGIN:             Orange County
L.T. CASE NO.:                2024-CA-007880
CASE STYLE:                   RAYON PAYNE, Appellant
                              v. JULIYA STAR, SHANNON RAMOS f/k/a
                              SHANNON MASON, MASON LAW OFFICE, P.C.,
                              JOHN AUSTIN RINE, SHANNON ELIZABETH
                              MURPHY, and LEWIS BRISBOIS BISGAARD &
                              SMITH, LLP, Appellees.

6D2025-0261 June 25, 2025

Stacey Pectol
Clerk

Mandate and opinion, if any, to follow to:    Orange Clerk

cc:
Orange Clerk
Shannon Elizabeth Murphy
Rayon Payne
Caitlin Polcaro
John Austin Rine
Juliya Star

**APP PAGE - 36**

# MANDATE

### DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### SIXTH DISTRICT

WHEREAS an opinion or dispositive order has issued following this Court's due consideration of the cause brought before it by appeal or by petition, this Court

HEREBY COMMANDS YOU to conduct further proceedings, if applicable, in accordance with this Court's ruling and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Dan Traver, Chief Judge of the District Court of Appeal of the State of Florida, Sixth District, and the seal of said Court at Lakeland, Florida on this day.

DATE:                       July 8, 2025
DATE OF DISPOSITION:        June 19, 2025
CASE NO.:                   6D2025-0386
COUNTY OF ORIGIN:           Orange County
L.T. CASE NO.:              2024-CA-007540
CASE STYLE:                 RAYON PAYNE, Appellant
                            v.
                            JULIYA STAR, SHANNON RAMOS f/k/a
                            SHANNON MASON, MASON LAW OFFICE, P.C.,
                            JOHN AUSTIN RINE, SHANNON ELIZABETH
                            MURPHY, and LEWIS BRISBOIS BISGAARD &
                            SMITH, LLP, Appellees.

Stacey Pectol
Clerk

Mandate and opinion, if any, to follow to:    Orange Clerk

cc:
Orange Clerk
Hon. Michael Deen
Shannon Elizabeth Murphy
Rayon Payne
John Austin Rine
Juliya Star

**APP PAGE - 37**

# MANDATE

### DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### SIXTH DISTRICT

WHEREAS an opinion or dispositive order has issued following this Court's due consideration of the cause brought before it by appeal or by petition, this Court

HEREBY COMMANDS YOU to conduct further proceedings, if applicable, in accordance with this Court's ruling and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Dan Traver, Chief Judge of the District Court of Appeal of the State of Florida, Sixth District, and the seal of said Court at Lakeland, Florida on this day.

DATE:                        May 19, 2025
DATE OF DISPOSITION:         May 1, 2025
CASE NO.:                    6D2025-0387
COUNTY OF ORIGIN:            Orange County
L.T. CASE NO.:               2024-CA-009448
CASE STYLE:                  RAYON PAYNE,
                                        Appellant

                             v.

                             MELISSA SUE AMARAL, RLW REALTY, LLC,
                             LOGAN WILSON, ELIZABETH JEAN, and
                             UNKNOWN TENANT(S),
                                        Appellees.

Stacey Pectol
Clerk

Mandate and opinion, if any, to follow to:    Orange Clerk

**APP PAGE - 38**

cc:
Krista Nicole Cammack
Orange Clerk
Michael Ross D'lugo
James Stuart Glenn
Benjamin Michael Koester
Rayon Payne
Hon. Patricia L. Strowbridge
Mary Walter

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## SIXTH DISTRICT

July 18, 2025

RAYON PAYNE,
            APPELLANT,

**CASE NO.: 6D2025-0388**
L.T. NO.: 2024-CA-010589

V.

NAVY FEDERAL CREDIT UNION,
            APPELLEE.

**BY ORDER OF THE COURT:**

    Because Appellant failed to comply with this Court's order docketed June 12, 2025, this case is dismissed.

    I hereby certify that the foregoing is a true copy of the original court order.

6D2025-0388 July 18, 2025

Stacey Pectol
Clerk

cc:

FSC CLERK
ORANGE CLERK
KRISTEN MARIE FIORE
KIMBERLY ANNE LOPEZ
RAYON PAYNE
ASHA MICHELLE WEDEMIER-ALLAN

**APP PAGE - 40**