# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

| | |
|---|---|
| David J. Smith<br>Clerk of Court | For rules and forms visit<br>www.ca11.uscourts.gov |

November 17, 2025

Rayon Payne
8815 CONROY WINDERMERE RD STE 208
ORLANDO, FL 32835

Appeal Number: 25-12566-H
Case Style: In re: Rayon Payne
District Court Docket No: 6:25-cv-00615-WWB-LHP

The enclosed order has been ENTERED.

Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of fourteen (14) days from this date, this petition will be dismissed by the clerk without further notice unless the docketing fee is paid to the clerk of this court.

Electronic Filing

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

MOT-2 Notice of Court Action

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12566

_____

In re: RAYON PAYNE,

                                                                 *Petitioner.*

_____

On Petition for Writ of Mandamus to the
United States District Court for the
Middle District of Florida
D.C. Docket No. 6:25-cv-00615-WWB-LHP

_____

ORDER:

      Rayon Payne, proceeding pro se, petitions this Court for a writ of mandamus arising out of his civil proceedings in the U.S. District Court for the Middle District of Florida. He also has filed a motion for leave to proceed in forma pauperis ("IFP"). In his petition, Payne asserts that the district court has unreasonably delayed in ruling on a motion he filed for disclosure of conflicts of

2                        Order of the Court                        25-12566

interest. He also asks this Court to direct the district court to vacate any orders it issued after this Court sent Payne a letter dated May 20, 2025. He argues that the district court lacked jurisdiction to issue those orders.

Payne seeks to file his mandamus petition IFP pursuant to 28 U.S.C. § 1915(a). Section 1915(a) provides that a United States court may authorize the commencement of any proceeding, without prepayment of fees, by a person who submits an affidavit that includes a statement of assets that he possesses and indicates that he is unable to pay such fees. This Court, however, may dismiss an action at any time if it determines that the allegation of poverty is untrue, or if the action or appeal is frivolous. 28 U.S.C. § 1915(e)(2). Assuming without deciding that Payne has satisfied the poverty requirement, his IFP motion is nevertheless due to be denied, as his mandamus petition is frivolous.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997) (quoting *In re Temple*, 851 F.2d 1269, 1271 (11th Cir. 1988)); *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017). Mandamus may be used to direct a district court to decide a pending case when there has been unreasonable delay in rendering a decision. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (persuasive authority holding that a 14-month delay in ruling on a 28 U.S.C. § 2241 petition for no reason other than docket congestion was impermissible).

25-12566              Order of the Court              3

Mandamus may not be "used as a substitute for appeal, or to control decisions of the [district] court in discretionary matters." *Jackson*, 130 F.3d at 1004 (quoting *In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975)). When an alternative remedy exists, even if it is unlikely to provide relief, mandamus relief is not proper. *See Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1298 (11th Cir. 2004). The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989).

A litigant is entitled to appeal from all final decisions of a district court to a court of appeals. 28 U.S.C. § 1291. An appeal from a final judgment brings up all preceding non-final orders. *Kirkland v. Nat'l Mortg. Network, Inc.*, 884 F.2d 1367, 1369-70 (11th Cir. 1989).

Here, Payne's mandamus petition is frivolous. As to Payne's request that this Court order the district court to rule on his motion for disclosures filed on April 18, 2025, Payne has not set forth a non-frivolous claim of unreasonable delay by the district court. As to Payne's request that this Court direct the district court to vacate any orders it issued after this Court's May 20 letter, he has the adequate alternative remedy of raising his argument that the district court did not have jurisdiction to so rule in an appeal if the district court enters a final judgment against him.

4            Order of the Court            25-12566

Accordingly, Payne's motion to proceed IFP is **DENIED**.

/s/ Kevin C. Newsom
UNITED STATES CIRCUIT JUDGE